UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-CV-24299

MARIA ELENA CHAVEZ LETONA,

    Plaintiff,

vs.

AMOR DE JESUS CORP,
SWEET LIVING FACILITY INC.,
JOSE MACHADO,
ZELMIRA QUINONEZ, AND
AMINTA QUINONEZ,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Maria Elena Chavez Letona, sues Defendants, Amor de Jesus, Corp., Sweet Living Facility Inc., Jose Machado, Zelmira Quiones, and Aminta Quiones, as follows:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Maria Elena Chavez Letona**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2. **Defendant, Amor de Jesus, Corp.,** is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit assisted living facility business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

3. **Defendant, Sweet Living Facility Inc.,** is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit assisted living facility business in Miami-Dade County, Florida, at all times material, where it maintains its

principal place of business.

4. **Defendant, Jose Machado,** was at all times material an owner/officer/director/manager of the corporate Defendants for the time period relevant to this lawsuit. He ran its day-to-day operations, was responsible for all operational decisions, was partially or totally responsible for paying Plaintiff's wages.

5. **Defendant, Zelmira Quinonez,** was at all times material an owner/officer/director/manager of the corporate Defendants for the time period relevant to this lawsuit. She ran its day-to-day operations, was responsible for all operational decisions, was partially or totally responsible for paying Plaintiff's wages.

6. **Defendant, Aminta Quinonez,** was at all times material an owner/officer/director/manager of the corporate Defendants for the time period relevant to this lawsuit. She ran its day-to-day operations, was responsible for all operational decisions, was partially or totally responsible for paying Plaintiff's wages.

7. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, *et seq.*, and pendent/supplemental jurisdiction over Plaintiff's related Florida state law claim.

8. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants maintained their principal places of business in this District, because Plaintiff worked and was due to be paid in this District, and because most if not all of the operational decisions were made in this District.

9. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

2

10. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## **COUNT I – FLSA MINIMUM WAGE VIOLATION(S)**

Plaintiff, Maria Elena Chavez Letona, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

11. Defendants were Plaintiff's direct employers, joint employers, and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

12. Defendants regularly employed two or more employees for the relevant time that handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

13. Defendants have been at all times material engaged in interstate commerce in the course of their provision of care and services which, traditionally, cannot be performed without using goods, materials, medication, supplies, and equipment that have all moved through interstate commerce.

14. Furthermore, Defendants engage in interstate commerce in the course of their regular and recurrent submission of billings and receipt of payment involving out-of-state medical payors.

15. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period and/or $125,000 for each relevant fiscal quarter.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

16. In particular, Defendants own and operate at least one group home facility that that provides sub-acute care to the elderly and/or infirmed who require only general treatment and/or observation of a less critical nature than provided by a hospital.

17. Defendants' group home facility is an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises and so, by definition, is subject to enterprise coverage under 29 U.S.C. § 203(s)(1)(B).

18. Defendants regularly and routinely utilize computers, software, medical equipment and supplies, telephones, phone systems, and other materials and supplies to engage in interstate commerce.

19. Defendants regularly and recurrently obtained, solicited, exchanged, and sent funds to and from outside of the State of Florida, regularly and recurrently used telephonic transmissions going outside of the State of Florida to conduct business, and regularly and recurrently transmitted electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of their business.

20. Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e) and Fla. Stat. §440.110.

21. Plaintiff was a non-exempt employee of Defendants.

22. Plaintiff consents to participate in this lawsuit.

23. Defendants hired Plaintiff to work for them as a health assistant, pursuant to which she utilized cleaning supplies that traveled in interstate commerce, washed clothing using detergents that traveled in interstate commerce, bathed patients using personal hygiene products that traveled in interstate commerce, and cooked for patients using foods, materials, and supplies that traveled in interstate commerce.

4

24. As a domestic service employee working for Defendants, Plaintiff was entitled to the protections of the FLSA pursuant to 29 C.F.R. §552.100.

25. Plaintiff worked for Defendants from about 2020 to August 8, 2023.

26. Defendants paid Plaintiff at a rate of $80.00 per day.

27. To the extent that records exist regarding the exact dates of Plaintiff's employment, such records are believed to be in the exclusive custody of Defendants.

28. Defendants coordinated all job-related activities of Plaintiff, including coordinating her work schedule between the two group homes (ALF's) owned and operated by the Defendants.

29. Defendants supervised and controlled Plaintiff's work.

30. Defendants failed and refused to pay Plaintiff at least the federal minimum wage of $7.25 per hour for each of the hours that she worked by paying her at a day rate, either in cash or by Zelle/Venmo, and that did not consider the hours that she worked.

31. Plaintiff estimates that she is owed as follows for her claim for unpaid minimum wages under the FLSA:

| Year | Min. Wage | Wage Paid | Fla. MW Difference | Days worked | Hours/Day | Fla. MW Owed |
|---|---|---|---|---|---|---|
| Jan. 1, 2020 | $7.25 | $4.53 | $2.72 | 132 | 17 | $6,103.68 |
| Jan. 1, 2021 | $7.25 | $4.53 | $2.72 | 234 | 17 | $10,820.16 |
| Sept. 30, 2021 | $7.25 | $4.53 | $2.72 | 312 | 17 | $14,426.88 |
| Sept. 30, 2022 | $7.25 | $4.53 | $2.72 | 264 | 17 | $12,207.36 |

32. Defendants willfully and intentionally refused to pay Plaintiff at least the federal minimum wage of $7.25 per hour for each of the hours she worked during the three years before the filing of the initial Complaint.

33. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff at least the federal minimum wage for all of the hours she worked during the relevant time period

5

violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay her at least the federal minimum wage by misclassifying her as an independent contractor instead of as an employee, by failing to post the required notice(s) regarding minimum wage and overtime pay, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the minimum wage pay she earned.

34.  Plaintiff is entitled to a backpay award for the difference between the hourly pay she received and the federal minimum wage for all of the hours worked during the three years prior to the filing of the initial Complaint, plus an equal amount as a liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Maria Elena Chavez Letona, demands the entry of a judgment in Plaintiff's favor and against Defendants, Amor de Jesus, Corp., Sweet Living Facility Inc., Jose Machado, Zelmira Quiones, and Aminta Quiones, jointly and severally, after trial by jury and as follows:

a. That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recover pre-judgment interest on all unpaid minimum wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

6

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

## COUNT II – VIOLATION OF THE FMWA

Plaintiff, Maria Elena Chavez Letona, reincorporates and re-alleges paragraphs 1 through 10 as though set forth fully herein and further alleges as follows:

35. The Florida Constitution provides that, "All working Floridians are entitled to be paid a minimum wage that is sufficient to provide a decent and healthy life for them and their families, that protects their employers from unfair low-wage competition, and that does not force them to rely on taxpayer-funded public services in order to avoid economic hardship. Fla. Const., Art. X, §24(a).

36. Defendants paid Plaintiff less than the Minimum Wage required by Florida law, after considering the hours that she estimates to have worked against the $80/day she received:

| Year | Min. Wage | Wage Paid | Fla. MW Difference | Days worked | Hours/Day | Fla. MW Owed |
|---|---|---|---|---|---|---|
| Jan. 1, 2020 | $8.56 | $4.53 | $4.03 | 132 | 17 | $9,043.32 |
| Jan. 1, 2021 | $8.65 | $4.53 | $4.12 | 234 | 17 | $16,389.36 |
| Sept. 30, 2021 | $10.00 | $4.53 | $5.47 | 312 | 17 | $29,012.88 |
| Sept. 30, 2022 | $11.00 | $4.53 | $6.47 | 264 | 17 | $29,037.36 |

37. Defendants willfully and intentionally refused to pay Plaintiff even a minimum wage for all of the hours worked during her employment due to the conduct described above.

7

38. Defendants either knew from prior experience or recklessly failed to investigate whether their failure to pay Plaintiff a minimum wage for each of the hours worked during her employment violated the Florida Minimum Wage Act and then failed to timely correct their violation.

39. Under the FMWA, Plaintiff is entitled to a back pay award of her underpaid/unpaid minimum wages for all hours worked, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

40. Before initiating this lawsuit, Plaintiff served the Defendants with a demand letter in compliance with Fla. Stat. §448.110, but the Defendants did not pay the amount demanded or otherwise attempt to resolve this matter to her satisfaction, instead denying all liability.

WHEREFORE Plaintiff, Maria Elena Chavez Letona, demands the entry of a judgment in her favor and against Defendants, Amor de Jesus, Corp., Sweet Living Facility Inc., Jose Machado, Zelmira Quiones, and Aminta Quiones, jointly and severally after trial by jury, as follows:

  a. That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in Fla. Stat. §440.110 and Art. X, Sec. 24, Fla. Const.;

  b. That Plaintiff recover pre-judgment interest on all unpaid minimum wages if the Court does not award liquidated damages;

  c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FMWA;

  d. That Plaintiff recover all interest allowed by law;

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

    e.    That Defendants be Ordered to make Plaintiff whole by providing appropriate minimum pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    f.    That the Court declare Defendants to be in willful violation of the FMWA; and

    g.    Such other and further relief as the Court deems just and proper.

## COUNT III - FLSA OVERTIME WAGE VIOLATION(S)

Plaintiff, Maria Elena Chavez Letona, reincorporates and re-alleges paragraphs 1 through 30 as though set forth fully herein and further alleges as follows:

41. Plaintiff regularly and routinely worked more than 40 hours in a workweek for Defendants.

42. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half times the greater of Plaintiff's regular hourly rate(s) of pay or the applicable Florida Minimum Wage for all of the hours worked beyond 40 hours in a given workweek.

43. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times the greater of Plaintiff's regular hourly rate(s) of pay or the applicable Florida Minimum Wage for each of the overtime hours worked during the relevant time period.

44. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours worked during the relevant period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay an overtime rate by misclassifying and paying her without a paycheck, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the overtime pay earned.

45. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours worked, plus an equal amount as a liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Maria Elena Chavez Letona, demands the entry of a judgment in Plaintiff's favor and against Defendants, Amor de Jesus, Corp., Sweet Living Facility Inc., Jose Machado, Zelmira Quiones, and Aminta Quiones, jointly and severally after trial by jury, and as follows:

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

10

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

## **DEMAND FOR JURY TRIAL**

Plaintiff, Maria Elena Chavez Letona, demands a trial by jury of all issues so triable.

Respectfully submitted this 9th day of November 2023,

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:     305.230.4884
*Counsel for Plaintiff*
