UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MARIA ELENA
CHAVEZ LETONA,
    Plaintiff,
v.

CASE NO.: 23-CV-24299

AMOR DE JESUS
CORP., et al.,
    Defendants.
_____/

### JOINT ANSWER & DEFENSES OF THE DEFENDANTS AMOR DE JESUS CORP., SWEET LIVING FACILITY, LLC, JOSE MACHADO, AMINTA QUINONEZ, AND ZELMIRA QUINONEZ

**COME NOW**, the Defendants Amor De Jesus Corp., ("ADJ Corp") and Sweet Living Facility, LLC ("Sweet Living") and Jose Machado ("Mr. Machado") and Zelmira Quinonez ("Z. Quinonez") and Aminta Quinonez ("A. Quinonez") (collectively, "Defendants") by and through the undersigned counsel, and in defense of the Plaintiff, Maria Elena Chavez Letona ("Plaintiff")'s Complaint, answer as follows:

### PARTIES, JURISDICTIONS, AND VENUE

1. The allegations in ¶ 1 are admitted.

2. The allegations in ¶ 2 are admitted to the extent that they allege formation as a for-profit business, denied in all other material respects.

3. The allegations in ¶ 3 are admitted to the extent that they allege formation as a for-profit business, denied in all other material respects.

4. The allegations in ¶ 4 are denied to the extent that Jose Machado ran the day-to-day operations.

5. The allegations in ¶ 5 are denied to the extent that Zelmira Quinonez ran the day-to-day operations.

1

6. The allegations in ¶ 6 are denied to the extent that Aminta Quinonez ran the day to day operations.

7. The allegations in ¶ 7 are admitted to the extent that they admit federal question and pendant jurisdiction, but denied to the extent they encompass jurisdictional questions under the FLSA.

8. The allegations in ¶ 8 are admitted to the extent that they assert venue in the Southern District of Florida but denied in all other material respects.

9. The allegations in ¶ 9 are denied.

10. The allegations in ¶ 10 are denied.

## COUNT I – FLSA MINIMUM WAGE VIOLATIONS

11. The allegations in ¶ 11 are denied.

12. The allegations in ¶ 12 are denied.

13. The allegations in ¶ 13 are denied.

14. The allegations in ¶ 14 are denied.

15. The allegations in ¶ 15 are denied.

16. The allegations in ¶ 16 are denied.

17. The allegations in ¶ 17 are denied.

18. The allegations in ¶ 18 are denied.

19. The allegations in ¶ 19 are admitted.

20. The allegations in ¶ 20 are denied.

21. The allegations in ¶ 21 are denied.

22. Defendants lack knowledge to admit or deny the allegations in ¶ 22.

23. The allegations in ¶ 23 are admitted to the extent that they alleged Plaintiff was paid by the corporate defendant(s) to engage in tasks as a health assistant, denied in all other material respects.

24. The allegations in ¶ 24 are denied.

25. The allegations in ¶ 25 are denied to the extent that they allege "employment" status, or state or imply any scheduled or full-time work but are admitted to the extent that they allege services for pay on a limited basis during the applicable period.

26. The allegations in ¶ 26 are denied.

27. The allegations in ¶ 27 are denied.

28. The allegations in ¶ 28 are denied.

29. The allegations in ¶ 29 are denied to the extent that they allege supervision of work to the degree associated with an employment relationship.

30. The allegations in ¶ 30 are denied.

31. The allegations in ¶ 31 are denied.

32. The allegations in ¶ 32 are denied.

33. The allegations in ¶ 33 are denied.

34. The allegations in ¶ 43 are denied, including the "WHEREFORE" clause, subparts (a) – (g).

## COUNT II – VIOLATION OF THE FMWA

35. The allegations in ¶ 35 are admitted to the extent that the Florida Constitution text speaks for itself, denied to the extent that they assert, or imply liability.

