UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MARIA ELENA CHAVEZ LETONA,    CASE NO.: 23-CV-24299

    Plaintiff,

vs.

AMOR DE JESUS, CORP.,
SWEET LIVING FACILITY INC.,
JOSE MACHADO,
ZELMIRA QUINONEZ, AND
AMINTA QUINONEZ,

    Defendants.
_____/

## DEFENDANTS FIRST REQUEST FOR PRODUCTION TO PLAINTIFF

COME NOW, Defendants, pursuant to Fed. R. Civ. P. 26 and 34, Local Rule 26.1, and other applicable Rules and laws, requests that Plaintiff, MARIA ELENA CHAVEZ LETONA produce the following documents and materials at the office of the undersigned within 30 days hereof:

### INSTRUCTIONS

1.  You are required to supplement your Response(s) to this Request during these proceedings.

2.  If, in responding to this Request, the responding party encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous, and the construction used in responding.

3.  Whenever in this Request you are asked to identify or produce a document which is deemed by you to be properly withheld from production, inspection, or copying:

    A. If you are withholding the document under claim of privilege (including but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5), including the type of document, the general subject matter of the document, the date of the document, and each other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable this party to assess the applicability of the privilege or protection claimed by you;

    B. If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery or that a request is unduly burdensome, identify as to each document and, in addition to the information requested in paragraph 2.A. above, please state the reason for withholding the document.

  4. When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

  5. It is intended that this Request will not solicit any material protected either by the attorney-client privilege or by the work product doctrine that was created by, or developed by, counsel for the responding party after the date on which this litigation commenced. If any

Request is susceptible of a construction that calls for the production of such material, that material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 26(b)(5) will be required as to such material.

6.  If production of any requested document(s) is objected to on the grounds that production is unduly burdensome, describe the burden or expense of the proposed discovery.

7.  Defendants reserves the right to request to view the original of any copy of a document provided in response to this Request.

## DEFINITIONS

Notwithstanding any definitions set forth below, each word, term or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in this Request, the following terms are to be interpreted in accordance with the definitions:

1.  <u>Communication</u>: The term "communication" means the transmittal of information by any means.

2.  <u>Concerning</u>: The term "concerning" means relating to, referring to, describing evidence, or constituting.

3.  <u>Document</u>: The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R. Civ. P. 34(a) and include(s) the term "writing" and shall include documents and information stored electronically. Unless the producing party demonstrates undue burden or other grounds sufficient to meet the requirements of Fed. R. Civ. P. 26 (c), electronic mail and information stored electronically are included within the definition of the term "document." The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those

terms in Fed. R. Evid. 1001. A draft or non- identical copy is a separate document within the meaning of the term "document."

4.  <u>Occurrence/Transaction</u>: The terms "occurrence" and "transaction" mean events described in the Complaint and other pleadings, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

5.  <u>Parties</u>: The terms "plaintiff" and "defendant" (including, without limitation, third-party plaintiff, third-party defendant, counter claimant, cross-claimant, counter-defendant, and cross-defendant), as well as a party's full or abbreviated name or a pronoun referring to a party, mean that party and, where applicable, its officers, directors, and employees. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation or to limit the Court's jurisdiction to enter any appropriate order.

6.  <u>Person</u>: The term "person" is defined as any natural person or any business, legal or government entity, or association.

7.  The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all," "any" means "any and all." Including" means "including, but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

8.  If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

9.  The term "you" or "You" means the Plaintiff, with the term "your" signifying the possessive.

**DOCUMENT REQUEST**

1. All personnel files in your possession, including all documents executed and/or provided to you from interviewing, applying, hiring, up through today.

2. All documents concerning monies paid, advanced, loaned, or otherwise provided to Plaintiff since February 1, 2020.

3. All documents provided by Defendants to Plaintiff concerning the Plaintiff working for Defendants in any capacity since February 1, 2020.

4. All receipts relating to cash payments made to Plaintiff by or for Defendants since February 1, 2020.

5. All documents identifying the amount, reason for, and recipient(s) for all payments made by direct deposit, money transfer, receipts, Zelle, CashApp, and/or Venmo for work performed by Plaintiff since February 1, 2020

6. A list of all people who received payment on behalf of the Plaintiff for the time she worked for any of the Defendants.

7. All time sheets and time records used to determine and/or document the days, hours, and times that Plaintiff worked for Defendants since February 1, 2020.

8. All logs signed/completed by Plaintiff since February 1, 2020.

9. All communications, correspondence, written statements, notes of conversations, texts, emails, and other documents concerning oral or written communications between the Plaintiff and the Defendant, Jose Machado.

10. All communications, correspondence, written statements, notes of conversations, texts, emails, and other documents concerning oral or written communications between the Plaintiff and the Defendants.

11. All communications, correspondence, written statements, notes of conversations, texts, emails, and other documents concerning oral or written communications between the Plaintiff and the Defendants, specifically where the Plaintiff is demanding pay.

12. Photocopy of Plaintiff's passport for travel dates through the time of her alleged employment.

13. All documents in your possession, custody, and/or control that were written and/or signed by Plaintiff since February 1, 2020.

14. All documents reflecting the job performance of Plaintiff since February 1, 2020.

15. Every form W-2, 1099, W-4, W-9, I-9, application, written work agreement, written pay agreement, written disclosure statement, and other employment-related document concerning Plaintiff.

16. All contracts and agreements in effect from February 1, 2020, to August 8, 2023, between Defendant, Amor de Jesus Corp., and all patients cared for by Plaintiff during that same timeframe.

17. All contracts and agreements in effect from February 1, 2020, to August 8, 2023, between Defendant, Sweet Living Facility, LLC, and all patients cared for by Plaintiff during that same timeframe.

18. All contracts and agreements in effect from February 1, 2020, to August 8, 2023, between Amor de Jesus Corp. and the payor for each patient cared for by Plaintiff during this timeframe.

19. All contracts and agreements in effect from February 1, 2020, to August 8, 2023, between Sweet Living Facility, LLC. and the payor for each patient cared for by Plaintiff during this timeframe.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing pleading has been electronically filed and served via EM/ECF on this 22nd day of January 2024.

                                        **LAW OFFICE OF EMMANUEL PEREZ & ASSOCIATES, P.A.**
                                        901 Ponce De Leon Blvd., Suite 101
                                        Coral Gables, FL 33134
                                        Tel: (305) 442-7443
                                        Fax: (305) 441-9218
                                        E: perez@lawperez.com

By: _____*Emmanuel Perez*_____
                Emmanuel Perez, Esq.
                FL. Bar # 586552