UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MARIA ELENA CHAVEZ LETONA,

        Plaintiff,

v.

                              CASE NO.: 23-CV-24299

AMOR DE JESUS CORP., et al.,

        Defendants.
_____/

### DEFENDANTS FIRST SET OF INTERROGATORIES TO PLAINTIFF

**COME NOW**, the Defendants, pursuant to Fed. R. Civ. P. 26 and 33, Local Rule 26.1, and other applicable Rules and laws, propound these Interrogatories on Plaintiff, MARIA ELENA CHAVEZ LETONA, who shall respond separately, fully, under oath and in writing, within the time prescribed by the Federal Rules of Civil Procedure, in accordance with the Instructions and Definitions set forth below:

### INSTRUCTIONS

1. These instructions and definitions should be construed to require answers based upon the knowledge of, and information available to, the responding party as well as its agents, representatives, and, unless privileged, attorneys. It is intended that the following discovery requests will not solicit any material protected either by the attorney/client privilege or work product doctrine, which was created by, or developed by, counsel for the responding party after the date on which this litigation commenced. If any inquiry is susceptible of a construction that calls for the production of such material, that material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 26(b)(5) will be required as to such material.

2. These Interrogatories are continuing in character, so as to require that supplemental answers be filed seasonably if further or different information is obtained with respect to any interrogatory.

3. Pursuant to Local Rule 26.1, no part of an interrogatory should be left unanswered merely because an objection is interposed to another part of the interrogatory. If a partial or incomplete answer is provided, the responding party shall state that the answer is partial or incomplete.

4. In accordance with Fed. R. Civ. P. 26(b)(5), where a claim of privilege is asserted in objecting to any interrogatory or part thereof, and information is not provided on the basis of such assertion:

   a. In asserting the privilege, the responding party shall, in the objection to the interrogatory, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed;

   b. The following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information,

      1. For oral communications:

         a. The name of the person making the communication and the names of persons present while the communication was made, and, where

         b. not apparent, the relationship of the persons present to the person making the communication;

         c. The date and place of the communication; and

         d. The general subject matter of the communication.

2. For documents:

    a. The type of document,

    b. The general subject matter of the document,

    c. The date of the document, and

    d. Such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

5. If the responding party elects to specify and produce business records in answering any interrogatory, the specification shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as the responding party can, the business records from which the answer may be ascertained.

6. If, in answering these interrogatories, the responding party encounters any ambiguities when construing a question, instruction, or definition, the responding party's answer shall set forth the matter deemed ambiguous and the construction used in answering.

## **DEFINITIONS**

Notwithstanding any definition below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1. Concerning: The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

2. Communication: The term "communication" means the transmittal of information by any means.

3. Document: The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R. Civ. P. 34(a) and include(s) the term "writing" and shall include electronic files and information stored electronically. Unless the producing party demonstrates undue burden or other grounds sufficient to meet the requirements of Fed. R. Civ. P. 26(c), electronic mail information stored electronically are included within the definition of the term "document." The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the term "document."

4. Identify (with respect to persons): When referring to a person, to "identify" means to state the person's full name, present or last known address, and, when referring to a natural person, additionally, the present or last known place of employment. If the business and home telephone numbers are known to the answering party, and if the person is not a party or present employee of a party, said telephone numbers shall be provided. Once a person has been identified in accordance with this subparagraph, only the name of the person need be listed in response to subsequent discovery requesting the identification of that person.

5. Identify (with respect to documents): When referring to documents, to "identify" means to state the: (1) type of document; (2) general subject matter; (3) date of the document; and (4) author(s), addressee(s), and recipient(s) or, alternatively, to produce the document.

6. Occurrence/Transaction: The terms "occurrence" and "transaction" mean the events described in the Complaint and other pleadings, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

7. Parties: The terms "plaintiff" and "defendant" (including, without limitation, third-party plaintiff, third-party defendant, counter claimant, cross-claimant, counter-defendant, and cross-defendant), as well as a party's full or abbreviated name or a pronoun referring to a party, mean that party and, where applicable, its officers, directors, and employees. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation or to limit the Court's jurisdiction to enter any appropriate order.

8. Person: The term "person" is defined as any natural person or any business, legal or governmental entity or association.

9. You/Your: The terms "you" or "your" include the person(s) to whom these requests have addressed, and all of that person's agents, representatives and attorneys.

10. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all;" "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

11. Defendants.: The terms "Defendants" shall mean the Defendant, Amor de Jesus, Corp., including its officers, agents, parent, subsidiary, predecessor and successor companies, the Defendant, Sweet Living Facility Inc., including its officers, agents, parent, subsidiary, predecessor and successor companies, the Defendant, Aminta Quinonez, the Defendant, Jose Machado, and the Defendant, Zelmira Quinonez.

12. Plaintiff: The term "Plaintiff" shall mean Plaintiff, Maria Elena Chavez Letona.

## INTERROGATRIES

1. Please identify each person answering or assisting in answering these interrogatories, and his/her relationship to all Defendants.

2. When did you start working at Amor de Jesus?

3. How did you get the job at Amor de Jesus?

4. Please list all your duties and responsibilities at Amor de Jesus.

5. How long did you work at Amor de Jesus? Please specify from date of start to date of finish.

6. How many hours a week did you work at Amor de Jesus?

7. Are there any witnesses who can confirm the number of hours you worked at Amor de Jesus? If so, then please list them.

8. When did you start working at Sweet Living Facility Inc?

9. How did you get the job at Sweet Living Facility Inc?

10. Please list all your duties and responsibilities at Sweet Living Facility Inc.

11. How long did you work at Sweet Living Facility Inc? Please specify from date of start to date of finish.

12. How many hours a week did you work at Sweet Living Facility Inc?

13. Are there any witnesses who can confirm the number of hours you worked at Sweet Living Facility Inc? If so, then please list them.

MARIA ELENA CHAVEZ LETONA

BY: _____

PRINT NAME: _____

TITLE: _____

STATE OF FLORIDA         :

                         :SS

COUNTY OF MIAMI-DADE:

Before me, the undersigned authority personally appeared _____ who, after being duly sworn, states under oath that s/he is authorized to execute the foregoing Answers to Interrogatories on behalf of MARIA ELENA CHAVEZ LETONA, and that they are true and correct to the best of her/his knowledge and belief. SWORN TO AND SUBSCRIBIED before me this _____ day of _____, 2024, and [ ] who is personally known by me or [ ] who produced _____ as identification.

_____

Signature Notary Public – State of

Florida Print Name: _____

My Commission Expires: _____

## **CERTFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing pleading has been electronically filed and served via EM/ECF on this 22nd day of January 2024.

**LAW OFFICE OF EMMANUEL PEREZ & ASSOCIATES, P.A.**
901 Ponce De Leon Blvd., Suite 101
Coral Gables, FL 33134
Tel: (305) 442-7443
Fax: (305) 441-9218
E: perez@lawperez.com

By: _____*Emmanuel Perez*_____
      Emmanuel Perez, Esq.
      FL. Bar # 586552