**From:** brooks@fairlawattorney.com
**Subject:** Conferral re: Discovery Responses - Maria Chavez Letona v. Amor De Jesus, Corp. et al.; Case No. 1:23-cv-24299-FAM
**Date:** March 5, 2024 at 12:41 PM
**To:** perez@lawperez.com
**Cc:** steffany@fairlawattorney.com, brian@fairlawattorney.com

Good afternoon, Counsel:

Please allow this email to serve as Plaintiff's conferral regarding Defendants' discovery responses in the above case. As to Amor De Jesus and Sweet Living Facility's responses, we are seeking better responses for the following Interrogatories:

- **INT 2** – Any Person with knowledge of relevant facts or discoverable matter
    - **ADJ and SLF both stated "Myself," but failed to include the names of any residents of ADJ/SLF or any individuals who worked with Plaintiff that may be able to attest to the hours she worked. Additionally, there is no address or telephone number listed for these individuals.**

- **INT 3** – "List Plaintiff's dates of work, position/title(s), rates of pay, method of payment, tasks performed, and where they were performed."
    - **ADJ/SLF's responses only describe tasks performed by Plaintiff and her method of payment (by cash or Zelle), but fail to state her dates worked, positions held, rates of pay, and where her tasks were performed.**

- **INT 8/7** – Identify the periods of time Plaintiff worked, including her starting date, daily and/or weekly pay, hourly rate, hours worked, days worked, and pay for all work performed.
    - ADJ responded: "There was not a fixed schedule. The Plaintiff worked whenever I needed her. When I needed the Plaintiff to work, I would call her."
    - SLF responded: "Plaintiff worked on a 'needs' and 'ability' basis. There was no fixed time or date. She would be called whenever needed and she often would not be available."
    - **These responses do not provide any information regarding the dates Plaintiff worked or the pay she received.**

- **INT 9/8** – Each type of document that you made, kept, or preserved relating to P's work.
    - **ADJ/SLF both responded "None." Under Florida Statute § 429.275, ALFs are required to maintain personnel records for each staff member including background screening information and documentation of compliance with all training required under Chapter 429 (which must be signed by the staff member). Additionally, ALFs must receive written informed consent from residents who receive assistance with self-administration of medication from an unlicensed person (such as Plaintiff). Further, Ms. Chavez Letona was required to keep written documentation of the medications she administered to residents. Can you confirm whether Defendants have any of these documents?**

- **INT 16/15** – Each person who worked for ADJ/SLF from 2/1/20 to 8/8/23 (name, dates of work, position, daily work schedule, and status as employee or independent contractor)
    - ADJ responded: "Ernestina Suarez"
    - SLF responded: "Objection"
    - **ADJ's Response does not include Ms. Suarez' dates of work, position, work schedule, or status as employee/independent contractor. Additionally, ALFs with 6 residents such as ADJ/SLF are required to maintain at least 212 staff hours per week. Ms. Suarez could not have worked all of these 212**

> hours/week by herself.  Please disclose any additional employees of ADJ.  SLF's response contains no basis for the objection.  Please provide better responses.

- **INT 17/16** – All documents signed/completed by Plaintiff regarding work performed for SLF/ADJ
    - **ADJ and SLF both responded "None."  However, as stated above, ALFs are required to maintain documentation of all staff members' compliance with training required under Chapter 429 (which must be signed by the staff member).  Additionally, Ms. Chavez Letona was required to keep written documentation of the medications she administered to residents.  Can you confirm whether Defendants have any of these documents?**

- **INT 24/23** – Who from ADJ/SLF would provide Plaintiff with her schedule, coordinate work days/hours; state how that information was communicated.
    - **ADJ and SLF both responded "Myself," but failed to state how that information was communicated.**

Plaintiff also seeks to compel better responses and/or production of documents for the following Requests for Production:

- **RFPs 2, 5, 25, and 27** seek documents regarding Ms. Chavez Letona's pay records from February 1, 2020 through August 8, 2023.
    - **Defendants only provided Zelle records for July 14, 2022 through December 29, 2022.  Is it Defendants' position that no other records of payment (including cash payments) exist?**

- **RFP 1** – Plaintiff's Personnel File
    - **Defendants responded that these documents "will be provided."  Please produce.**

- **RFP 3** – Documents that Defendants provided to Plaintiff concerning her work
    - **Defendants responded that these documents "will be provided."  Please produce.**

