UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-CV-24299-MORENO/OTAZO-REYES

MARIA ELENA CHAVEZ LETONA,

    Plaintiff,

vs.

AMOR DE JESUS, CORP.,
SWEET LIVING FACILITY INC.,
JOSE MACHADO,
ZELMIRA QUINONEZ, AND
AMINTA QUINONEZ,

    Defendants.
_____/

## **PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANTS**

Plaintiff, Maria Elena Chavez Letona, pursuant to Fed. R. Civ. P. 26 and 34, Local Rule 26.1, and other applicable Rules and laws, requests that Defendants, Amor de Jesus Corp., Sweet Living Facility, Inc., Jose Machado, Zelmira Quinonez, and Aminta Quinonez produce the following documents and materials at the office of the undersigned within 30 days hereof:

### **INSTRUCTIONS**

1. You are required to supplement your Response(s) to this Request during these proceedings.

2. If, in responding to this Request, the responding party encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

3. Whenever in this Request you are asked to identify or produce a document which is deemed by you to be properly withheld from production, inspection, or copying:

1

A. If you are withholding the document under claim of privilege (including but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5), including the type of document, the general subject mater of the document, the date of the document, and each other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable this party to assess the applicability of the privilege or protection claimed by you;

B. If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery or that a request is unduly burdensome, identify as to each document and, in addition to the information requested in paragraph 2.A. above, please state the reason for withholding the document.

4. When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

5. It is intended that this Request will not solicit any material protected either by the attorney-client privilege or by the work product doctrine that was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. If any

2

Request is susceptible of a construction that calls for the production of such material, that material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 26(b)(5) will be required as to such material.

6. If production of any requested document(s) is objected to on the grounds that production is unduly burdensome, describe the burden or expense of the proposed discovery.

7. Plaintiff reserves the right to request to view the original of any copy of a document provided in response to this Request.

## DEFINITIONS

Notwithstanding any definitions set forth below, each word, term or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in this Request, the following terms are to be interpreted in accordance with the definitions:

1. <u>Communication</u>: The term "communication" means the transmittal of information by any means.

2. <u>Concerning</u>: The term "concerning" means relating to, referring to, describing evidence, or constituting.

3. <u>Document</u>: The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R. Civ. P. 34(a) and include(s) the term "writing" and shall include documents and information stored electronically. Unless the producing party demonstrates undue burden or other grounds sufficient to meet the requirements of Fed. R. Civ. P. 26 (c), electronic mail and information stored electronically are included within the definition of the term "document." The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those

3

terms in Fed. R. Evid. 1001. A draft or non- identical copy is a separate document within the meaning of the term "document."

4. <u>Occurrence/Transaction</u>: The terms "occurrence" and "transaction" mean events described in the Complaint and other pleadings, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

5. <u>Parties</u>: The terms "plaintiff" and "defendant" (including, without limitation, third-party plaintiff, third-party defendant, counter claimant, cross-claimant, counter-defendant, and cross-defendant), as well as a party's full or abbreviated name or a pronoun referring to a party, mean that party and, where applicable, its officers, directors, and employees. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation or to limit the Court's jurisdiction to enter any appropriate order.

6. <u>Person</u>: The term "person" is defined as any natural person or any business, legal or government entity, or association.

7. The present tense includes the past and future tenses. The singular includes the plural and the plural includes the singular. "All" means "any and all," "any" means "any and all." Including" means "including, but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

8. If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

9. The term "you" or "You" means the Defendants, with the term "your" signifying the possessive.

4

## **PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION**

1) All personnel files you maintained for Plaintiff, including all documents executed and/or provided to her from interviewing, applying, hiring, up through today.

2) All documents concerning monies paid, advanced, loaned, or otherwise provided to Plaintiff since February 1, 2020.

3) All documents provided by Defendants to Plaintiff concerning her working for Defendants in any capacity since February 1, 2020.

4) All receipts relating to cash payments made to Plaintiff by or for Defendants since February 1, 2020.

5) All documents identifying the amount, reason for, and recipient(s) for all payments made by direct deposit, money transfer, Zelle, CashApp, and/or Venmo for work performed by Plaintiff for Defendants since February 1, 2020

6) All time sheets and time records used to determine and/or document the days, hours, and times that Plaintiff worked for Defendants since February 1, 2020.

7) All logs signed/completed by Plaintiff since February 1, 2020.

8) All correspondence, written statements, notes of conversations, memoranda, and other documents concerning oral or written communications between you and Plaintiff since February 1, 2020.

9) All documents in your possession, custody, and/or control that were written and/or signed by Plaintiff since February 1, 2020.

10) All documents reflecting the job performance of Plaintiff since February 1, 2020.

11) Every form W-2, 1099, W-4, W-9, I-9, application, written work agreement, written pay agreement, written disclosure statement, and other employment-related document

5

concerning Plaintiff.

