UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-CV-24299-MORENO/OTAZO-REYES

MARIA ELENA CHAVEZ LETONA,

 Plaintiff,

vs.

AMOR DE JESUS, CORP.,
SWEET LIVING FACILITY INC.,
JOSE MACHADO,
ZELMIRA QUINONEZ, AND
AMINTA QUINONEZ,

 Defendants.
_____/

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT, AMOR DE JESUS, CORP

Plaintiff, Maria Elena Chavez Letona, pursuant to Fed. R. Civ. P. 26 and 33, Local Rule 26.1, and other applicable Rules and laws, propound these Interrogatories on Defendant, Amor de Jesus, Corp, who shall respond separately, fully, under oath and in writing, within the time prescribed by the Federal Rules of Civil Procedure, in accordance with the Instructions and Definitions set forth below:

## INSTRUCTIONS

1. These instructions and definitions should be construed to require answers based upon the knowledge of, and information available to, the responding party as well as its agents, representatives, and, unless privileged, attorneys. It is intended that the following discovery requests will not solicit any material protected either by the attorney/client privilege or work product doctrine which was created by, or developed by, counsel for the responding party after the

1

date on which this litigation was commenced. If any inquiry is susceptible of a construction that calls for the production of such material, that material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 26(b)(5) will be required as to such material.

2. These Interrogatories are continuing in character, so as to require that supplemental answers be filed seasonably if further or different information is obtained with respect to any interrogatory and as additional Plaintiffs opt-in to the case.

3. Pursuant to Local Rule 26.1, no part of an interrogatory should be left unanswered merely because an objection is interposed to another part of the interrogatory. If a partial or incomplete answer is provided, the responding party shall state that the answer is partial or incomplete.

4. In accordance with Fed. R. Civ. P. 26(b)(5), where a claim of privilege is asserted in objecting to any interrogatory or part thereof, and information is not provided on the basis of such assertion:

   A. In asserting the privilege, the responding party shall, in the objection to the interrogatory, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed;

   B. The following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information,

   (1) For oral communications:

   a. The name of the person making the communication and the names of persons present while the communication was made, and, where not apparent, the relationship of the persons present to the person

2

      making the communication;

   b. The date and place of the communication; and

   c. The general subject matter of the communication.

 (2) For documents:

   a. The type of document,

   b. The general subject matter of the document,

   c. The date of the document, and

   d. Such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

5. If the responding party elects to specify and produce business records in answering any interrogatory, the specification shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as the responding party can, the business records from which the answer may be ascertained.

6. If, in answering these interrogatories, the responding party encounters any ambiguities when construing a question, instruction, or definition, the responding party's answer shall set forth the matter deemed ambiguous and the construction used in answering.

## DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

1. <u>Concerning</u>: The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

2. <u>Communication</u>: The term "communication" means the transmittal of information by any means.

3. <u>Document</u>: The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R. Civ. P. 34(a) and include(s) the term "writing" and shall include electronic files and information stored electronically. Unless the producing party demonstrates undue burden or other grounds sufficient to meet the requirements of Fed. R. Civ. P. 26(c), electronic mail information stored electronically are included within the definition of the term "document." The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the term "document."

4. <u>Identify (with respect to persons)</u>: When referring to a person, to "identify" means to state the person's full name, present or last known address, and, when referring to a natural person, additionally, the present or last known place of employment. If the business and home telephone numbers are known to the answering party, and if the person is not a party or present employee of a party, said telephone numbers shall be provided. Once a person has been identified in accordance with this subparagraph, only the name of the person need be listed in response to subsequent discovery requesting the identification of that person.

5. <u>Identify (with respect to documents)</u>: When referring to documents, to "identify" means to state the: (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s) or, alternatively, to produce the document.

4

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

6.  <u>Occurrence/Transaction</u>: The terms "occurrence" and "transaction" mean the events described in the Complaint and other pleadings, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

7.  <u>Parties</u>: The terms "plaintiff" and "defendant" (including, without limitation, third-party plaintiff, third-party defendant, counter claimant, cross-claimant, counter-defendant, and cross-defendant), as well as a party's full or abbreviated name or a pronoun referring to a party, mean that party and, where applicable, its officers, directors, and employees. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation or to limit the Court's jurisdiction to enter any appropriate order.

8.  <u>Person</u>: The term "person" is defined as any natural person or any business, legal or governmental entity or association.

9.  <u>You/Your</u>: The terms "you" or "your" include the person(s) to whom these requests have addressed, and all of that person's agents, representatives and attorneys.

10. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all;" "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

11. <u>Defendant / Amor de Jesus, Corp.</u>: The terms "Amor de Jesus", and Defendant shall mean the Defendant, Amor de Jesus, Corp., including its officers, agents, parent, subsidiary, predecessor and successor companies.

12. <u>Plaintiff</u>: The term "Plaintiff" shall mean Plaintiff, Maria Elena Chavez Letona.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

## FIRST SET OF INTERROGATORIES TO
## DEFENDANT, AMOR DE JESUS, CORP.

1) Please identify each person answering or assisting in answering these interrogatories, and his/her relationship to Amor de Jesus:

   **Answer:**

2) Please identify by name, address and telephone number, any person who has or may have knowledge of any relevant facts or discoverable matter relating to the subject of this lawsuit, including the claims and defenses asserted, and state the substance of the knowledge that you believe or have reason to believe each of these persons may have.

   **Answer:**

3) List Plaintiff's dates of work, position/title(s), rates of pay, method of payment, tasks performed, and where they were performed for Amor de Jesus.

   **Answer:**

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

4) On a day-to-day basis, identify all persons with managerial and/or supervisory roles over Plaintiff, and provide the last known address for each person if not currently employed by (or working as an independent contractor for) Amor de Jesus.

