UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-CV-24299-MORENO/OTAZO-REYES

MARIA ELENA CHAVEZ LETONA,

    Plaintiff,

vs.

AMOR DE JESUS, CORP.,
SWEET LIVING FACILITY INC.,
JOSE MACHADO,
ZELMIRA QUINONEZ, AND
AMINTA QUINONEZ,

    Defendants.
_____/

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT, ZELMIRA QUINONEZ

Plaintiff, Maria Elena Chavez Letona, pursuant to Fed. R. Civ. P. 26 and 33, Local Rule 26.1, and other applicable Rules and laws, propound these Interrogatories on Defendant, Zelmira Quinonez, who shall respond separately, fully, under oath and in writing, within the time prescribed by the Federal Rules of Civil Procedure, in accordance with the Instructions and Definitions set forth below:

### INSTRUCTIONS

1.    These instructions and definitions should be construed to require answers based upon the knowledge of, and information available to, the responding party as well as its agents, representatives, and, unless privileged, attorneys. It is intended that the following discovery requests will not solicit any material protected either by the attorney/client privilege or work product doctrine which was created by, or developed by, counsel for the responding party after the

1

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

date on which this litigation was commenced. If any inquiry is susceptible of a construction that calls for the production of such material, that material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 26(b)(5) will be required as to such material.

2. These Interrogatories are continuing in character, so as to require that supplemental answers be filed seasonably if further or different information is obtained with respect to any interrogatory and as additional Plaintiffs opt-in to the case.

3. Pursuant to Local Rule 26.1, no part of an interrogatory should be left unanswered merely because an objection is interposed to another part of the interrogatory. If a partial or incomplete answer is provided, the responding party shall state that the answer is partial or incomplete.

4. In accordance with Fed. R. Civ. P. 26(b)(5), where a claim of privilege is asserted in objecting to any interrogatory or part thereof, and information is not provided on the basis of such assertion:

> A. In asserting the privilege, the responding party shall, in the objection to the interrogatory, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed;
>
> B. The following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information,
>
>> (1) For oral communications:
>>
>>> a. The name of the person making the communication and the names of persons present while the communication was made, and, where not apparent, the relationship of the persons present to the person

2

      making the communication;

    b. The date and place of the communication; and

    c. The general subject matter of the communication.

 (2) For documents:

    a. The type of document,

    b. The general subject matter of the document,

    c. The date of the document, and

    d. Such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

5. If the responding party elects to specify and produce business records in answering any interrogatory, the specification shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as the responding party can, the business records from which the answer may be ascertained.

6. If, in answering these interrogatories, the responding party encounters any ambiguities when construing a question, instruction, or definition, the responding party's answer shall set forth the matter deemed ambiguous and the construction used in answering.

## DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

1. <u>Concerning</u>: The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

2. <u>Communication</u>: The term "communication" means the transmittal of information by any means.

3. <u>Document</u>: The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R. Civ. P. 34(a) and include(s) the term "writing" and shall include electronic files and information stored electronically. Unless the producing party demonstrates undue burden or other grounds sufficient to meet the requirements of Fed. R. Civ. P. 26(c), electronic mail information stored electronically are included within the definition of the term "document." The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the term "document."

4. <u>Identify (with respect to persons)</u>: When referring to a person, to "identify" means to state the person's full name, present or last known address, and, when referring to a natural person, additionally, the present or last known place of employment. If the business and home telephone numbers are known to the answering party, and if the person is not a party or present employee of a party, said telephone numbers shall be provided. Once a person has been identified in accordance with this subparagraph, only the name of the person need be listed in response to subsequent discovery requesting the identification of that person.

5. <u>Identify (with respect to documents)</u>: When referring to documents, to "identify" means to state the: (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s) or, alternatively, to produce the document.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

6. <u>Occurrence/Transaction</u>: The terms "occurrence" and "transaction" mean the events described in the Complaint and other pleadings, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

7. <u>Parties</u>: The terms "plaintiff" and "defendant" (including, without limitation, third-party plaintiff, third-party defendant, counter claimant, cross-claimant, counter-defendant, and cross-defendant), as well as a party's full or abbreviated name or a pronoun referring to a party, mean that party and, where applicable, its officers, directors, and employees. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation or to limit the Court's jurisdiction to enter any appropriate order.

8. <u>Person</u>: The term "person" is defined as any natural person or any business, legal or governmental entity or association.

9. <u>You/Your</u>: The terms "you" or "your" include the person(s) to whom these requests have addressed, and all of that person's agents, representatives and attorneys.

10. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all;" "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

11. <u>Defendant / Jose Machado</u>: The terms "Zelmira Quinonez" and Defendant shall mean the Defendant, Zelmira Quinonez.

