UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-CV-24299-MORENO

MARIA ELENA CHAVEZ LETONA,

    Plaintiff,

vs.

AMOR DE JESUS, CORP.,
SWEET LIVING FACILITY INC.,
JOSE MACHADO,
ZELMIRA QUINONEZ, AND
AMINTA QUINONEZ,

    Defendants.
_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION FOR PROTECTIVE ORDER

    Plaintiff, Maria Elena Chavez Letona, through her undersigned counsel and responds to the Motion for Protective Order filed by Defendants, Sweet Living Facility, Inc. and Zelmira Quiones, and requests the Court to deny the Motion based on the following good cause:

    1.    Defendants jumped the gun by rushing to Court to request the entry of a protective order regarding the deposition of Defendant Zelmira Quinonez.

    2.    In so doing, Defendants misrepresent that Plaintiff refused to cancel or reschedule the deposition, which is demonstrably **false**. [ECF No. 47 at ¶5.]

    3.    At 11:00 a.m., over two hours before Defendants filed their Motion, Plaintiff emailed Defendants a letter confirming his prior emails and clarifying his agreement to reschedule the subject deposition.

1

4. Plaintiff has encountered significant difficulties in obtaining dates on which to depose the Defendants throughout this case, including the Defendants offering limited windows of three to four hours on any particular day to complete the deposition of a party Defendant.

5. The offering of these limited windows for taking depositions occurred after Defendants produced little to no meaningful information in response to the discovery propounded on them in this FLSA minimum wage and overtime case.

6. While likely to be the basis for a future motion to address the inferences to be drawn at and/or exclusions from trial, Defendants offered little meaningful answers to interrogatories, scant responsive materials, and produced none of the documents that Assisted Living Facilities are required to maintain by Florida law, such as (i) the written work schedules reflecting their 24-hour staffing pattern (required to be maintained by FAC 59A-36.030(3)(a)9(c)), and/or (ii) staff records that include employment applications, references, licenses, training, education, written work schedules (required to be maintained by FAC 59A-36.015(2)).

7. Plaintiff was, thus, concerned about the Defendants' attempts to limit the discovery beyond the limitations imposed by the Rules of Civil Procedure in agreeing to reschedule the deposition of Zelmira Quinones and to be mindful of the dispositive motion deadline.

8. Plaintiff nonetheless coordinated to reschedule the deposition of Zelmira Quinonez for a later date and already served the Re-Notice for her deposition.

9. Had Defendants complied with the requirements imposed by Local Rule 7.1 by conferring (let alone including a conferral statement in the Motion), they would not likely have filed the Motion.

10. Accordingly, the Court properly denies the Defendants' Motion for Protective Order as moot.

2

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

Respectfully submitted this 11th day of April 2024.

Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff*

3

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*