UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MARIA ELENA CHAVEZ LETONA,
    Plaintiff,
v.                                                                      CASE NO.: 1:23-CV-24299

AMOR DE JESUS CORP., et al.,
    Defendants.
_____/

## DEFENDANT JOSE MACHADO'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, the Defendant, Jose Machado ("**Machado**") by and through undersigned counsel, and pursuant to Rule 56, Federal Rules of Civil Procedure hereby moves this Honorable Court enter judgment as a matter of law, as to each count of the Complaint, which names Machado, and in support states as follows:

## BACKGROUND

1. On November 9, 2023, Plaintiff, Maria Elena Chavez Letona ("**Plaintiff**") filed a multi-count complaint (the "**Complaint**") against the Defendants. [DE1].

2. The Complaint alleges that each of the Defendants, including Machado, was a "direct employer" or "joint employer" or "co-employer" for purposes of the FLSA, as defined by 29 U.S.C. § 203(d). [DE1 ¶ 11].

3. As to Machado, the undisputed facts establish that Machado was an "owner" of ADJ Corp in name only and had "nothing to do with" the operations of the company. [Exhibit A 24].

4. The Complaint also alleges that Plaintiff was employed by the Defendants between 2020 and August 8, 2023 [DE1 ¶ 25] but alleges that she was not paid minimum wages under the FLSA between January 1, 2020, through September 30, 2022. [DE1 ¶ 31].

5. Furthermore, as to Counts I and III of the Complaint (each alleging violations of the FLSA), Plaintiff alleges damages accruing January 1, 2020; January 1, 2021; September 30, 2021;

1

and September 30, 2022. [DE1 ¶ 31]. Any claims, with respect to any named defendant, which accrued prior to November 9, 2021, are barred by the applicable statute of limitations as to Counts I and III.

MEMORANDUM OF LAW

I.   LEGAL STANDARD ON SUMMARY JUDGMENT

Summary judgment is appropriate when "evidence in the summary judgment record gives rise to no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *See Dionne v. Keating*, 154 F. 3d 1262 (11th Cir. 1998). A fact is "material" for summary judgment purposes when "it must be decided to resolve the substantive claim or defense to which the motion is directed." *See Fisk Elec. Co. v. SFCS, Inc.*, 2008 U.S. Dist. LEXIS 31930 (S.D. Fla. Apr. 17, 2008). A disputed in the facts is considered "genuine" only when "the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *See In re Royal Caribbean Cruises*, 991 F. Supp. 2d 1171 (S.D. Fla. 2013).

Notably, courts have repeatedly cautioned that "speculation or conjecture cannot create a genuine issue of material fact for summary judgment purposes." *See Woodard v. Clark Atlanta Univ.*, 2021 U.S. Dist. LEXIS 204510 (N.D. Ga. Jan. 22, 2021). Likewise, "the nonmoving party cannot create a genuine issue through evidence that is merely colorable or not significantly probative." *Id. see also Schultz v. Royal Caribbean Cruises, Ltd.*, 565 F. Supp. 3d 1232 (S.D. Fla. 2020) ("Mere speculation is not sufficient to create a genuine issue of material fact on summary judgment."); *Sheely v. Bank of Am., N.A.*, 738 Fed. Appx. 603 (11th Cir. 2018) ("Speculation or conjecture cannot create a genuine issue of material fact, and a mere scintilla of evidence in support of the nonmoving party cannot overcome a motion for summary judgment.").

Finally, the summary judgment movant "always bears the initial responsibility of informing the district court of the basis for its motion for summary judgment." *See Allstate Insur. Co. v. Sellers-Bok*, 942 F. Supp. 1428 (M.D. Ala. 1996). However, the nature of the burden varies depending on whether the movant has the ultimate burden of proof at trial. *See Fitzpatrick v. Cty of Atlanta*, 2 F. 3d 1112 (11th Cir. 1993). If, as here, the movant on summary judgment lacks the trial burden of proof, all that the movant must do to prevail on summary judgment is "point out to the district court that there is an absence of evidence to support the non-moving party's case." *Id.* at 1116. "Alternatively, the moving party may support its motion . . . with affirmative evidence demonstrating that the non-moving party will be unable to prove its case at trial." *Id.*

II.      PLAINTIFF CANNOT ESTABLISH "EMPLOYER" STATUS IN MACHADO

As applied here, the Plaintiff will be unable to establish that Machado is an "employer" under the undisputed facts of this case. As such, Machado is entitled to summary judgment as to Counts I-III of the Complaint.

"An employer is defined as 'any person acting directly or indirectly in the interest of an employer in relation to an employee" under the FLSA.[1] *See Salgado v. Fla. Valet Parking Serv.*, 2015 U.S. Dist. LEXIS 180425 (S.D. Fla. Apr. 9, 2015). To determine whether an individual is an "employer" under the FLA, the Court should look at the "economic reality of the relationship between the parties." *See Villarreal v. Woodham*, 113 F. 3d 202, 205 (11th Cir. 1997). "The economic reality test includes inquiries into whether the alleged employer (1) had the power to

---

[1] Notably, the same standards apply to the FMWA. *See e.g., Stapleton v. Kemper Sports Management, Inc.*, 2017 U.S. Dist. LEXIS 238678 (M.D. Fla. Jan. 6, 2017) ("To prevail on a claim under the FMWA, Plaintiff must establish that (1) he was employed by an employer covered by the Far Labor Standards Act during the time period involved; (2) he was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce; and (3) the employer failed to pay him the minimum wage and overtime compensation required by law.").

hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records." *Id.* Ultimately, to be "personally liable, [the individual] must be either involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *See Patel v. Wargo*, 308 F. 2d 632, 638 (11th Cir. 1986).

