UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-CV-24299-MORENO/TORRES

MARIA ELENA CHAVEZ LETONA,

    Plaintiff,

vs.

AMOR DE JESUS, CORP.,
SWEET LIVING FACILITY INC.,
JOSE MACHADO,
ZELMIRA QUINONEZ, and
AMINTA QUINONEZ,

    Defendants.
_____/

## **PLAINTIFF'S STATEMENT OF MATERIAL FACTS**

Plaintiff, Maria Elena Chavez Letona, pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, responds to the Statement of Material Facts filed by Defendants [ECF No. 61] as follows:

1.    Disputed. Defendant Machado was involved in the day-to-day operations of Amor De Jesus Corp. ("ADJ") during Plaintiff's employment by engaging in activities such as: (i) purchasing and dropping off supplies for the assisted living facility, which Plaintiff was required to unload and organize; (ii) delivering cash to the facility which was used to pay Plaintiff's wages; (iii) observing Plaintiff while she worked; and (iv) overseeing and paying for repairs to the facility, such as to the air conditioning unit. Ex. 1, Pl.'s Dec., ¶ 11. On some occasions, Defendant Machado would directly pay Plaintiff her wages. *Id.* at 13. Further, Mr. Machado would direct Plaintiff in performing her job duties for ADJ by instructing her: (i) what temperatures to set the air conditioning unit; (ii) how to operate an electric generator if there was a power outage at ADJ; (iii)

1

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

how to fix clogged toilets and septic backups at ADJ; and (iv) to notify him if there were problems at the facility or repairs that needed to be made. Ex. 1, Pl.'s Dec., ¶ 12.

2. Disputed. In addition to purchasing and delivering groceries to ADJ for its residents, Defendant Machado routinely visited the facility to: (i) deliver cash to the facility's manager and administrator, Defendant Aminta Quiñonez, so she could pay Plaintiff; (ii) pay Plaintiff directly; (iii) observe Plaintiff while she worked; (iv) oversee and pay for repairs to the facility; and (v) instruct Plaintiff how to perform her job duties for ADJ. Ex. 1, Pl.'s Dec., ¶¶ 11-13.

3. Disputed. Defendant Machado was involved in the day-to-day operations of ADJ during Plaintiff's employment by engaging in activities such as: (i) purchasing and delivering food and supplies for the assisted living facility and its residents; (ii) delivering cash to the facility to be used to pay Plaintiff's wages; (iii) observing Plaintiff while she worked; (iv) overseeing and paying for repairs to the facility, such as to the air conditioning unit; (v) instructing Plaintiff how to perform her job duties; and (vi) directly paying Plaintiff her wages. Ex. 1, Pl.'s Dec., ¶ 11-13.

4. Disputed. Defendant Machado was involved in the financials of ADJ to the extent that he: (i) purchased groceries and other supplies for the residents of ADJ (Ex. 1, Pl.'s Dec., ¶ 11); (ii) delivered cash to ADJ for the purpose of paying Plaintiff's wages (*Id.*); (iii) directly paid Plaintiff her wages (*Id.* at ¶ 13); (iv) was listed as the contact person for ADJ's tax returns for tax years 2020 and 2021 (Ex. 2, ADJ 2020 Tax Return, 12; Ex. 3, ADJ 2021 Tax Return, 12.); and (v) was listed as ADJ's Financial Officer (since September 17, 2012) in its 2021 and 2023 Health Care Licensing Renewal Applications for Assisted Living Facilities filed with the Florida Agency for Health Care Administration, which Mr. Machado signed under penalty of perjury (Ex. 4, ADJ 2021 AHCA Renewal App., 4 and 6; Ex. 5, ADJ 2023 AHCA Renewal App., 4 and 6).

2

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

5. Undisputed that Defendant Machado has testified that he does not receive profits or monetary funds from ADJ despite being the business's sole owner and financial officer. However, Defendants have refused to produce ADJ's financial documents or Defendant Machado's tax returns which would enable to Plaintiff to prove or disprove this assertion.

6. Undisputed.

7. Undisputed.

8. Disputed. Defendant Machado was responsible for overseeing the business operations of ADJ during Plaintiff's employment by engaging activities such as: (i) purchasing and delivering food and supplies for the assisted living facility and its residents; (ii) delivering cash to the facility to be used to pay Plaintiff's wages; (iii) observing Plaintiff while she worked; (iv) overseeing and paying for repairs to the facility, such as to the air conditioning unit; (v) instructing Plaintiff how to perform her job duties; and (vi) directly paying Plaintiff her wages. Ex. 1, Pl.'s Dec., ¶ 11-13.

