UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-CV-24299-MORENO/TORRES

MARIA ELENA CHAVEZ LETONA,

    Plaintiff,

vs.

AMOR DE JESUS, CORP.,
SWEET LIVING FACILITY INC.,
JOSE MACHADO,
ZELMIRA QUINONEZ, and
AMINTA QUINONEZ,

    Defendants.
_____/

## **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT, JOSE MACHADO'S MOTION FOR SUMMARY JUDGMENT**

### **I. INTRODUCTION**

Contrary to Defendant Jose Machado's self-serving testimony that he played no part in the day-to-day or financial operations of Defendant Amor De Jesus, Corp. ("ADJ") during Plaintiff's employment (despite serving as the corporation's president, registered agent, financial officer, and contact person for its tax returns), the record evidence presented by Plaintiff creates genuine disputes as to several material facts which preclude the Court's entry of summary judgment. And because the Court must reserve its ruling on whether Defendants' violations under the Fair Labor Standards Act ("FLSA" or "the Act") were "willful" until it first rules whether a violation of the FLSA has actually occurred, determination as to the applicability of the Act's two-year or three-year statute of limitations is premature at this time. Accordingly, the Court properly denies Defendant Machado's Motion for Summary Judgment in full.

1

## II. SUMMARY JUDGMENT STANDARD

According to Fed. R. Civ. P. 56, summary judgment may only be granted when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In determining whether the moving party has met this burden, all evidence and factual inferences must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Rojas v. Florida*, 285 F.3d 1339, 1341-42 (11th Cir. 2002). The party opposing the motion for summary judgment need not respond to with evidence *unless and until* the movant has supported the motion with sufficient evidence. *Adickes*, 398 U.S. at 160. Unless the moving party has demonstrated that the facts underlying the relevant legal questions raised by the pleadings or otherwise are not in dispute, summary judgment must be denied (even when the non-moving party has introduced no evidence whatsoever). *Brunswick Corp. v. Vineberg*, 370 F.2d 605, 611-12 (5th Cir. 1967).

The respondent must come forward with opposing summary judgment evidence only after the moving party has met its burden. If the record presents factual issues, then the Court cannot decide them and must deny the motion and must allow the conflicting facts to be decided at trial. *Environmental Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981). Defendant has not met its burden.

When the record reveals disputed factual issues, the Court must deny Defendant's motion for summary judgment and allow the conflicting facts to be decided at trial. *Environmental Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981). The Court must also resolve all ambiguities and draw all justifiable inferences in favor of Capt. Perez. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255

2

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

(1986). The Court cannot weigh the competing facts at the summary stage and instead must deny summary judgment:

> It is not this Court's function to weigh the facts and decide the truth of the matter at summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, where there are "varying accounts of what happened," **the proper standard requires us to adopt the account most favorable to the non-movants**. *Perez v. Suszczynski*, 809 F.3d 1213, 1217 (11th Cir. 2016). [*Emphasis added*.]

*Smith v. LePage*, 834 F.3d 1285, 1296 (11th Cir. 2016). The Court does not make credibility determinations at the summary judgment stage because only the jury can make them. *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1252 (11th Cir. 2013).

Summary judgment also cannot be entered when the parties agree on the basic facts but disagree about the inferences that could/should be drawn from those facts. *Lighting Fixture & Elec. Supply Co. v. Cont'l Ins. Co.*, 420 F.2d 1211, 1213 (5th Cir. 1969). The court must deny summary judgment if reasonable minds could differ on the inferences arising from the undisputed facts. *Impossible Elec. Techniques, Inc. v. Wackenhut Protective Sys., Inc.*, 669 F.2d 1026, 1031 (5th Cir.1982).

