UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MARIA ELENA CHAVEZ LETONA,
      Plaintiff,

v.

                                   CASE NO.: 1:23-CV-24299

AMOR DE JESUS CORP., et al.,
      Defendants.
_____/

## DEFENDANT'S REPLY TO "PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT, JOSE MACHADO'S MOTION FOR SUMMARY JUDGMENT" [DE72]

COMES NOW, the Defendant Jose Machado ("**Machado**" or "**Defendant**") by and through undersigned counsel, and in response to the Plaintiff, Maria Elena Chavez Letona ("**Letona**" or "**Plaintiff**")'s "Plaintiff's Response in Opposition to Defendant, Jose Machado's Motion for Summary Judgment" (the "**Response**") [DE72][1] and states as follows:

<u>THE RESPONSE & APPLICABLE LAW</u>

1. Plaintiff alleges in the Response that the "Defendant Jose Machado's Motion for Summary Judgment" (the "**Motion**" or "**MSJ**") [DE60] contains only "self-serving" proof. However, ironically, in support of her own position, Plaintiff points only to *her* own self-serving statements.

2. Using her self-serving affidavit, Plaintiff avers that (a) Machado had sufficient "operational control" to be considered an "employee" for purposes of the FLSA, and as such is liable. Plaintiff also submits, that, as to the issue of whether the two (2) year or three (3) year statute of limitations under the FLSA is applicable, the issue is premature.

3. As to Machado's status as an "employer", Plaintiff alleges by affidavit that Machado qualifies as such, under applicable law because:

---

[1] The designation "DE" shall be used to refer to the "Docket Entry" in the above captioned case.

    a.  Machado would deliver cash to Amor De Jesus Corp. ("**ADJ**" or the "**Company**") which would then apparently be used to pay her wages; [DE71-1 ¶ 11]; and

    b.  Machado would oversee and pay for repairs [DE71-1 ¶ 11]; and

    c.  Machado would receive mail and calls for individuals doing business with ADJ [DE71-1 ¶¶ 9]; and

    d.  Machado "instructed" the Plaintiff as to how to perform her job. [DE71-1 ¶ 12].

4. As to these allegations, Machado first argues that these self-serving statements are contradicted by the record proof, and as such do not create a "genuine" dispute.

5. In that respect, Machado has established that during the relevant period, he had a "full-time job" with Citibank. [DE61 p. 4-5]. Plaintiff has not disproved or otherwise refuted that fact. It is simply contrary to reason that Machado could maintain a full-time employment with a large banking corporation while simultaneously operating ADJ.

6. This court is not required to deny summary judgment, where the "disputed facts" arise from self-serving statements, which are contradicted by the record proof. *See e.g., Solliday v. Fed. Officers*, 413 Fed. Appx. 206, 207 (11th Cir. 2011) ("Conclusory, uncorroborated allegations by a plaintiff in an affidavit or deposition will not create an issue of fact for trial sufficient to defeat a well-supported summary judgment motion."); *Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

7. Furthermore, and regardless of whether the Court accepts the Plaintiff's self-serving affidavit: the allegations are not <u>material</u>, and as such, do not defeat the MSJ.

8.  In that regard, even taking these statements as true, they do not establish the degree of "operational control" necessary under Eleventh Circuit precedent to impose liability on Machado.

9.  It is true that the "FLSA contemplates there being several simultaneous employers who may be responsible for compliance with the FLSA." *See Solano v. A Navas Party Prod.*, 728 F. Supp. 2d 1334, 1340 (S.D. Fla. 2010). But a corporate officer can be deemed an "employer" under the FLSA, only if they have sufficient "operational control". *Id.*

10. An individual has "operational control" when they are "involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Solano*, 728 F. Supp. 2d at 1340 (emphasis added). The Eleventh Circuit has emphasized that the "operational control" must be over "significant aspects of the corporation's day to day functions." *See Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F. 3d 1150, 1162 (11th Cir. 2008) (emphasis original).

