UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-CV-24299-MORENO/TORRES

MARIA ELENA CHAVEZ LETONA,

      Plaintiff,

vs.

AMOR DE JESUS, CORP.,
SWEET LIVING FACILITY INC.,
JOSE MACHADO,
ZELMIRA QUINONEZ, and
AMINTA QUINONEZ,

      Defendants.

_____/

## **PLAINTIFF'S MOTION IN LIMINE AND/OR TO EXCLUDE**

Plaintiff, Maria Elena Chavez Letona, requests that the Court enter an Order *in limine* and/or exclude any evidence, argument, inference, or reference at trial on the following <u>disputed issues</u>: (A) Plaintiff's immigration status; (B) whether Plaintiff paid income taxes before or during her employment with Defendants; (C) attorneys' fees; (D) liquidated damages; (E) documents not timely disclosed/produced in discovery; (F) Defendants' claimed inability to pay and/or being a small business; (G) whether Plaintiff worked as an employee or independent contractor in her prior and subsequent employment; and (H) Plaintiff's mental state as to whether she worked for Defendants as an "employee" or "independent contractor."

## I.  INTRODUCTION

The purpose of a motion *in limine* is to obtain pre-trial rulings to streamline the trial proceedings:

> "The purpose of an in *limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Highland Capital Mgmt., L.P. v. Schneider,* 551 F.Supp.2d 173, 176 (S.D.N.Y.2008)

*Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, 2011 WL 2295269, at *1 (S.D. Fla. June 8, 2011). Consequently, Plaintiff is raising these pre-trial evidentiary issues to streamline the trial of this case, eliminate the potential for the Court's precious trial time to be wasted on immaterial issues unrelated to those to be decided by the jury at trial and attempt to avoid the potential for Defendants to introduce or refer to matters at trial before the jury that would result in a requested mistrial and/or lead to an appeal.

## II. DISPUTED ISSUES

Plaintiff requests the Court to address the above-mentioned issues before trial and preclude the Defendants from raising these issues—whether through the introduction of evidence, through inferences, or by argument—on several topics to avoid prejudice or disruption of the trial. "The purpose of a motion in limine is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence without lengthy argument at, or interruption of, the trial." *Bancor Group, Inc. vs. Rodriguez*, 2023 WL 6310233, at *11 (S.D. Fla. June 13, 2023), *reconsideration denied sub nom.*, 2023 WL 6318012 (S.D. Fla. June 29, 2023) (*citing Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008) and *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)).

**(A)**    *Plaintiff's Immigration Status*

1.      Rule 403 of the Federal Rules of Evidence dictates that the Court should exclude any evidence (argument, inference, or reference) wherein the potential probative value is substantially outweighed by the danger of unfair prejudice.

2.      The introduction of Plaintiff's immigration status has no probative value and will not aid the jury in deciding the issues in this case.

3.      Plaintiff's immigration status is not relevant to any of the facts to be considered in this case, is not an issue or factor to be decided by the jury, is likely to confuse the jury, and will unfairly prejudice the Plaintiff.

4.      During Plaintiff's deposition, Defendants asked her several questions involving immigration status, such as (i) when she arrived in the U.S.; (ii) the type of Visa she held upon her arrival; (iii) the temporary identification number she held when she arrived in the U.S.; (iv) when she obtained her citizenship and a social security number in the U.S.; and (v) the period of time during which she resided in the U.S.

5.      Plaintiff is concerned that Defendants will attempt to introduce evidence or that they will make arguments, reference, or inferences at trial regarding Plaintiff's immigration status either before or during her employment with Defendants even though her immigration status has no bearing on Plaintiff's status as an employee, hours worked, liability of Defendants, or Plaintiff's ability to recover unpaid wages under the FLSA or Florida Minimum Wage Act.