36. The allegations in ¶ 36 are denied.

37. The allegations in ¶ 37 are denied.

38. The allegations in ¶ 38 are denied.

39. The allegations in ¶ 39 are denied.

40. The allegations in ¶ 40 are denied, including the "WHEREFORE" clause, subparts (a) – (g).

## COUNT III – FLSA OVERTIME WAGE VIOLATION(S)

41. The allegations in ¶ 41 are denied.

42. The allegations in ¶ 42 are denied.

43. The allegations in ¶ 43 are denied.

44. The allegations in ¶ 44 are denied.

45. The allegations in ¶ 45 are denied, including the "WHEREFORE" clause, subparts (a) – (g).

## AFFIRMATIVE DEFENSES

I. LACK OF JURISDICTION

As a first defense, Defendants assert that there is no jurisdiction under the FLSA. The question of enterprise coverage under the FLSA is jurisdictional. *See Cammarata v. TIG Mgmt., LLC*, 2013 U.S. Dist. LEXIS 203362 (M.D. Fla. Feb. 26, 2013); *Turcios v. Delicias Hispanas Corp.*, 275 Fed. Appx. 879 (11th Cir. 2008). To the extent that there is no "coverage" as argued in defense IV, *infra*, this court also lacks jurisdiction over the claims.

II. PLAINTIFF IS NOT AN "EMPLOYEE" UNDER THE FLSA

As a second defense, Defendants submit that Plaintiff is not an employee under the FLSA or FMWA. To be an "employee" the plaintiff must show that he or she was more than a mere contractor. *See e.g., Nieman v. Nat'l Claims Adjusters, Inc.*, 775 Fed. Appx. 622, 624 (11th Cir. 2019). To determine whether a plaintiff is more than a contractor the court considers "the nature

4

and degree of the alleged employer's control as to the manner in which the work is to be performed"; and "the alleged employee's opportunity for profit or loss depending upon his managerial skill"; and "the alleged employees investment in equipment or materials required for his task, or his employment of workers"; and "whether the service rendered requires special skill" and "the degree of permanency and duration of the working relationship" and "the extent to which the service rendered is an integral part of the alleged employer's business." *Neiman*, 775 Fed. Appx. at 624. As applied here, the Plaintiff worked sporadic hours, less than twenty (20) hours per week. She worked only on weekends, and did not have full time, or scheduled employment. She essentially was, at best, a contractor, during the time that she worked with Defendants, and is not an "employee" as defined by the FLSA.

III.    NO OPERATIONAL CONTROL, AS TO INDIVIDUAL DEFENDANTS

As a third defense, the individual defendants A. Quinonez, Z. Quinonez, and Mr. Jose Machado allege that they lacked sufficient control over the Plaintiff, and/or the compensation decisions of the corporate defendants to be held derivatively liable under the FLSA and/or FMWA. FLSA Plaintiff may seek relief from multiple employers, as the statute contemplates that there may be several simultaneous employers who are responsible for compliance with the FLSA." *See Collado v. J&G Transp., Inc.*, 2015 U.S. Dist. LEXIS 5899 (S.D. Fla. Apr. 17, 2015).

However, such persons must be "acting directly or indirectly in the interest of an employer in relation to an employer." *Id.* Furthermore, the persons must "act[] on behalf of [an] employer and [] assert[] control over conditions of the employee's employment." *Id.* Generally, this requires that the purported employer or person must be "responsible for compensation decisions or employment practices such as hiring and firing and setting employment schedules." *See Knox v. Happy Cab, LLC*, 2017 U.S. Dist. LEXIS 192736 (S.D. Ga. Nov. 21, 2017).

As applied here, A. Quinonez at the very least was not the owner of either of the corporate defendants, and had no control over the compensation decisions, employment practices, or conditions of employment. Because there is not sufficient action, on behalf of the corporate defendants, by A. Quinonez and other individual defendants to make out a derivative claim, the Plaintiffs complaint against the individual defendants cannot be sustained.

## IV.   NO INDIVIDUAL OR ENTERPRISE COVERAGE

As a fourth defense, Defendants allege that Plaintiff cannot establish that she is "covered" by the FLSA or FMWA. In that regard, Plaintiff is not "individually" covered under the FLSA and is not employed in an "enterprise engaged in commerce" as defined by the FLSA. *See Sotelo v. Interior Glass Design, LLC*, 2017 U.S. Dist. LEXIS 41492, *5 (S.D. Fla. Mar. 21, 2017). To prove enterprise coverage, the plaintiff must establish that (1) the employer has employees engaged in commerce or the production of goods for commerce, or has employees who handle, sell, or otherwise work on goods or materials that have been moved in commerce and has gross sales or business of least $500,000 per year. *Id.*