- **RFP 7** – Logs signed/completed by Plaintiff
    - **Defendants responded "none."  However, Plaintiff was required to fill out logs of medication that she administered to ADJ and SLF's residents.  Additionally, Plaintiff was required to sign certifications of training under Chapter 429, which ADJ and SLF are required to maintain in her personnel file.**

- **RFP 8** – Correspondence and documentation of communication between Defendants and Plaintiff
    - **Defendants responded "none."  However, Plaintiff regularly communicated with Aminta Quinonez through text message and WhatsApp.  Please provide all documentation of communications between Plaintiff and the Defendants.**

- **RFP 9** – Documents signed by Plaintiff
    - **Defendants responded "none."  However, as stated above, ALFs are required to maintain documentation of all staff members' compliance with training**

- **required under Chapter 429 (which must be signed by the staff member). Additionally, Ms. Chavez Letona was required to keep written documentation of the medications she administered to residents. Can you confirm whether Defendants have any of these documents?**

- RFP 10 – Documents reflecting P's job performance
  - **Defendants responded "none." Again, ALFs are required to maintain documentation of all staff members' compliance with training required under Chapter 429 (which must be signed by the staff member). Additionally, Ms. Chavez Letona was required to keep written documentation of the medications she administered to residents. Can you confirm whether Defendants have any of these documents?**

- RFP 12/13 – Contracts/Agreements between ADJ/SLF and all patients cared for by Plaintiff
  - **Defendants responded "none." Is it Defendants' contention that no resident agreements exist for its clients as required under Florida law? Or that Plaintiff did not provide care to the residents? To the extent that Plaintiff provided care for any of ADJ or SLF's residents, please produce their resident agreements.**

- RFP 14/15 – Contracts/Agreements between ADJ/SLF and the Payors of all patients cared for by Plaintiff
  - Defendants responded "none." **Is it Defendants' contention that no resident agreements exist between ADJ/SLF and payors of their residents? Or that Plaintiff did not provide care to the residents? To the extent that Plaintiff provided care for any of ADJ or SLF's residents with a third-party payor, please produce their resident agreements.**

- RFP 29 – Logs/documents in which Plaintiff documented activities performed for Defendants
  - **Defendants responded "none." Again, ALFs are required to maintain documentation of all staff members' compliance with training required under Chapter 429 (which must be signed by the staff member). Additionally, Ms. Chavez Letona was required to keep written documentation of the medications she administered to residents. Can you confirm whether Defendants have any of these documents?**

- RFP 51 – Text messages exchanged with Plaintiff from February 1, 2020 through August 8, 2023
  - **Defendants responded "none." However, Plaintiff regularly communicated with Aminta Quinonez through text message and WhatsApp. Please provide all documentation of communications between Plaintiff and the Defendants.**

- RFPs 52, 54 – Bank Statements for ADJ and SLF
  - **Defendants objected on the grounds that this request is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. However, this request is directly relevant to whether ADJ and SLF meet the $500,000 employer threshold under the FLSA. Please produce.**

- RFPs 53, 55 – Documents showing Cash received by ADJ and SLF
  - **Defendants responded "none." Given that ALFs must document all payment**

- **received from/on behalf of their residents, is it ADJ and SLF's contention that they never received any cash payments?  Or that no documentation exists?**

- **RFPs 60/61** – Documents identifying all persons who worked for ADJ and SLF
  - **Defendants responded "none."  Under Florida Statute § 429.275, ALFs are required to maintain personnel records for each staff member including background screening information and documentation of compliance with all training required under Chapter 429 (which must be signed by the staff member).  Please produce all documentation identifying individuals who worked for ADJ and SLF.**

- **RFP 62** – Documents identifying all Administrators of ADJ and SLF
  - **ADJ responded "license attached."  However, the license does not include the name of ADJ's administrator.  Under Florida law, ALFs must have an appointed administrator.  Please produce all documents identifying ADJ's administrator.**

Additionally, it concerns me that Defendants responded "none" to 55 out of the 69 Requests for Production.  For each request that Defendants contend that they have no responsive documents, please have your clients provide more detailed responses stating: (i) whether any responsive documents ever existed; (ii) when the responsive documents existed; and (iii) the reason that the responsive documents no longer exist.  I will also ask that your clients include a sworn verification for these RFP responses.

Hoping that we will be able to resolve these discovery disputes without the Court's intervention.  I look forward to working with you on this case.

Best regards,

Brooks LaRou, Esq.
FairLaw Firm
Dir:  786.254.0366
Ofc: 305.230.4884
Fax: 305.230.4844
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
brooks@fairlawattorney.com
www.fairlawattorney.com