12) All contracts and agreements in effect from February 1, 2020, to August 8, 2023, between Defendant, Amor de Jesus Corp., and all patients cared for by Plaintiff during that same timeframe.

13) All contracts and agreements in effect from February 1, 2020, to August 8, 2023, between Defendant, Sweet Living Facility, LLC, and all patients cared for by Plaintiff during that same timeframe.

14) All contracts and agreements in effect from February 1, 2020, to August 8, 2023, between Amor de Jesus Corp. and the payor for each patient cared for by Plaintiff during this timeframe.

15) All contracts and agreements in effect from February 1, 2020, to August 8, 2023, between Sweet Living Facility, LLC. and the payor for each patient cared for by Plaintiff during this timeframe.

16) All documents that Defendants sent to or received from the U.S. Department of Labor ("USDOL") for the period during the past five (5) years.

17) All documents that explain the meaning of any codes, shorthand, untitled columns of data fields, or other data presentation conventions used in the documents that Defendants produced in this litigation.

18) All documents concerning investigations of Defendants by the U.S. Department of Labor, any state employment service, or any other agency of state, federal, or local government, concerning compliance with laws concerning the payment of wages to employees past 3 years.

19) If you or your agents or employers have made a settlement, deal, agreement, or

6

arrangement of any kind with a person or party of their attorney, including an insurance policy, concerning or that would apply to this case (including the resolution of any claim brought against you pursuant to the Fair Labor Standards Act), please produce a copy of such settlement, deal, agreement, or arrangement. This request includes, but is not limited to, an arrangement to indemnify another party or to pay any attorney's fees or expenses of any party, and also an arrangement for another person or entity to indemnify you or pay any of your attorney's fees or expenses.

20) All correspondence or other communications and documents whatsoever exchanged between you and the person(s) whom you may call as an expert witness.

21) All documents that have been made or prepared by an expert whom you may call to testify as a witness in this case.

22) All documents that state the subject matter on which any expert witness whom you expect to call at trial is expected to testify, that have been provided or relied on by any such expert, or that state the substance of the facts or opinions to which the expert is expected to testify or grounds for each opinion.

23) All statements that were signed or recorded by parties and witnesses and all statements that were offered and refused signature by parties and witnesses.

24) All documents concerning to the business structure of each corporate Defendant for the period from February 1, 2020, to August 8, 2023, including those showing the identity of all persons who own or operate the business and all persons who recruit, solicit, hire, employ, furnish, or evaluate workers for the business, as well as all persons responsible for accounts receivables, accounts payables, and payroll.

25) All documents showing Plaintiff's total earnings for each pay period, the hourly rate or

7

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

piece rate, the hours of employment which had been offered, the hours Plaintiff actually worked, the deductions made from the wages, and all other documents utilized to determine when Plaintiff started work each day, stopped working for a break, resumed working after a break, and ceased working at the end of each day.

26) All documents consulted, reviewed, and/or referenced in connection with your providing answers/responses to Plaintiff's Interrogatories.

27) All documents identified in your disclosures pursuant to Fed. R. Civ. P. 26.

28) All documents identifying and/or describing the job duties of Plaintiff.

29) All logs and/or documents in which Plaintiff documented the activities she performed for Defendants and/or their patients/residents maintained from February 1, 2020, to August 8, 2023.

30) All employee manuals, handbooks, and all memoranda distributed, made available, signed by, and/or actually provided to Plaintiff from February 1, 2020, to August 8, 2023.

31) All documents supporting your Answer and Affirmative Defenses to the operative Complaint, or otherwise supporting the contention that you are not liable to Plaintiff as alleged in the operative Complaint in this case.

32) All documents on which Defendants based their belief that Plaintiff was not entitled to minimum and/or overtime wages.

33) All laws, rules, regulations, evaluations, and written opinions on which Defendants relied to classify and pay Plaintiff as an exempt employee and/or a subcontractor.

34) Copies of all documents describing the duties that Defendants expected Plaintiff to perform.

35) Copies of all documents, including electronic materials, in which Defendants billed Medicaid for the time expended / care given by Plaintiff in 2020.

8

36) Copies of all documents, including electronic materials, in which Defendants billed Medicaid for the time expended / care given by Plaintiff in 2021.

37) Copies of all documents, including electronic materials, in which Defendants billed Medicaid for the time expended / care given by Plaintiff in 2022.

38) Copies of all documents, including electronic materials, in which Defendants billed Medicaid for the time expended / care given by Plaintiff in 2023.

39) Copies of all documents, including electronic materials, in which Defendants billed Medicare for the time expended / care given by Plaintiff in 2020.

40) Copies of all documents, including electronic materials, in which Defendants billed Medicare for the time expended / care given by Plaintiff in 2021.

41) Copies of all documents, including electronic materials, in which Defendants billed Medicare for the time expended / care given by Plaintiff in 2022.