   **Answer:**

5) Describe all facts that support your defenses that Plaintiff's claims for unpaid / underpaid overtime wages are barred, overstated, and/or unrecoverable.

   **Answer:**

6) Describe all policies for creating and maintaining accurate time records of all hours worked by the Amor de Jesus's workers in general and by Plaintiff in particular. If you did not create and maintain accurate time records of all hours worked by Amor de Jesus's personnel – including Plaintiff – for some or all of the time period at issue in this lawsuit, who did and how was pay determined for Plaintiff from February 1, 2020, to August 8, 2023?

   **Answer:**

7

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

7) Please set forth the nature of the relationship between Amor de Jesus and Sweet Living Facility, Inc., from February 1, 2020, to August 8, 2023, and state the name, address, email address, and cell phone number for all persons who worked for both facilities/Defendants during this timeframe.

**Answer:**

8) Identify the periods of time Plaintiff worked for Amor de Jesus, including her starting date, daily and/or weekly pay, hourly rate, hours worked, days worked, and pay for all work performed for Amor de Jesus from February 1, 2020, to August 8, 2023.

**Answer:**

9) Please identify each type of document that you made, kept, or preserved relating to the employment, work, engagement, hiring, work terms, payments to, earnings by, deductions from, insurance, or benefits to/of/for Plaintiff from February 1, 2020, to August 8, 2023.

**Answer:**

8

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

10) Please identify all persons who had the authority, at any time from February 1, 2020, to August 8, 2023, to employ, hire, contract, or recruit workers for Amor de Jesus. In your response please specify the year or years that each person you identify had this authority and if not currently employed, his/her last known address, email address, and phone number.

**Answer:**

11) Please list any lawsuits, prosecutions, or administrative agency proceedings in which you have been a party or in which your representatives/officers/directors have testified during the last five years involving unpaid/underpaid wages, providing the style, cause number and court or agency in which each action was pending, and briefly describing the nature and outcome of each proceeding.

**Answer:**

12) Please identify each person who you expect to provide expert testimony in any deposition in this case or at trial and state the subject matter on which each such person may give expert testimony.

**Answer:**

9

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

13) Please identify the factual basis for each of your Affirmative Defenses:

   **Answer:**

14) Please identify all administrative regulations, orders, ruling, and interpretations, administrative practices, and enforcement policies of United States agencies on which you relied to not pay overtime to Plaintiff, including the date you received, printed, and/or first consulted each.

   **Answer:**

15) Describe how Amor de Jesus tracked the hours actually worked by its employees/workers/aides, including all measures taken by it to have its employees record the time each started and ceased working each day from February 1, 2020, to August 8, 2023.

   **Answer:**

10

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

16) For each person who worked for Amor de Jesus Home Health from February 1, 2020, to August 8, 2023, please state each such person's name, dates of work, position, (if not a current employee his/her last known address, email address, and phone number), daily work schedule(s), and whether Amor de Jesus paid/categorized each such person as an employee and/or independent contractor:

**Answer:**

17) Please identify all documents signed/completed by Plaintiff regarding the work she performed for Amor de Jesus from February 1, 2020, to August 8, 2023:

**Answer:**

18) Please identify by name, address, and phone number, all persons responsible for supervising Plaintiff in her work at Amor de Jesus:

**Answer:**

11

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

19) Please identify by name and address all third-party payors, such as Medicaid, Medicare, and insurers, with whom Amor de Jesus contracted to provide services from February 1, 2020, to August 8, 2023:

    **Answer:**

20) Please state Amor de Jesus's gross annual revenues for each year from 2020 to the present, and for 2023, please also state its gross revenues for the first, second, and third fiscal quarters of 2020:

    **Answer:**

21) Please identify by name, company name, and address each accountant and/or tax preparer who provided services to Amor de Jesus from February 1, 2020, to the present:

    **Answer:**

22) Please identify all attorneys consulted by you with regard to the payment of minimum wages and/or overtime prior to the filing of the Complaint in this action and provide the substance of all advice you were provided in response:

    **Answer:**

12

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

23) Please identify all persons who had signatory for each bank account maintained by Amor de Jesus from February 1, 2020, through August 8, 2023:

   **Answer:**

24) Please state who from Amor de Jesus would provide Plaintiff with her schedule and/or coordinate the days/hours she was to work and state how that information was communicated (email, text message, WhatsApp message, verbally, in person, telephone call):

   **Answer:**

13

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

AMOR DE JESUS CORP

BY: _____
As its Authorized Agent

PRINT NAME: _____

TITLE: _____

STATE OF FLORIDA      :

                          : SS.

COUNTY OF MIAMI-DADE:

    Before me, the undersigned authority personally appeared _____ who, after being duly sworn, states under oath that s/he is authorized to execute the foregoing Answers to Interrogatories on behalf of AMOR DE JESUS CORP, and that they are true and correct to the best of her/his knowledge and belief. SWORN TO AND SUBSCRIBIED before me this ___ day of _____, 2019, and [ ] who is personally known by me or [ ] who produced _____ as identification.

                                                    _____
                                                    Signature Notary Public – State of Florida

                                                    Print Name: _____

                                                    My Commission Expires: _____

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by email on this 8th day of January 2024 on Matthew P. Leto, Esq., mleto@hlhlawfirm.com and Charlie Gourlis, Esq., cgourlis@hlhlawfirm.com *as Counsels for Defendants*, Hall, Lamb, Hall & Leto, P.A., 2665 South Bayshore Drive - PH One, Miami, Florida 33133.

*s/*Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
7300 N. Kendall Drive
Suite 450
Miami, FL 33156
Tel:    305.230.4884
*Counsel for Plaintiff*

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com