13. <u>Defendants</u>: The term "Defendants" shall mean Defendants, Amor de Jesus, Corp., Sweet Living Facility Inc., Jose Machado, Zelmira Quiones, and Aminta Quiones.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

## **FIRST SET OF INTERROGATORIES TO DEFENDANT, ZELMIRA QUINONEZ**

1) Please state your full name, all aliases and names by which you have been known, all addresses at which you lived during the past five years, your date of birth, and your social security number:

   **Answer:**

2) Please state whether you have ever been charged with a crime, and, if so, please state the nature of each such charge, the County and State in which each was brought, the disposition of each such charge, and the case number(s) for each:

   **Answer:**

3) Please identify by name, address and telephone number, any person who has or may have knowledge of any relevant facts or discoverable matter relating to the subject of this lawsuit, including the claims and defenses asserted, and state the substance of the knowledge that you believe or have reason to believe each of these persons may have.

   **Answer:**

6

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

4) Identify your position with Amor de Jesus, Corp. and describe your daily activities for Amor de Jesus, Corp. from February 1, 2020, to August 8, 2023:

**Answer:**

5) Identify your position with Sweet Living Facility Inc. and describe your daily activities for Sweet Living Facility Inc. from February 1, 2020, to August 8, 2023:

**Answer:**

6) If you contend that you did not supervise, hire, or manage Plaintiff in her work at Amor de Jesus, Corp. then please identify each person who did by name, address, telephone number, and each such person's position with Amor de Jesus, Corp. during this same timeframe, and then each such person's current employment/work status with Amor de Jesus, Corp.

**Answer:**

7

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

7)  If you contend that you did not supervise, hire, or manage Plaintiff in her work at Sweet Living Facility Inc. then please identify each person who did by name, address, telephone number, and each such person's position with Amor de Jesus, Corp. during this same timeframe, and then each such person's current employment/work status with Amor de Jesus, Corp.

    **Answer:**

8)  Please identify each contract, lease, and agreement you signed on behalf of Amor de Jesus, Corp. and the current custodian of each such document.

    **Answer:**

9)  Please identify each contract, lease, and agreement you signed on behalf of Sweet Living Facility Inc. and the current custodian of each such document.

    **Answer:**

10) Please identify your role in processing payroll, signing checks, paying cash, and/or paying through direct deposit, ETF, Venmo, Zelle, and/or CashApp as well as hiring and firing decisions on behalf of Amor de Jesus, Corp., during the three years prior to the filing of the Complaint in this case.

    **Answer:**

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

11) Please identify your role in processing payroll, signing checks, paying cash, and/or paying through direct deposit, ETF, Venmo, Zelle, and/or CashApp as well as hiring and firing decisions on behalf of Sweet Living Facility, Inc., during the three years prior to the filing of the Complaint in this case.

**Answer:**

12) Please state if you have ever been named as a Plaintiff, Defendant, or witness in a lawsuit and, if so, then please state the nature of the claim, identify whether you were a Plaintiff, Defendant, or witness, whether you gave a deposition, the case number and jurisdiction of each such claim, and the outcome.

**Answer:**

13) Please identify all conversations you had with Plaintiff regarding her hiring, her pay, her hours worked, and/or her job duties/responsibilities during the three years before the filing of the Complaint in this case:

**Answer:**

9

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

14) Please identify each bank account for Amor de Jesus, Corp. of which you are a signatory and identify each other signatory during the time period during which Plaintiff worked for Defendants:

   **Answer:**

15) Please identify each bank account for Sweet Living Facility, Inc. of which you are a signatory and identify each other signatory during the time period during which Plaintiff worked for Defendants:

   **Answer:**

                                                        ZELMIRA QUINONEZ

10

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

STATE OF FLORIDA        :

                               : SS.

COUNTY OF _____:

    Before me, the undersigned authority personally appeared ZELMIRA QUINONEZ who, after being duly sworn, states under oath that the foregoing Answers to First Set of Interrogatories on are true and correct.

    SWORN TO AND SUBSCRIBIED before me this \_\_\_ day of _____, 2024, and who is [\_\_] personally known by me or [\_\_] who produced _____ as identification.

                                          _____
                                          Signature Notary Public – State of Florida

                                          Print Name: _____

                                          My Commission Expires: _____

11

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by email on this 8th day of January 2024 on Emmanuel Perez, Esq., perez@lawperez.com and courtmail@lawperez.com, *as Counsel for Defendants*, Law Offices of Emmanuel Perez & Associates, P.A., 901 Ponce De Leon Boulevard Suite 101, Coral Gables Florida 33134.

                                            s/Brian H. Pollock, Esq.
                                            Brian H. Pollock, Esq. (174742)
                                            brian@fairlawattorney.com
                                            FAIRLAW FIRM
                                            135 San Lorenzo Avenue
                                            Suite 770
                                            Coral Gables, FL 33146
                                            Tel:   305.230.4884
                                            *Counsel for Plaintiff*

12

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*