A "corporate owner" is deemed an "employer" only when he or she "exercise[s] control over significant aspects of [the company's] day-to-day functions, including compensation of employees and other matters in relation to an employee" combined with "sufficient control of the company's financial affairs to cause [the company] to compensate (or not compensate) employees in accordance with the FLSA." *See e.g., Norton-Johnson v. W. Ga. Cardiology Assocs., P.C.*, 2016 U.S. Dist. LEXIS 131522 (N.D. Ga. Feb. 3, 2016); *Fernandez v. CheckAlt Eras, Inc.*, 2020 U.S. Dist. LEXIS 160321 (S.D. Fla. Aug. 31, 2020) (recognizing that a "corporate officer" must have "operational control" to be considered an "employer" the FLSA); *Calloway v. Rite Way Animal Removal, LLC*, 2024 U.S. Dist. LEXIS 48589 (M.D. Ga. Mar. 19, 2024) (noting that a "corporate officer" must have "operational control" to be considered an employer).

As applied here, there is no dispute that Machado appears on paper as the sole owner of ADJ Corp. [Exhibit A 24:3-4] ("Everything is under my name only."). However, Machado was not involved with the "financials" of the business. [Exhibit A 24:5-10]. Furthermore, he does not receive any profits from ADJ Corp. [Exhibit A 24:11-14]. Additionally, Machado testified under oath that he was not responsible for "overseeing the business operations" of ADJ Corp. [Exhibit A 26:11-14]. Machado also indicated that he had only ever been to the physical location a handful of times, to drop of items such as groceries. [Exhibit A 23:7-18]. Ultimately, Machado indicated that he had "nothing to do" with ADJ Corp. "whatsoever" and was merely the "owner" at his wife's

4

request. [Exhibit A 23:2-6] ("I have no involvement with Amor De Jesus . . . whatsoever."); [Exhibit A 19:2-12].

None of the economic realities' factors weigh in favor of finding that Machado is an "employer" under the FLSA. He had no "hiring" or "firing" power. He had no ability to control the work schedules of employees. He had "say so" with respect to payment rates for employees. Finally, he had no responsibility or ability to maintain employment records. For these reasons, even though Machado is listed as a "corporate officer" or "owner" of ADJ Corp., he is not an "employer" under applicable law. Summary judgment is appropriate as to all claims asserted against Machado, accordingly.

### III. CLAIMS ACCRUING PRIOR TO NOVEBER 9, 2021 ARE BARRED BY THE STATUTE OF LIMITATIONS

Additionally, all Defendants aver that any claims which accrued prior to November 9, 2021, are barred by the statute of limitations, and Plaintiff cannot prove that Defendants acted "willfully" for purposes of applying the three-year statute of limitations under the FLSA.

Under the FLSA, the statute of limitations is two-years. *See Woods v. On Baldwin Pond, LLC*, 2014 U.S. Dist. LEXIS 13790 (M.D. Fla. Sept. 19, 2014) (citing 29 U.S.C. § 201). "To establish that the violation of the FLSA was willful in order to extend the limitations period, the employee must prove by a preponderance of the evidence that his employer either knew that its conduct was prohibited by the statute or showed reckless disregard about whether it was." *Id.* As applied here, there is no record evidence that Defendants acted willfully. Furthermore, the Complaint alleges that claims accrued in the amount of $31,350.72 *prior to* November 9, 2021 (which is two years prior to the filing of the Complaint). These claims are forever barred. Summary judgment is appropriate as to any claim for damages that accrued after the expiration of the statute of limitations.

CONCLUSION

WHEREFORE, Machado respectfully requests this Honorable Court: (1) <u>find</u> that no genuine issues of material fact exist, as to Machado's status as an "employer" under the FLSA and/or FMWA; and (2) <u>find</u> that Machado is not an "employer" under the FLSA and/or FMWA; and (3) <u>order</u> that because Machado is not an "employer" he is not liable as a matter of law, as to Counts I, II, and III of the Complaint; and (4) <u>enter</u> judgment in favor of Machado, reserving jurisdiction to award costs and reasonable attorney's fees; and (5) <u>award</u> all other relief deemed just and necessary under the circumstances.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading has been electronically filed and served via EM/ECF on this 13th day of May 2024.

By: *Emmanuel Perez*
Emmanuel Perez, Esq.
Fla. Bar # 586552

**LAW OFFICE OF EMMANUEL PEREZ & ASSOCIATES, P.A.**
901 Ponce De Leon Blvd., Suite 101
Coral Gables, FL 33134
Tel: (305) 442-7443
Fax: (305) 441-9218
E: perez@lawperez.com