9. Disputed. Defendant Machado possessed operational control over ADJ and control over Plaintiff's employment by engaging activities such as: (i) purchasing and delivering food and supplies for the assisted living facility and its residents; (ii) delivering cash to the facility to be used to pay Plaintiff's wages; (iii) observing Plaintiff while she worked; (iv) overseeing and paying for repairs to the facility, such as to the air conditioning unit; (v) instructing Plaintiff how to perform her job duties; and (vi) directly paying Plaintiff her wages. Ex. 1, Pl.'s Dec., ¶ 11-13. Further, Defendant Machado was listed as ADJ's Financial Officer (since September 17, 2012) in its 2021 and 2023 Health Care Licensing Renewal Applications for Assisted Living Facilities filed with the Florida Agency for Health Care Administration, which Mr. Machado signed under penalty of

perjury. Ex. 4, ADJ 2021 AHCA Renewal App., 4 and 6; Ex. 5, ADJ 2023 AHCA Renewal App., 4 and 6.

10. Disputed in part. Paragraph 10 of Defendant's Statement of Material Facts contains a legal assertion or defense rather than a material fact, and should therefore be stricken. Plaintiff asserts that Defendants violated the FLSA willfully and intentionally (ECF No. 1 at ¶¶ 32, 43), and therefore seeks to recover minimum and overtime wages under the FLSA's applicable three-year statute of limitations accrued from November 9, 2020 through the end of her employment.

## PLAINTIFF'S ADDITIONAL MATERIAL FACTS

11. ADJ's Articles of Incorporation were amended in 2012 to add Defendant Machado as the company's Registered Agent, sole Director, its President, and Secretary. Ex. 6, ADJ 2012 Articles of Amendment.

12. Since the amendment in 2012, ADJ has identified Defendant Machado as its president and registered agent in every annual report filed by ADJ with the Florida Department of State. Ex. 7, ADJ DOS Filings.

13. In ADJ's 2021 and 2023 Health Care Licensing Renewal Applications for Assisted Living Facilities filed with the Florida Agency for Health Care Administration, Mr. Machado identified himself as ADJ's sole Financial Officer and signed each application under penalty of perjury. Ex. 4, ADJ 2021 AHCA Renewal App., 4 and 6; Ex. 5, ADJ 2023 AHCA Renewal App., 4 and 6.

14. Mr. Machado was listed as the contact person for ADJ's tax returns for tax years 2020 and 2021. Ex. 2, ADJ 2020 Tax Return, 12; Ex. 3, ADJ 2021 Tax Return, 12.

4

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

15. Throughout the time that Plaintiff worked for ADJ between 2020 and 2023, Mr. Machado was the husband of ADJ's manager and administrator, Defendant Aminta Quiñonez. Ex. 1, Pl.'s Dec., ¶ 7.

16. Mr. Machado regularly delivered cash to ADJ's assisted living facility, which was used to pay Plaintiff's wages between 2020 and 2023. Ex. 1, Pl.'s Dec., ¶ 11.

17. On some weeks during Plaintiff's employment at ADJ, Mr. Machado would pay her directly for her work at ADJ by handing her an envelope containing cash. Ex. 1, Pl.'s Dec., ¶ 13.

18. Mr. Machado would regularly purchase and drop off groceries and other supplies for the residents at ADJ's assisted living facility between 2020 and 2023, which Plaintiff was required to unload and organize. Ex. 1, Pl.'s Dec., ¶ 11.

19. Mr. Machado would regularly oversee and pay for repairs to ADJ's assisted living facility between 2020 and 2023. Ex. 1, Pl.'s Dec., ¶ 11.

20. Mr. Machado regularly observed Plaintiff as she worked for ADJ between 2020 and 2023. Ex. 1, Pl.'s Dec., ¶ 11.

21. Mr. Machado would direct Plaintiff in performing her job duties for ADJ by instructing her: (i) to set the air conditioning unit to certain temperatures; (ii) how to operate an electric generator in the event of a power outage at the facility; (iii) how to fix clogged toilets and septic backups at the facility; and (iv) to notify him if there were problems or needed repairs at the facility. Ex. 1, Pl.'s Dec., ¶ 12.

22. During Plaintiff's employment at ADJ, Mr. Machado routinely received mail and telephone calls from individuals doing business with ADJ. Ex. 1, Pl.'s Dec., ¶¶ 8-9.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

23.     During Plaintiff's employment with ADJ, Mr. Machado's certificates and/or diplomas were posted on the wall inside ADJ's assisted living facility. Ex. 1, Pl.'s Dec., ¶ 10.

Respectfully submitted this 27th day of June 2024.

s/ Patrick Brooks LaRou
Brian H. Pollock, Esq.
Florida Bar No. 174742
Email: brian@fairlawattorney.com
Patrick Brooks LaRou, Esq.
Florida Bar No. 1039018
Email: brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Ave, Suite 770
Coral Gables, FL 33146
Telephone: (305) 928-4893
*Counsel for Plaintiff*

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*