### III. ARGUMENT

#### A. <u>Defendant Machado was Plaintiff's "Employer" Under the FLSA.</u>

In Defendant Machado's Motion for Summary Judgment, he asserts that "Plaintiff will be unable to establish that Machado is an 'employer' under the undisputed facts of this case." ECF No. 60 at 3. However, the existence of record evidence establishing Defendant Machado's involvement in ADJ's day-to-day business operations precludes the Court's entry of summary judgment as to all three Counts of Plaintiff's Complaint.

The FLSA creates a private right of action against any employer who violates its minimum wage or overtime provisions, defining the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." *Spears v. Bay Inn &*

3

*Suites Foley, LLC*, No. 22-13376, 2024 U.S. App. LEXIS 15002, at *5 (11th Cir. June 20, 2024) (citing 29 U.S.C. §§ 216(b), 203(d)). "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Patel v. Wargo*, 803 F.2d 632, 637–38 (11th Cir. 1986) (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir.1983)).

The Eleventh Circuit Court of Appeals recently addressed individual liability under the FLSA in *Spears*:

> Though the FLSA 'contemplates at least some individual liability," Congress intended to impose liability upon those who "'control[ ] a corporation's financial affairs and can cause the corporation to compensate (or not to compensate) employees in accordance with the FLSA.'" *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1314 (11th Cir. 2013) (quoting *Baystate Alt. Staffing, Inc. v. Herman*, 163 F.3d 668, 677 (1st Cir. 1998)).
> . . .
> The analysis should focus on "the role played by the corporate officers in causing the corporation to undercompensate employees and to prefer the payment of other obligations and/or the retention of profits. In addition to direct evidence of such a role, other relevant indicia may exist as well—for example, an individual's operational control over significant aspects of the business and an individual's ownership interest in the business. Such indicia, while not dispositive, are important ... because they suggest that an individual controls a corporation's financial affairs and can cause the corporation to compensate (or not to compensate) employees in accordance with the FLSA." *Baystate*, 163 F.3d at 678. Otherwise, supervisors may find themselves individually liable under the FLSA even though they have nothing to do with the compensation of employees—the very thing the FLSA is concerned with. *See Manning v. Boston Medical Ctr. Corp.* 725 F.3d 34,. *See also Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012) (listing the following factors as ones to consider in determining whether a person is an employer: whether the person "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records").

*Spears*, 2024 U.S. App. LEXIS 15002 at *16-18.

"To be an employer under the Act, a supervisor 'must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee.'" *Spears*, 2024 U.S. App. LEXIS 15002 at *6 (quoting *Patel*, 803 F.2d at 638). Such involvement includes "control

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

over 'significant aspects of the company's day-to-day functions, including compensation of employees or other matters in relation to an employee.'" *Lamonica*, 711 F.3d at 1314 (quoting *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008)).

"Federal courts look to the economic reality of the relationship between the parties in order to determine whether an individual FLSA defendant is an 'employer' subject to FLSA liability." *Mendoza v. Disc. C.V. Joint Rack & Pinion Rebuilding, Inc.*, 101 F. Supp. 3d 1282, 1290 (S.D. Fla. 2015) (finding sole owner and president individually liable). In the Eleventh Circuit, a separate four-factor economic reality test is used to determine liability by evaluating whether the individual: (1) had the power to hire and fire employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records.[1] *Id.* Whether an individual falls within the classification of "employer" under the FLSA turns not on "technical or isolated factors but rather on the circumstances of the whole activity." *Alvarez Perez*, 515 F.3d at 1160.

Because business owners and corporate officers are more likely to exercise operational control over a business entity employing individuals under the FLSA, they are more susceptible to personal liability under the Act than wage-earning employees of the business—although individual liability is not limited to officers and owners. *Spears*, 2024 U.S. App. LEXIS 15002 at *6. Individual liability of an owner or corporate officer is established where they have demonstrated involvement in the company's day-to-day operations, including "regular visits to the company's facilities, the