11. In *Patel v. Wargo*, the Eleventh Circuit found that the President of a corporation was not an "employer" under the FLSA. 803 F. 2d 632 (11th Cir. 1986). In so finding, the Court acknowledged that as "president" the defendant "might have played a greater role", but the facts on summary judgment showed that he was not "involved in the day-to-day operation" and did not "have some direct responsibility for the supervision of the employee." *Id.* at 638. The Court also emphasized that the "operational control" must be of "significant aspects of [the companies] day-to-day operations." *Id.*

12. Here, the "control" which Plaintiff claims Machado had was in connection to "delivering groceries"; "delivering cash"; "overseeing repairs"; and "instructing" her as to her job function.

13. ADJ is a company which is allegedly involved in the operation of a senior living facility. Merely dropping off groceries, or ensuring that maintenance type repairs were successful does not amount to "operational control" of "significant aspects" of the "day-to-day" operations of ADJ. *See Patel*, 803 F. 2d at 638.

14. Even if Plaintiff's factual assertions could create a genuine issue then, such issue is not directed to "material" facts and cannot preclude the entry of judgment.

15. Next, in the Response, Plaintiff also points out that Machado is listed as the "owner", a "contact person", or a "financial officer" on several official documents including tax filings [71-2], heath care licensing applications [71-4], and annual reports [71-7] (the "Documents").

16. Machado has never disputed the fact that he is listed as an "officer" on numerous official filings or documents. Machado is "on paper" listed as the owner, or officer of ADJ.

17. Instead, Machado alleges that despite his paper-based titles - ADJ was owned, operated, and controlled by his wife. [DE61 p. 6-9]. Accordingly, these documentary proofs do nothing to create any genuine "dispute" in the "material" facts.

18. Likewise, as noted above, the mere fact that a party is an "officer" or "director" does not mean that they have liability as an "employer" under the FLSA. Instead, the person must have a sufficient degree of operational control, which Machado does not. The fact that he lists himself as an "officer" or a contact for official purposes does not, in and of itself, demonstrate operational control.

19. Finally, as to the applicable statute of limitations, Machado submits that the court can determine as a matter of law that a violation is not willful. *See e.g., Linscheid v. Natus US Med., Inc.*, 2015 U.S. Dist. LEXIS 40255 (N.D. Ga. Mar. 30, 2015) ("In appropriate cases,

the issue of willfulness may be decided as a matter of law on summary judgment."). "The standard for willfulness under the FLSA is quite high." *See Warner v. Walgreen Co.*, 2015 U.S. Dist. LEXIS 63316 (S.D. Fla. 2015).

20. In fact, "[the] Eleventh Circuit is hesitant to find willful behavior even when presented with strong evidence of an employer's violation of the FLSA." *See Bolar v. S. Intermodal Xpress*, 2019 U.S. Dist. LEXIS 166783 (S.D. Ala. Sept. 27, 2019). Notably, with respect to the statute of limitations, courts have held that the "determination of willfulness is a mixed question of law and fact." *See Brantley v. Ferrell Elec., Inc.*, 112 F. Supp. 3d 1348 (S.D. Ga. 2015).

21. Here, Machado submits that the summary judgment record sufficiently indicates a lack of willfulness, such that the two-year statute of limitations must be applied. Under that statute of limitations any claims that accrued prior to November 9, 2021, must be adjudicated in favor of the Defendant

<u>CERTFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading has been electronically filed and served via EM/ECF on this 10th day of July 2024.

By: *Emmanuel Perez*
Emmanuel Perez, Esq.
Fla. Bar # 586552

**LAW OFFICE OF EMMANUEL PEREZ & ASSOCIATES, P.A.**
901 Ponce De Leon Blvd., Suite 101
Coral Gables, FL 33134
Tel: (305) 442-7443
Fax: (305) 441-9218
E: perez@lawperez.com