6.      The Eleventh Circuit Court of Appeals explicitly determined that even undocumented workers are entitled to the protections of and recovery afforded by the FLSA when it found that "Nothing in the FLSA or its legislative history suggests that Congress intended to

exclude undocumented workers from the act's protections." *Patel v. Quality Inn S.*, 846 F.2d 700, 703 (11th Cir. 1988). Therefore, it held that "undocumented workers are 'employees' within the meaning of the FLSA and that such workers can bring an action under the act for unpaid wages and liquidated damages." *Id.* at 706.

7.      In granting the plaintiff's request to exclude evidence regarding the plaintiff's immigration status, this Court held that "Immigration status is also generally inadmissible under Federal Rule of Evidence 403 because it is substantially more prejudicial than probative if offered by defendants for general impeachment purposes." *Perez v. 1st United Funding, LLC*, 2019 WL 13256773, at *2 (S.D. Fla. Jan. 3, 2019) (*citing Hernandez-Sabillon v. Naturally Delicious, Inc.*, No. 9:15-CV-80812, 2015 WL 10550934, at *3 (S.D. Fla. Dec. 23, 2015); and *Galdames v. N & D Inv. Corp.*, 2010 WL 1330000, at *3–4 (S.D. Fla. Mar. 29, 2010).)

8.      This Court determined that evidence of immigration status is irrelevant to claims brought under the FLSA or Florida law in granting a motion in limine similar to that requested herein:

> The Court agrees with the Plaintiff that because FLSA protects undocumented workers, there is no probative value to introducing evidence regarding Plaintiff's immigration status. Accordingly, the Court excludes evidence of Plaintiff's immigration status under Federal Rule of Evidence 403.

*Orellana v. Tecta Am. S. Florida, Inc.*, 2011 WL 13220457, at *1 (S.D. Fla. May 23, 2011) (Moreno, J.) This Court recognized the detrimental effect that would be created by allowing immigration status to be incorporated into the trial of unpaid wage claims under the FLSA and Florida law. *Id.* ("Other courts have found that because FLSA protects undocumented workers, to allow evidence of immigration status would create a chilling effect on the enforcement of FLSA rights.") (citing *Uto v. Job Site Servs.*, 269 F.R.D. 209 (E.D.N.Y. 2010).)

9.      Even for general impeachment purposes, this Court has found that evidence of immigration status is inadmissible under Rule 403 "because it is substantially more prejudicial than probative[.]" *Perez*, 2019 WL 13256773, at *4  (granting the plaintiff's motion in limine as to their immigration status, social security number, and alien registration number).

10.     Therefore, due to the lack of relevance, the potential to confuse the jury, and the dangers of unfair prejudice, Plaintiff requests the entry of an Order *in limine* to prevent any evidence, argument, inference, or reference regarding her past or current immigration status, social security number, or alien registration number.

**(B)**      ***Whether Plaintiff Filed/Paid Income Taxes***

11.     Although this case deals only with Plaintiff's recovery of unpaid minimum and overtime wages, Defendants interrogated her about whether she paid income tax before, during, and after her employment with Defendants during her deposition.

12.     Plaintiff is therefore concerned that Defendants will attempt to introduce evidence or that Defendants will make arguments, references, or inferences at trial regarding that she was required to but did not pay income taxes—despite these issues has no bearing on Plaintiff's ability to recover wages under the FLSA, the confusion it will cause in the jury, and undue prejudice Plaintiff will suffer.

13.     Evidence of an FLSA plaintiff's failure to pay income taxes "will likely create undue prejudice in the minds of the jurors; and, it will likely give rise to collateral disputes—including the extent of Plaintiffs' reporting obligations regarding such taxes—that will cause undue delay and confusion of the issues." *Ortiz v. Santuli Corp.*, 2009 WL 2382144, at *1 (S.D. Fla. Aug. 3, 2009)

(granting the FLSA plaintiff's motion in limine to exclude evidence of the plaintiff's failure to pay income taxes).

14.     Defendants did not assert any defense that Plaintiff falsified her tax returns, nor is there any evidence that she falsified her tax returns or was convicted of tax fraud.