Here, there is no enterprise coverage because none of the companies identified in the complaint (collectively, or individually) make $500,000.00 annually. Furthermore, the Plaintiff cannot establish that the requisite elements exist to establish enterprise coverage under 29 U.S.C. 203(s)(1)(B). In that regard, which she alleges in the Complaint that she works for an enterprise engaged in the care of the sick, aged, or mentally ill or defective, she cannot establish that *her work* for the institution was "closely related and directly essential to the institution's care of the sick, the aged, and/or the mentally ill or defective." *See generally Boland v. Judd*, 2022 U.S Dist. LEXIS 98697 (S.D. Fla. Jun. 1, 2022).

Furthermore, Defendants assert that the 203(s)(1)(B) provision is inapplicable where the *primary* activity is not the *care* of sick, aged mentally ill or defective individuals. *See generally Mederos v. Garcia*, 2011 U.S. Dist. LEXIS 165474 (S.D. Fla. Mar. 18, 2011). Instead, the *primary* activity of the corporate Defendant(s) is to provide a *residence* for person who is aged. While there are ancillary care services provided, this is not the *primary* activity of the corporate Defendant(s), and accordingly, § 203(s)(1)(B) is inapplicable to provide coverage to the Plaintiff.

V. STATUTE OF LIMITATIONS

As a fifth defense, Defendants submit that all or part of the claims set forth in the Complaint are barred by the statute of limitations. The statute of limitations applicable to FLSA claims is two years. *See* 29 U.S.C. 255(a) (2023). Here, the Complaint includes FLSA and FMWA claims that accrued in 2020 and 2021. To the extent that any of the "days worked" by the Plaintiff fall outside of the two-year statute of limitations, they are barred.

VI. PRELIMINARY OR POSTLIMINARY WORK NOT COMPENSABLE

As a sixth defense, Defendants submit that any pre- or post-work activities of the Plaintiff are not compensable and should not be included in the determination of the hours worked by the Plaintiff. *See e.g., Alford v. Perdue Farms, Inc.*, 2008 U.S. Dist. LEXIS 24948 (M.D. Ga. Mar. 28, 2008). To the extent that Plaintiff includes any such work in her calculation of the number of hours worked, these calculations should be disregarded.

VII. GOOD FAITH & LACK OF WILLFULNESS

As a seventh defense, Defendants assert that any violation of the FLSA or FMWA was in good faith and did not amount to a willful violation of the FLSA or FMWA. *See Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F. 3d 1150, 1163 (11th Cir. 2008). At all times relevant hereto the Defendants reasonably believed that Plaintiff was not a "covered employee" and/or that Plaintiff

was exempt and/or that Plaintiff was not an "employee" as defined by the FLSA and/or FMWA. Furthermore, Defendants did not intentionally underpay Plaintiff or deny Plaintiff benefits to which she was entitled under the FLSA or FMWA.

VIII. 29 CFR 552.100 IS INAPPLICABLE

As an eighth defense, Defendants submit that to the extent Plaintiff alleges entitlement to protection under the FLSA pursuant to 29 CFR 552.100, that provision is inapplicable. More specifically, that provision requires that the domestic service employee "work more than 40 hours in any one workweek". *See* CFR 552.100 (2023). Plaintiff never worked more than 20 hours in a workweek, and then only on weekends and is not entitled to protection and/or is exempt under the FLSA.

## DEMAND FOR TRIAL

Defendant demands a jury trial on all issues triable by right.

**WHEREFORE**, Defendants respectfully request that Plaintiff's prayer for relief be denied and whatever other relief it deems just and reasonable.

## CERTFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing pleading has been electronically filed and served via EM/ECF on this 15th day of December 2023.

> **LAW OFFICE OF EMMANUEL PEREZ & ASSOCIATES, P.A.**
> 901 Ponce De Leon Blvd., Suite 101
> Coral Gables, FL 33134
> Tel: (305) 442-7443
> Fax: (305) 441-9218
> E: perez@lawperez.com
>
> By: _____*Emmanuel Perez*_____
> Emmanuel Perez, Esq.
> FL. Bar # 586552