42) Copies of all documents, including electronic materials, in which Defendants billed Medicare for the time expended / care given by Plaintiff in 2023.

43) Copies of all documents, including electronic materials, in which Defendants billed any insurer for the time expended / care given by Plaintiff in 2020.

44) Copies of all documents, including electronic materials, in which Defendants billed insurer for the time expended / care given by Plaintiff in 2021.

45) Copies of all documents, including electronic materials, in which Defendants billed insurer for the time expended by Plaintiff in 2022.

46) Copies of all documents, including electronic materials, in which Defendants billed insurer for the time expended by Plaintiff in 2023.

47) Copies of all documents, including electronic materials, in which Defendants billed any

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

person or entity for the time expended by Plaintiff from February 1, 2020, to August 8, 2023.

48) Copies of all documents, including electronic materials, identifying the class of services performed by Plaintiff from February 1, 2020, to August 8, 2023, and for which Defendants billed Medicaid.

49) Copies of all documents, including electronic materials, identifying the class of services performed by Plaintiff from February 1, 2020, to August 8, 2023, and for which Defendants billed Medicare.

50) All documents and information upon which Defendants relied for their good faith belief that, at all material times they, were acting in compliance with the FLSA, including all documents reflecting the date each such document and /or piece of information was consulted and from where each was received / retrieved.

51) All text messages exchanged with Plaintiff from February 1, 2020, to August 8, 2023.

52) All monthly, quarterly, and annual bank statements for all bank accounts utilized by Defendant, Amor de Jesus Corp., from February 1, 2020, to August 8, 2023.

53) Documents identifying and/or accounting for all cash received by Defendant, Amor de Jesus Corp., from February 1, 2020, to August 8, 2023.

54) All monthly, quarterly, and annual bank statements for all bank accounts utilized by Defendant, Sweet Living Facility, LLC, from February 1, 2020, to August 8, 2023.

55) Documents identifying and/or accounting for all cash received by Defendant, Sweet Living Facility, LLC., from February 1, 2020, to August 8, 2023.

56) All federal and state tax returns, including all attachments, schedules, and supporting documents for Defendant, Amor de Jesus Corp., for calendar years 2020, 2021, 2022, and

10

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

2023

57) All federal and state tax returns, including all attachments, schedules, and supporting documents for Defendant, Sweet Living Facility, LLC, for calendar years 2020, 2021, 2022, and 2023.

58) All W-2 and/or 1099 forms issued by/for Defendant, Amor de Jesus Corp., to Plaintiff since 2020.

59) All W-2 and/or 1099 forms issued by/for Defendant, Sweet Living Facility, LLC, to Plaintiff since 2020

60) Documents identifying all persons who worked for Defendant, Amor de Jesus Corp., from February 1, 2020, to August 8, 2023, including the capacity in which each such person worked for it (as an independent contractor or employee), the weeks worked for it, and the hours worked during each such week by each such person.

61) Documents identifying all persons who worked for Defendant, Sweet Living Facility, LLC, from February 1, 2020, to August 8, 2023, including the capacity in which each such person worked for it (as an independent contractor or employee), the weeks worked for it, and the hours worked during each such week by each such person.

62) Documents identifying each person designated as the "administrator" for Defendant, Amor de Jesus Corp.'s assisted living facility since February 1, 2020.

63) Documents identifying each person designated as the "administrator" for Defendant, Sweet Living Facility, Inc.'s assisted living facility since February 1, 2020.

64) Documents identifying all persons with signatory authority for Defendant, Amor de Jesus Corp.'s bank accounts since February 1, 2020.

65) Documents identifying all persons with signatory authority for Defendant, Sweet Living

11

Facility, Inc.'s bank accounts since February 1, 2020.

66) All licenses held by Defendant, Amor de Jesus Corp., to operate as an assisted living facility since February 1, 2020.

67) All licenses held by Defendant, Sweet Living Facility, Inc., to operate as an assisted living facility since February 1, 2020.

68) All negative tuberculosis healthcare examination results for Plaintiff maintained by Defendant, Amor de Jesus Corp.

69) All negative tuberculosis healthcare examination results for Plaintiff maintained by Defendant, Sweet Living Facility, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by email on this 8th day of January 202 on Emmanuel Perez, Esq., perez@lawperez.com and courtmail@lawperez.com, *as Counsel for Defendants*, Law Offices of Emmanuel Perez & Associates, P.A., 901 Ponce De Leon Boulevard Suite 101, Coral Gables Florida 33134.

        s/Brian H. Pollock, Esq.
        Brian H. Pollock, Esq. (174742)
        brian@fairlawattorney.com
        FAIRLAW FIRM
        135 San Lorenzo Avenue
        Suite 770
        Coral Gables, FL 33146
        Tel:   305.230.4884
        *Counsel for Plaintiff*

12

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*