---

[1] There is some authority that an alternate "disjunctive rule" to determine individual liability exists in the Eleventh Circuit. The disjunctive rule refers to the test articulated in *Patel* that requires an examination of whether an individual was "involved in the day-to-day operation of the company" or had "some direct responsibility for the supervision of the employee" to be found personally liable. 803 F.2d at 638. *See Santos v. Cuba Tropical, Inc.*, 829 F. Supp. 2d 1304, 1311 (S.D. Fla. 2011) for a thorough explanation of the disjunctive rule and the "alternative test". While *Mendoza*, *supra*, states the four-factor economic-reality test is the Eleventh Circuit standard, *Moreira v. Americlean Bldg. Maint., Inc.*, 2016 WL 739657 (S.D. Fla. Feb. 25, 2016) recognizes the disjunctive rule as the test in the Eleventh Circuit. However, Liz McKinnon is individually liable under either test as the undisputed facts in this section demonstrate.

5

power to determine employee salaries, involvement in the business operations of the company, or control over the company's purse strings." *Id.* at 6-7 (citing *Alvarez Perez*, 515 F.3d at 1160-62 (collecting cases)).

The Court properly finds that Machado is subject to individual liability based on his involvement in and direct responsibility for ADJ's financial affairs and management, and Plaintiff's employment therewith. The evidence is that Machado attested to the State of Florida that he was and remains the corporate officer financially responsible for ADJ's affairs. ECF No. 71 at ¶ 13. In this Court, and despite attesting to his financial responsibilities to the State of Florida several times, Mr. Machado offers irreconcilable testimony disclaiming any financial responsibility and requests the Court to weigh his testimony more than his written attestations. In particular, Machado claims that while he "appears on paper as the sole owner of ADJ[,]" he has never been involved in the business's financial activities, does not receive any profits from ADJ, and has never been responsible for overseeing its business operations. [ECF No. 60 at 4.] The Court cannot weigh the conflicting testimony and thereby invade the province of the jury, requiring that his Motion be denied. *See e.g.*, *Reddish v. Epoca Corp*, 2019 WL 5535390, at *6 (S.D. Fla. Oct. 25, 2019) (denying summary judgment based on conflicting evidence.)

Throughout Plaintiff's employment with ADJ between 2020 and 2023, Defendant Machado controlled the company's purse strings by purchasing groceries and other supplies for its residents, paying for repairs to the assisted living facility, delivering cash to the facility to pay Plaintiff's wages, and directly paying Plaintiff her wages. ECF No. 71 at ¶¶ 16-19. Nonetheless, Machado seeks to escape individual liability under the FLSA by asserting that he "was not involved with the 'financials' of the business." ECF No. 60 at 4. This factual assertion directly conflicts with established record evidence as stated in Plaintiff's sworn declaration. Moreover, in ADJ's renewal

6

applications for Health Care Licensing as an Assisted Living Facility filed with the Florida Agency for Health Care Administration ("AHCA") in 2021 and 2023, Defendant Machado listed himself as the corporation's Financial Officer. ECF No. 71 at ¶ 13. ADJ has further acknowledged Defendant Machado's involvement with the business's financials by listing him as the contact person on ADJ's tax returns for tax years 2020 and 2021. ECF No. 71 at ¶ 14. Therefore, significant factual disputes exist as to Defendant Machado's involvement in the finances of ADJ, including the corporation's issuance of Plaintiff's wages.

Next, Defendant Machado attempts to escape individual liability under the FLSA by claiming that "he does not receive any profits from ADJ Corp." ECF No. 60 at 4. As noted above, it is not an individual's ownership status that determines whether they should be deemed an "employer" and held liable under the FLSA, but rather their involvement in the business's day-to-day operations such as regular visits to the company's facilities and "control over the company's purse strings." *Spears*, 2024 U.S. App. LEXIS at *6-7. Therefore, Defendant Machado's assertion that he receives no profits of ADJ (despite being listed as its president since 2012, its contact person on its 2020 and 2021 tax returns, and its financial officer on its AHCA applications in 2021 and 2023) "is not dispositive for individual liability under the Act." *See Id.* at *6 (finding that the individual defendant was an "employer" under the FLSA although he was not an owner of the company).