15.     The facts present in this case are similar to those this Court considered in *Puerto v. Moreno*, 2021 WL 2716201, at *2 (S.D. Fla. July 1, 2021), in arriving at the decision to exclude the same type of evidence at issue herein:

> The Court appreciates, as the Defendants argue, that such evidence of unpaid tax returns might speak to the Plaintiffs' credibility; the dangers of unfair prejudice, confusion of the issues, and misleading the jury outweigh any probative value. *Torres v. Rock & River Food Inc.*, 2016 WL 8716674, at *3 (S.D. Fla. May 11, 2016) (Scola, J.) (granting the plaintiff's motion in limine, explaining "[p]ermitting questioning on the Plaintiff's income taxes could quickly devolve into issues of the Plaintiff's obligation to pay taxes versus the Defendants', who was the most at fault, as well as why the Plaintiff failed to pay taxes, which would raise the issue of the Plaintiff's immigration status."); *see also Goussen v. Mendez Fuel Holdings LLC*, 2018 WL 5831084, at *2 (S.D. Fla. Nov. 7, 2018) (Cooke, J.) (granting in part the plaintiff's motion in limine and excluding any references to the plaintiff's failure to pay income taxes). For these reasons, the Plaintiffs' motion is granted.

16.     This Court should, therefore, enter an Order *in limine* to prevent any evidence, argument, inference, or reference regarding her payment or nonpayment of income taxes before, during, or after her employment with Defendants. *See e.g.*, *Sierra v. Rhino Containers LLC*, 2023 WL 2456044, at *2 (S.D. Fla. Mar. 10, 2023) (granting plaintiff's motion in limine and excluding evidence regarding plaintiff's immigration status).

**(C)**   ***Attorneys' Fees***

17.     Plaintiffs who prevail in recovering unpaid wages under the FLSA and who recover minimum wages under the Florida Minimum Wage act are entitled to recover their attorney's fees and costs from their employers. 29 U.S.C.§216(b), Fla. Stat. §448.110.

18.     Rule 403 of the Federal Rules of Evidence dictates that the Court should exclude any evidence (argument, inference, or reference) wherein the potential probative value is substantially outweighed by the danger of unfair prejudice.

19.     The introduction of attorneys' fees has no probative value and will not aide the jury in deciding the issues in this case.

20.     The current Eleventh Circuit Pattern Jury Instructions eliminated any reference to attorneys' fees, likely because the award and amount of attorneys' fees to be awarded are matters for determination by the Court <u>post-trial</u>.

21.     In light of the foregoing, Defendants have no legitimate basis to make any reference or argument that involves the award of attorneys' fees and costs to a prevailing plaintiff under the FLSA or the Florida Minimum Wage Act.

22.     On October 2, 2014, Judge King entered an Order which provided, in relevant part, that "The parties must not refer to attorneys' fees and costs before the jury." *Gordils v. Ocean Drive Limousines, Inc.*, 2014 WL 4954141, at *1 (S.D. Fla. Oct. 2, 2014)(citing *Dingman v. Cart Shield USA, LLC*, 2013 WL 3353835 (S.D. Fla. July 3, 2013) (same); and *Tapia v. Florida Cleanex, Inc.*, ECF No. 126 (S.D. Fla. Mar. 27, 2013) (same)).

23.     As detailed by the Court, "the question of attorneys' fees and costs are exclusively post-trial matters and that, if they are presented at trial, they may cause confusion for the jury in considering the merits of the case." *Chavez v. Arancedo*, No. 17-cv-20003-Torres, 2018 U.S. Dist. LEXIS 165211, at *6 (S.D. Fla. Sep. 26, 2018); *see also Gordils*, 2014 U.S. Dist. LEXIS 140310 at *2-3 (attorneys' fees and costs are "post-trial issues for the Court that do not relate to any question

of fact for the jury to answer."; "There is no longer any basis, not even in closing argument, to refer to attorneys' fees and costs to the jury").

24.     Plaintiff therefore requests the Court's entry of an Order *in limine* to prevent any evidence, argument, inference, or reference regarding attorneys' fees or costs incurred during the course of this litigation at trial.