Finally, Defendant Machado denies his involvement in ADJ's business operations, claiming that he has only been to the facility a handful of times to drop off items such as groceries. ECF No. 60 at 4. This testimony is controverted by Plaintiff's assertions that, in addition to dropping off food supplies for the facility's residents, Defendant Machado would: (i) deliver cash to ADJ which was used to pay Plaintiff's wages; (ii) directly pay Plaintiff her wages; (iii) oversee and pay for repairs

7

at the assisted living facility; and (iv) receive mail and telephone calls from individuals doing business with ADJ. ECF No. 71 at ¶¶ 16-19, 22. Machado's certificates and/or diplomas were also posted on the wall inside of ADJ's assisted living facility where Plaintiff worked. *Id.* at ¶ 23.

Perhaps most importantly for establishing Machado's individual liability under the FLSA, he would direct Plaintiff in performing her job duties "by instructing her: (i) to set the air conditioning unit to certain temperatures; (ii) how to operate an electric generator in the event of a power outage at the facility; (iii) how to fix clogged toilets and septic backups at the facility; and (iv) to notify him if there were problems or needed repairs at the facility." *Id.* at ¶ 21. These instructions were central to Plaintiff's job duties of providing care for ADJ's residents, as well as to the obligations of ADJ under Florida's regulations governing assisted living facilities. Under Chapter 59A-36.025(1)(a) of the Florida Administrative Code, assisted living facilities such as ADJ must maintain "a sufficient alternate power source such as a generator(s), maintained at the assisted living facility, to ensure that current licensees of assisted living facilities will be equipped to ensure ambient air temperatures will be maintained at or below 81 degrees Fahrenheit for a minimum of ninety-six (96) hours in the event of the loss of primary electrical power."

Given the existence of material factual disputes as to Defendant Machado's involvement in the day-to-day operations of ADJ, control of its finances, and direction of Plaintiff's job duties, Defendant's Motion for Summary Judgment must be denied.

### B. Ruling on the FLSA's Statute of Limitations is Premature.

Defendant Machado next moves for summary judgment as to Plaintiff's damages which accrued prior to November 9, 2021 (two years before the filing of the Complaint), arguing that the

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

FLSA's three-year statute of limitations for willful violations is inapplicable.[2] However, because liability is still disputed in this case, the Court "cannot make a determination on the issue of willfulness" at this time. *Quoc Khanh Bui v. Minority Mobile Sys.*, No. 15-cv-21317-COOKE/TORRES, 2016 U.S. Dist. LEXIS 10179, at *15 (S.D. Fla. Jan. 28, 2016).

As correctly stated in Defendant Machado's Motion for Summary Judgment, "[a]lthough the ordinary statute of limitations in cases brought under the FLSA is two years, a cause of action arising out of a willful violation of the FLSA may be commenced within three years after the cause of action accrued." *Id.* (citing 29 U.S.C. § 255(a)). To establish the applicability of the Act's three-year statute of limitations, "the employee must prove by a preponderance of the evidence that his employer either knew that its conduct was prohibited by statute or showed reckless disregard about whether it was." *Alvarez Perez*, 515 F.3d at 1162-63. However, a district court's ruling on whether the FLSA's two-year or three-year statute of limitations applies "must be reserved until it is determined whether a violation of the FLSA occurred in this case." *Allen v. Bd. Of Pub. Educ.*, 495 F.3d 1306, 1324 (11th Cir. 2007).