**(D)    *Liquidated Damages***

25.     Plaintiff is concerned that Defendants will attempt to introduce evidence or that Defendants will make arguments, reference, or inferences at trial regarding the Court's post-trial decision to award liquidated damages to Plaintiff under 29 U.S.C. §216(b) upon prevailing on her claims for minimum wages and/or overtime pay under the FLSA and under Fla. Stat. §448.110 upon prevailing on her claim for minimum wages under the Florida Minimum Wage Act.

26.     Rule 403 of the Federal Rules of Evidence requires the Court to exclude any evidence (argument, inference, or reference) when the potential probative value would be substantially outweighed by the danger of unfair prejudice.

27.     An award of liquidated damages, like the award of attorneys' fees, must be awarded to a prevailing FLSA plaintiff <u>by the Court after the jury's verdict</u>, unless the defendant can identify their good faith and reasonable belief as to why they failed to pay the required overtime wages to the plaintiff. *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1163 (11th Cir. 2008); and *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1282 (11th Cir. 2008).

28.     As Judge King also recognized in *Gordils*:

[T]here is no legal basis to allow parties to refer to liquidated damages before the jury…. Furthermore, it could be unduly prejudicial-with no probative value-for the jury to hear that Plaintiffs may be awarded double damages if the jury finds that Defendants. acted willfully. The parties must not refer to liquidated damages before the jury.

2014 WL 4954141 at *1. Likewise, Magistrate Judge Goodman explained that it would be improper for a defendant to raise the issue of liquidated damages at trial:

> Similarly, the Court finds that there is no legal basis to allow Cart Shield to refer to liquidated damages at trial. *See* Eleventh Circuit Civil Pattern Jury Instructions § 4.14 cmt. II.B (2013) ("[u]nder the plain language of the [FLSA] statute, [liquidated damages] is a question for the court to determine not the jury."). Therefore, the Court grants Dingman's request. Cart Shield shall not refer to liquidated damages at trial. *See Palma v. Safe Hurricane Shutters, Inc.*, No. 07–22913–CIV–SIMONTON, 2011 WL 6030073 (S.D.Fla. Oct.24, 2011) (prohibiting parties from referring to liquidated damages at trial); *accord Tapia*, No. 09–21569–CIV–TORRES, ECF No. 126

*Dingman v. Cart Shield USA, LLC*, 2013 WL 3353835, at *1 (S.D. Fla. July 3, 2013); *accord Chavez v. Arancedo*, 2018 WL 4627302, at *3 (S.D. Fla. Sept. 26, 2018) (Torres, MJ.).

29.    Since the Court awards liquidated damages after the jury decides liability and damages, there is no need for Defendants to inject the issue of liquidated damages at trial – other than to try and elicit sympathy from the jury, to prejudice the jury, or to confuse the issues to be decided, as the evidence/argument is totally irrelevant – and so any reference to liquidated damages would not be relevant.

30.    The only reason why Defendants would raise the issue of liquidated damages at trial would be to try and either improperly elicit sympathy or to try and prejudice the jury to avoid the award of overtime wage damages earned by Plaintiff.

31.    Accordingly, Plaintiff requests the entry of an Order *in limine* to prevent any evidence, argument, inference, or reference regarding liquidated damages at trial.

**(E)    *Documents Not Timely Disclosed/Produced In Discovery***

32.    Plaintiffs are concerned that Defendants will attempt to introduce evidence or that Defendants will make arguments, references, or inferences at trial regarding documents/materials

that were not timely disclosed according to Rule 26 or produced before the June 10, 2024, discovery cut-off.

33.     The Plaintiffs asked the Defendants to agree not to sandbag them with undisclosed documents, but they refused to agree to this issue.

34.     Rule 26 requires parties to provide to the other party, regardless of whether the information is requested in discovery, and regardless of whether it is being used for a party's case in chief or for impeachment purposes:

(a) Required Disclosures

    (1) *Initial Disclosure*

        (A) *In General.* Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

            (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment….