Indeed, "a court cannot make a determination on the issue of willfulness until it is first determined that a violation of the FLSA actually occurred." *Quoc Khanh Bui*, 2016 U.S. Dist. LEXIS 10179, at *15 (citing *Allen*, 495 F.3d at 1324). Where, as here, liability is still disputed "(and not addressed by the instant motion or otherwise conceded by the Defendants), [the Court] cannot say whether the Defendants' conduct was or was not willful." *Id.* at *15-16. In Defendant Machado's

---

[2] Plaintiff also pursued a claim against Defendants based on the Florida Minimum Wage Act ("FMWA"), Fla. Stat. §448.110, and Art. X, §24 Fla. Const., but Machado did not argue against applying the five-year limitations period for willful violations. *See* ECF No. 60. Machado's failure to timely argue against the application of the FMWA's four or five-year limitations period precludes the Court from limiting her FMWA claim to November 9, 2022. *Calderone v. Scott*, 838 F.3d 1101, 1105 (11th Cir. 2016) ("While the FLSA has a two-year statute of limitations (three years for willful violations), the FMWA has a four-year statute of limitations (five years for willful violations)") (citing Fla. Stat. § 95.11(2)(d), (3)(q)).

9

motion, he does not move for summary judgment on the basis that no violation occurred. Nor have the four remaining Defendants in this case sought the Court's resolution of this issue. Accordingly, because the issue of whether Defendants have violated the FLSA is still in dispute, the Court's ruling on the issue of willfulness is premature and improper at this time. Defendant's Motion for Summary Judgment must therefore be denied in full.

Nevertheless, if the Court were to consider the issue of whether Defendants' violations of the FLSA were "willful," the record evidence establishes that Plaintiff's claims are subject to the Act's three-year statute of limitations. During the Defendant Machado's deposition, he testified that: (i) he had never reviewed the payments made to ADJ's employees or independent contractors; (ii) he was unaware whether ADJ had ever contacted the U.S. Department of Labor about whether ADJ's workers should be classified as employees or as independent contractors; (iii) he did not know that FLSA employers are required to pay at least minimum wage; and (iv) he did not know that FLSA employers are required to pay non-exempt employees time-and-a-half for hours worked over forty per week.

As stated above, a "willful" violation of the FLSA is demonstrated by an employer's knowledge or reckless disregard for whether its conduct is prohibited by the Act. *Bozeman v. Port-O-Tech Corp.*, No. 07-cv-60569-ROSENBAUM, 2008 U.S. Dist. LEXIS 70865, at *45 (S.D. Fla. Sep. 19, 2008) (citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135 (1988). As defined under the U.S. Code of Federal Regulations, "reckless disregard" for the Act means an employer's "failure to make adequate inquiry into whether conduct is in compliance with the FLSA." *Id.* (quoting 5 C.F.R. § 551.104). Although it would be premature for the Court to rule on the issue of whether Defendants' violations of the FLSA were willful or reckless, triggering the Act's three-year statute of limitations, Defendant Machado's blatant disregard and lack of awareness of the FLSA's

10

minimum wage and overtime provisions entitle Plaintiff to recover the wages which she accrued during the three years preceding the filing of her Complaint.

## IV. CONCLUSION

The existence of disputed issues of material fact, when considered against the prevailing law, requires the denial of Defendant's Machado's Motion for Summary Judgment. Despite Defendant Machado's assertions that he played no part in the day-to-day or financial operations of ADJ, Plaintiff has presented ample evidence to the contrary—thereby raising material factual disputes which preclude the Court's entry of Summary Judgment. And given that the issue of whether a violation under FLSA has occurred is not yet before the Court, the Court must reserve its ruling on whether the Act's two-year or three-year statute of limitations applies. Accordingly, Defendant's Motion for Summary Judgment is properly denied in full, as set forth above.

Respectfully submitted this 27th day of June 2024.

s/ Patrick Brooks LaRou
Brian H. Pollock, Esq.
Florida Bar No. 174742
Email: brian@fairlawattorney.com
Patrick Brooks LaRou, Esq.
Florida Bar No. 1039018
Email: brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Ave, Suite 770
Coral Gables, FL 33146
Telephone: (305) 928-4893
*Counsel for Plaintiff*