35.     Rule 26 also requires parties to supplement their discovery responses and requires the Court to preclude the introduction of documents that were not previously and timely disclosed:

**(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.**

(1) Failure to Disclose or Supplement. **<u>If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence</u>** on a motion, at a hearing, or **<u>at a trial</u>**, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

    (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

    (B) may inform the jury of the party's failure; and

(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

[*Emphasis added*.]

36.     Rule 26 precludes Defendants from referring to or introducing at trial any documents or evidence that they failed to disclose timely (prior to June 10, 2024).

37.     Plaintiff requests the entry of an Order *in limine* to prevent any evidence, argument, inference, or reference regarding documents that were not timely disclosed or produced in discovery, including the contents of any documents not timely disclosed or produced.

**(F)     *Defendants' Claimed Inability To Pay And/Or Being Small Businesses***

38.     Although Defendants deny that their gross annual revenue exceeded $500,000.00 during Plaintiff's employment, they are nonetheless subject to enterprise coverage under the FLSA pursuant to 29 U.S.C. § 203(s)(1)(B).

39.     Defendants operate two private assisted living facilities where Plaintiff worked between 2020 and 2023, caring for the sick, aged, and mentally ill live-in residents of these facilities.

40.     Defendants are subject to enterprise coverage under the FLSA by virtue of operating "an institution primarily engaged in the care of the sick, the aged, the mentally ill or defective who reside on the premises of such institution[.]" 29 U.S.C. § 203(s)(1)(B).

41.     Therefore, it is unnecessary for Plaintiff to establish that Defendants' gross annual sales/business exceeded $500,000.00 as required under the enterprise coverage requirements of 29 U.S.C. § 203(s)(1)(A).

42.     Accordingly – because the FLSA's $500,00.00 threshold is inapplicable to the case at bar – the Court should not allow any evidence, argument, inference, or reference regarding Defendants' finances at trial.

43.     Rule 403 of the Federal Rules of Evidence dictates that the Court should exclude any evidence (argument, inference, or reference) wherein the potential probative value is substantially outweighed by the danger of unfair prejudice.

44.     Here, the issue of Defendants' finances – including whether they can or cannot pay a judgment, or whether a judgment against them would result in financial hardship – has no probative value; therefore, the introduction of any evidence or argument about Defendants' finances will unfairly and unduly prejudice Plaintiff.

45.     It is anticipated that Defendants will claim "poverty" at trial and present evidence or argument to the jury that a judgment would result in financial hardship and/or ruin as a basis for the jury to either reduce or not award damages based *not* on the facts or the law, but on this irrelevant and prejudicial issue.

46.     This would include any attempt by Defendants to try and elicit sympathy, however improper, by painting themselves as operating as a "small" or "family" business.

47.     Plaintiff requests the entry of an Order *in limine* to prevent any evidence, argument, inference, or reference regarding any financial hardship by Defendants at trial.

**(G)     *No Evidence, Argument, Or Inferences At Trial That Plaintiff Worked As An Employee Or Independent Contractor In Prior And/Or Subsequent Employment.***

48.     For evidence to be admissible at trial, it must be relevant. *See* Fed. R. Evid. 401, 402.

49.     Whether Plaintiff worked as an independent contractor or as an employee before or after her employment with the Defendants would not tend to prove or disprove: (i) that Defendants employed Plaintiff; (ii) that she was an independent contractor of the Defendants based

on the factors to be considered by the jury; (iii) the hours she worked; (iv) the value of her claims; or (v) any defenses thereto.

50.    In her deposition, the Defendants asked Plaintiff whether she worked as an independent contractor in her subsequent employment, which is wholly irrelevant to the jury's decision of whether she was an employee or independent contractor in her work for them.

51.    Plaintiff is concerned that Defendants will pose similar questions at trial to try and argue to the jury that because she was paid as an independent contractor in prior or subsequent employment, they must have properly classified her as an independent contractor.

52.    In an analogous situation, the Fourth Circuit found that private security guards were employees (and not independent contractors), by ignoring the employment classification by other employers: "[a]lthough control is an important part of the *Silk* test, the issue is not the degree of control that an alleged employer has over the manner in which the work is performed in comparison to that of *another employer*. Rather, it is the degree of control that the alleged employer has in comparison to the control exerted by the *worker*." *Schultz v. Cap. Int'l Sec., Inc.*, 466 F.3d 298, 305 (4th Cir. 2006) (emphasis in original); *Buttita v. DIRECTV LLC*, 2017 WL 10456972, at *23 (N.D. Fla. Sept. 28, 2017) (citing *Schultz* for the same proposition).

53.    *Schultz* goes on to explain that work performed for another employer is irrelevant to the analysis of whether the Plaintiff in this case operated as an employee or independent contractor for the Defendants.

54.    In the Eleventh Circuit, courts focus on a number of factors, but none of those factors involve whether the plaintiff worked as an employee or independent contractor before or afterwards. *See Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308 (11th Cir. 2013) (discussing the

"economic realities" test and the significance of the economic dependence factor); *Helm v. J.H. Gatewood Emergency Services, P.A.*, 2012 WL 2793134, at *3 (M.D. Fla. July 9, 2012) (setting forth twelve factors for distinguishing between employees and independent contractors, including, inter alia, "[t]he extent of the employer's right to control the 'means and manner" of the worker's performance") (*citing Cobb v. Sun Papers, Inc.*, 673 F.2d 337, 340 (11th Cir. 1982)).

55.     None of the factors to be considered in the "economic realities" test nor any of the considerations identified in Eleventh Circuit Pattern Jury Instruction 4.24 involve whether Plaintiff previously or subsequently was classified/paid as an independent contractor or as an employee. Thus, evidence of prior or subsequent employment classification is irrelevant and is properly excluded on this basis.

56.     Rule 403 of the Federal Rules of Evidence dictates that the Court should exclude relevant evidence (argument, inference, or reference) when the potential probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

57.     Defendants seek to introduce evidence of Plaintiff's prior and subsequent work history to improperly argue that she knew that she was an independent contractor while working with them, which would mislead the jury into thinking that Plaintiff performed work in the same manner at her prior and subsequent places of employment as she did for Defendants. This misleading evidence would then require an extensive analysis of the economic realities not just for her work with the Defendants but also for Plaintiff's prior and subsequent employment, which would inevitably lead to undue delay at trial (by requiring mini-trials to determine if the Plaintiff was an independent contractor or employee at her prior and subsequent places of employment).

58.     Ultimately, if Defendants were permitted to introduce this evidence, Plaintiff would suffer considerable prejudice, as she would have to litigate the "economic realities" test not only for her work relationship with the Defendants but also for each of her work relationships with other (prior and subsequent) employers—only to prove that these work relationships involved distinct facts, separate considerations, did not play a role in the economic realities test, and lacked the probative value that the Defendants improperly and incorrectly suggest they do. *See Cont'l Ins. Co. v. Roberts*, 2008 WL 11336252, at *3; *In Hart v. RCI Hosp. Holdings, Inc.*, 90 F. Supp. 3d 250, 279–81 (S.D.N.Y. 2015) (where in the face of a strong argument as to the evidentiary value of these other contracts as to the question of whether the plaintiff dancers were, in fact, employees, the court prohibited the admission of the other employment contracts because they were not the actual agreements at issue in the lawsuit and involved other employment relationships decidedly outside its ambit).

59.     Evidence of prior or subsequent work agreements will mislead the jury to place weight on these unrelated working arrangements should the jury be charged with evaluating Plaintiff's independent contractor status. *See Daughtrey v. Honeywell, Inc.*, 3 F.3d 1488, 1492 (11th Cir. 1993) ("[w]hile the characterization of the hired party as an independent contractor or employee may be probative of the parties' intent, 'all of the incidents of the relationship must be assessed and weighed with no one factor being decisive'") (citation omitted).

60.     Allowing Defendants to elicit testimony about or otherwise make specific references to Plaintiff's status as an independent contractor in positions that she held before or after she worked for Defendants will unfairly deflect the jury's attention away from the fact-intensive questions it must resolve about Plaintiff's work relationship with Defendants, and it will also

prejudice Plaintiff by forcing her to litigate not only to the character of her work relationship with the Defendants but also the character of the other work relationships that Plaintiff has had before and after. The Court should exclude this evidence and avoid forcing Plaintiff to conduct a trial within the trial about the nature of her pre- and post-termination jobs, and grant Plaintiff's motion in limine accordingly. *See Cont'l Ins. Co. v. Roberts*, 2008 WL 11336252, at \*3 (granting a motion in limine because the court would otherwise have to admit "considerable and collateral evidence" and doing so would result "in a trial within a trial on matters wholly unrelated to the true issues before the jury").

61.    In light of the above, Plaintiff requests that the Court enter an Order *in limine* to prevent any evidence, argument, or inferences at trial regarding the nature/classification of her work as an independent contractor or employee before or after she worked for the Defendants as irrelevant, more prejudicial than probative, and confusing to the jury.

### (H)    *No Evidence, Argument, Or Inferences At Trial About Whether Plaintiff Thought She Was An Employee Or Independent Contractor.*

62.    For evidence to be admissible at trial, it must be relevant. *See* Fed. R. Evid. 401, 402.

63.    Plaintiff anticipates that Defendants will attempt to elicit testimony during trial as to Plaintiff's subjective belief whether she was classified as an employee or independent contractor.

64.    Defendants should be precluded from asking these questions at trial or eliciting any testimony that asks Plaintiff her mental impressions about whether (she thought) she was an independent contractor. *Stevenson v. Great Am. Dream, Inc.*, 2013 WL 6880921, at \*5 (N.D. Ga. Dec. 31, 2013) ("the Plaintiffs' subjective belief is not a relevant consideration.")

Whether the parties intended to create an employment relationship is irrelevant to whether Plaintiff was dependent on Wacko's. *See Donovan v. New Floridian Hotel, Inc.*, 676 F.2d 468, 470-71 (11th Cir. 1982). Likewise, "[w]here the work done, in its essence, follows the usual path of an employee, putting on an 'independent contractor' label does not take the worker from the protection of the [FLSA]." *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 729 (1947).

*Santeiro v. Wacko's Too, Inc.*, 2019 WL 12524552, at *3 (M.D. Fla. Aug. 22, 2019).

65.     Plaintiff's testimony about her state of mind (as an independent contractor or employee) would be irrelevant because it does not tend to prove or disprove employment if the Plaintiff thought she was an independent contractor, whether she requested benefits typically afforded to employees, whether she filed taxes as an independent contractor based on the 1099s issued to her by Defendants, or whether she claimed deductions as a 1099 worker. *See Harrell v. Diamond A Ent., Inc.*, 992 F. Supp. 1343, 1353 (M.D. Fla. 1997) (court declined to consider the "intent of the parties," the "way in which the parties characterize themselves for tax purposes," or "the extent to which the putative employer provided employment benefits" when ruling on Defendant's motion for partial summary judgment to determine whether Plaintiff was an independent contractor or employee because the label attached to the employment relationship is not dispositive of the economic reality of the relationship); *Gordilis*, 2014 WL 2214289, at *3 (S.D. Fla. May 28, 2014) ("District courts have found that the label workers used with respect to the IRS is irrelevant in considering whether the person was an independent contractor."); *Clincy v. Galardi S. Enterprises, Inc.*, 808 F. Supp. 2d 1326, 1349 (N.D. Ga. 2011) (finding Plaintiffs to be employees even though they elected to be treated as independent contractors and held themselves out to the IRS as independent contractors); *Baker v. Barnard Const. Co. Inc.*, 860 F. Supp. 766, 772 (D.N.M. 1994), aff'd sub nom. *Baker v. Flint Eng'g & Const. Co.*, 137 F.3d 1436 (10th Cir. 1998) ("The Court

also finds the fact that the Plaintiffs knew they were treated as independent contractors, and the fact they listed themselves as such on their tax forms, to be of little, if any, relevance.").

66.     The cases cited in the preceding paragraph confirm that an employee's mental state or that she thought or considered herself as an independent contractor or even taking actions in furtherance of being an independent contractor would not tend to prove or disprove her status as an employee under the FLSA.

67.     The only relevant analysis is "whether the individual is or is not, as a matter of economic fact, in business for himself." *Donovan v. Tehco, Inc.*, 642 F.2d 141, 143 (5th Cir. 1981). In the Eleventh Circuit, courts are required to determine whether an individual is an employee or independent contractor by looking at the "economic reality" of the relationship to see if the alleged employee is dependent on the alleged employer. *Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1311 (11th Cir. 2013). *Scantland* recognizes a six-factor "economic reality" test that is not exclusive and no single factor of the test is dominant. *Id.* at 1312. While courts can consider factors outside of the six recognized in *Scantland*, many have already determined that factors relating to an individual's mental state of being an independent contractor are not relevant to the economic dependence analysis. *See Gordilis v. Ocean Drive Limousines, Inc*. at *4 ("The factors governing 'economically dependent' do not ponder personal tax returns. Moreover, it is entirely possible Plaintiffs were simply wrong in their preparation of their tax returns. Accordingly, Plaintiffs' tax returns do not create a genuine issue of material fact and Defendants did not meet their burden of showing a such a dispute. Thus, summary judgment must be entered to find that Defendants were Plaintiffs' FLSA employers.); *Harrell v. Diamond A Ent., Inc.* at 1353 ("Defendant cites no case which considers

[characterization for tax purposes and the provisions of employee benefits] in the context of the broad 'suffer or permit to work' definition of employment contained in the FLSA.").

68.     To this end, the Eleventh Circuit Court of Appeals reiterated that " '[t]he common law concepts of 'employee' and 'independent contractor' [are] specifically rejected as determinants of who is protected' by the FLSA." *Yoder v. Florida Farm Bureau*, 2023 WL 3151107, at *2 (11th Cir. Apr. 28, 2023) (*quoting Usery v. Pilgrim Equip. Co.*, 527 F.2d 1308, 1311 (5th Cir. 1976).

69.     The Plaintiff comes before this Court, represented by counsel, because she (personally) lacks the legal foundation to provide an opinion on whether she was an "independent contractor" or an employee of the Defendants. There is no evidence in the record that the she has any legal training or that knew any of the factors that go into the Court's determination that she is was an employee of the Defendants.

70.     Furthermore, Rule 403 of the Federal Rules of Evidence dictates that the Court should exclude relevant evidence (argument, inference, or reference) when the potential probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

71.     If this Court finds evidence of whether the Plaintiff thought she was an independent contractor relevant, whether she asked questions of Defendants' owner or supervisory personnel to gauge her employment status, or whether she filed tax returns to be relevant in any way, then that evidence would still run afoul of Rule 403. Any evidence related to these issues would confuse the issues in this case and mislead the jury about the factors relevant to the economic realities test, since the main considerations for the fact finder involve whether the Plaintiff was economically dependent on the Defendants, not her understanding of an independent contractor relationship.

72.     In light of the above, Plaintiff requests that the Court enter an Order *in limine* to prevent any evidence, argument, or inferences at trial regarding her mental state (whether she thought she was) as an independent contractor as irrelevant, unduly prejudicial, confusing to the jury, and lacking the appropriate foundation.

WHEREFORE Plaintiff, Maria Elena Chavez Letona, requests that the Court enter an Order *in limine* in accordance with the foregoing motion.

## <u>LOCAL RULE 7.1 CERTIFICATION</u>

I HEREBY CERTIFY that the undersigned has conferred with counsel for Defendants, who opposed the relief sought in this motion.

Respectfully submitted this 9th day of August 2024.

<u>s/ Patrick Brooks LaRou, Esq.</u>
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Patrick Brooks LaRou, Esq. (1039018)
brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiff*
