UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MARIA ELENA CHAVEZ LETONA,
    Plaintiff,
v.

CASE NO.: 1:23-CV-24299

AMOR DE JESUS CORP., et al.,
    Defendants.
_____/

**DEFENDANTS' RESPONSE TO "PLAINTIFF'S MOTION IN LIMINE AND/OR TO EXCLUDE"**

COME NOW, the Defendants, Jose Machado ("**Machado**") and Amor De Jesus Corp ("**ADJ Corp**"), Sweet Living Facility, Inc. ("**SWF Inc**") Zelmira Quinonez ("**Zelmira**") and Aminta Quinonez ("**Aminta**") (collectively, the "**Defendants**") by and through undersigned counsel and in response to the Plaintiff, Maria Elena Chavez Letona ("Plaintiff")'s "Plaintiff's Motion in Limine and/or to Exclude" (the "MIL" or "Motion") and in defense state as follows:

BACKGROUND

1. In or about November of 2023, Plaintiff filed a Complaint against the Defendants alleging various violations of Florida and Federal law. [DE1]. More specifically, Plaintiff avers that:

   a. The Defendants are "employers" under state and federal law [DE1 ¶¶ 11-19]; and

   b. The Plaintiff was an hourly employee as defined by state and federal law. [DE1 ¶¶ 21-23]; and

   c. Plaintiff was an "employee" between 2020 through August 8, 2023, and was paid $80.00 per day. [DE1 ¶¶ 25-26]; and

   d. Defendants failed or refused to pay Plaintiff minimum wage under state and federal law [DE1 ¶¶ 30, 36]; and failed to pay Plaintiff overtime [DE1 ¶ 42].

1

2. Notably, even in the Complaint, Plaintiff admits and recognizes that she is "**estimating**" her "hours" she worked. [DE1 ¶¶ 31, 36].

3. Furthermore, the Plaintiff has recognized that she did not maintain "records" regarding the number of hours she worked, or the pay received. [DE1 ¶ 27] ("To the extent that records *exist*.").

## THE MOTION

4. In the Motion, Plaintiff seeks to preclude the Defendants from discussing (a) Plaintiff's immigration status [DE77 ¶¶ 1-6]; (b) Plaintiff's failure to file income taxes [DE77 ¶¶ 11-16]; (c) entitlement to attorney's fees [DE77 ¶¶ 18-24]; (d) liquidated damages [DE77 ¶¶ 25-31]; (e) failure to timely disclose discovery documents [DE77 ¶¶ 32-37]; (f) an inability to pay (by Defendants) [DE77 ¶¶ 38-47]; (g) whether Plaintiff worked before or after her employment with Defendants as an "independent contractor" [DE77 ¶¶ 48-61]; (h) Plaintiff's belief as to her status as an independent contractor [DE77 ¶¶ 62-72].

5. Defendants submit that points (a), (b); (f); (g); and (h) are each proper topic of inquiry under federal law on the grounds set forth specifically below.

## MEMORANDUM OF LAW

### I. LEGAL STANDARD

It must be emphasized at the outset that "motions in limine are not favored under the law." *See United States v. Smith*, 2019 U.S. Dist. LEXIS 153935 (M.D. Ala. Sept. 10, 2019). It follows that a "movant has the burden of demonstrating that the evidence [sought to be excluded] is inadmissible on any relevant ground." *Id. See also Garcia v. Equifax Info. Servs., LLC*, 2024 U.S. Dist. LEXIS 90643 (M.D. Fla. May 21, 2024) ("[motions in limine] are generally disfavored and evidence is excluded upon a motion in limine only if the evidence is clearly inadmissible for any

purpose."); *Shady Hills Energy Ctr., LLC v. Seminole Elec. Coop., Inc.*, 2023 U.S. Dist. LEXIS 17061 (M.D. Fla. Feb. 1, 2023) ("Given these motions are generally disfavored, evidence is excluded upon a motion in limine only if the evidence is clearly inadmissible for any purpose.").

Stated simply,

> A motion in limine is a motion to exclude or admit evidence before the evidence is actually offered. While motions in limine provide courts with the opportunity to rule on thorny evidentiary issues outside the time pressure of trial, courts should hesitate before ruling on subtle evidentiary questions outside a factual context. In fairness to the parties and their ability to put on their case, a court should exclude evidence in limine only when it is clearly inadmissible on all potential grounds. The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground. Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so questions of foundation, relevancy, and potential prejudice may be resolved in proper context.

*See Bhoodai v. Emps. Assur. Co.*, 2022 U.S. Dist. LEXIS 177828 (M.D. Ga. Sept. 29, 2022). Likewise, a "motion in limine is not the proper vehicle for seeking a dispositive ruling on a claim" and "cannot be used to resolve factual disputes or weigh evidence." *See Whidden v. Roberts*, 334 F.R.D. 321 (N.D. Fla. 2020).

II. GROUNDS (f), (g), & (h)[1] CONCERNING THE PLAINTIFF'S STATUS AS AN "INDEPENDENT CONTRACTOR"

With respect to the topics set forth in subsections (f), (g) and (h) each of these topics of inquiry or evidence concerns whether the Plaintiff was an independent contractor. That determination is extraordinarily relevant to the resolution of this case. In the Motion, Plaintiff claims that each of the categories in (f), (g), and (h) are inadmissible under Rule 403, Federal Rules of Evidence.

---

[1] Ground (f) concerns evidence regarding the "inability to pay" and/or "being a small business" [DE77, p. 11-12]; ground (h) concerns evidence regarding how Plaintiff was employed before, or after working with the Defendants [DE77, p. 12-15]; and ground (g) concerns evidence regarding how Plaintiff viewed her own employment situation. [DE77, p. 16-17].

3

[DE77 ¶¶ 43, 56, 70]. As to the allegations in (g) and (h), Plaintiff also submits that the evidence has no legal relevance. [DE77 ¶¶ 48, 62].

"The FLSA distinguishes between employees and independent contractors. Employees are entitled to be paid a minimum wage and over time wages; independent contractors are not." *See Hurst v. Youngelson*, 354 F. Supp. 3d 1362 (N.D. Ga. 2019). *See also Ebony v. Babe's S.*, 2015 U.S. Dist. LEXIS 199277 (N.D. Fla. Sept. 28, 2015) (noting that while the definition of "employee" is broad under the FLSA, "independent contractors are not covered."); *Lange v. Tampa Food & Hosp., Inc.*, 2021 U.S. Dist. LEXIS 32199 (M.D. Fla. Feb. 22, 2021) ("An independent contractor is not an 'employee' for purposes of the FLSA's overtime and minimum wage protections.").

"To determine whether an individual is an employee or contractor under FLSA, the Court looks to the 'economic reality' of the relationship." *See Watts v. Club Madonna, Inc.*, 2018 U.S. Dist. LEXIS 202258 (S.D. Fla. Jun. 25, 2018). "The question turns on whether the employee is dependent upon the business to which they render services." *Id. See also Collado v. J& G Transp., Inc.*, 2015 U.S. Dist. LEXIS 50899 (S.D. Fla. Apr. 17, 2015) ("[To] determine whether an individual is a protected employee or an unprotected independent contractor [under the FLSA], court look at the economic reality of the employment circumstances as a whole.").

In the Answer filed by the Defendants, they specifically allege that the Plaintiff was "a mere contractor". [DE19, Sec. II]. Accordingly, it is at issue in this case, whether the Plaintiff was an "employee", or a "contractor" and the resolution of that single issue would be dispositive of each Count of the Plaintiff's Complaint if resolved in Defendants' favor at trial. The probative value, then, of any evidence that tends to make it more or less likely that the Plaintiff was a *contractor* is extremely high.

4

"In the context of a Rule 403 balancing test, the more essential the piece of evidence is to a case, the higher the probative value, the higher a piece of evidence's probative value, the less likely it should be excluded on Rule 403 grounds." *See Bancor Grp., Inc. v. Rodriguez*, 2023 U.S. Dist. LEXIS 181095 (S.D. Fla. Jun. 13, 2023). As stated by the Eleventh Circuit:

> Rule 403 permits the trial court to exclude evidence otherwise admissible because the "probative value" of that evidence is "substantially outweighed by the danger of unfair prejudice." Several basic principles [then] govern the application of Rule 403. First, because it permits a trial court to exclude concededly probative evidence, Rule 403 is <u>an extraordinary remedy</u> which should be used sparingly. . . . Second, while [] need alone does not mean probative value outweighs prejudice, the more essential the evidence, the greater the probative value, and the less likely that a trial court should order the evidence excluded. The major function of Rule 403 is limited to excluding matter of scant or cumulative probative force, dragged in by the heels of the sake of its prejudicial effect.

*See United States v. King*, 713 F. 2d 627, 631 (11th Cir. 1983) (emphasis added).

As to "relevance", "[evidence] is relevant under Fed. R. Evid. 401 if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action." *See United States v. McGregor*, 960 F. 3d 1319 (11th Cir. 2020). *See also Untied States v. Thelemaque*, 696 Fed. Appx. 966 (11th Cir. 2017) ("Evidence is relevant if it has any tendency to make a fact of consequence more or less likely than it would be without the evidence.").

The "starting place for evidentiary admissibility is relevance." *See United States v. McMillar*, 2024 U.S. Dist. LEXIS 135611 (S.D. Ga. Jul. 31, 2024). Notably, under Rules 401 and 402: the concept is a low threshold. *See e.g., United States v. Sumner*, 522 Fed. Appx. 806 (11th Cir. 2013) ("Relevance under the Federal Rules of Evidence is a low standard."); *Munnings v. FedEx Ground Package Sys.*, 2008 U.S. Dist. LEXIS 33041 (M.D. Fla. Apr. 22, 2008) ("The standard for relevance is extremely low."); *Jones v. Carnival Corp.*, 2006 U.S. Dist. LEXIS 100633 (S.D. Fla. Jan. 11, 2006) ("The standard for finding evidence relevant is thus very broad.").

As applied here, the evidence which Plaintiff seeks to exclude is both relevant, and admissible under Rule 403. First, as to subsection (f), Plaintiff claims that evidence regarding the "financial status" of the Defendants is inadmissible. However, this evidence is both relevant, and has a high probative value which substantially outweighs any potential prejudicial effect. As noted above, the consideration of whether a party is a "contractor" or "employee" under the FLSA must consider the "economic realities" of the circumstances. The size of the corporate defendant as well as their expendable income is highly relevant to whether they were able to hire a full-time employee and intended to do so in their relationship with the Plaintiff. The defendants are undoubtedly entitled to present evidence regarding their "economic realities" including their status as a "small business" and their income, or ability to pay potential employees at the relevant time period in the Complaint.

Likewise, as to subsection (g) and (h), whether the Plaintiff was working *generally* as a contractor and/or whether she personally considered herself to be a contractor is relevant to the question of her status as a "contractor" or "employee". In that regard, and as noted above, the test for "employment" considers whether the purported *employee* is "dependent" on the purported employer. In fact, courts have considered this to be the "paramount inquiry" in determining whether a party is a "contractor" and as such not entitled to minimum wage or overtime. *See Hughes v. Family Life Care Inc.*, 117 F. Supp. 3d 1365 (N.D. Fla. 2015) ("The paramount inquiry is whether the alleged employee is economically dependent on the alleged employer.").

If the Plaintiff was acting as a contractor to other companies, before, during and/or after her 'employment' with Defendants, this makes it "more or less likely" that she was financially dependent on the Defendants. In the Motion, Plaintiff recognizes that the test in the Eleventh Circuit focuses on the "economic realities" of the circumstances, but then states that evidence of prior or subsequent classification is "irrelevant" in a conclusory tone. [Motion ¶¶ 54-55]. Similarly,

the Plaintiff's own subjective belief of her status is relevant, so long as it mirrors the "economic reality" of the circumstances. *See e.g., Hanson v. Trop., Inc.*, 167 F. Supp. 3d 1324 (N.D. Ga. 2016) ("In deciding whether an individual is an employee within the meaning of the FLSA, the label attached to the relationship [by the plaintiff] is dispositive only to the degree it mirrors the economic realities of the relationship.").

Ultimately, the issue of whether Plaintiff is a "contractor" or "employee" is a paramount issue in the resolution of the Defendants' affirmative defenses. As such, any evidence which has any bearing on the resolution of that question should be considered highly probative in value. Federal law is clear that highly probative evidence should rarely be excluded in limine, and this rule applies with full force and effect to the evidence discussed above.

III. GROUNDS (a) & (b) CONCERNING PLAINTIFF'S CREDIBILITY

As to grounds (a)[2] in the Motion, the Defendants submit that these topics of inquiry should likewise be permitted during trial. Defendants do not dispute that "undocumented workers are employees within the meaning of the FLSA" [DE77 ¶ 6] and do not intend to introduce evidence regarding Plaintiff's undocumented status for the purpose of proving that she is not *qualified* under the FLSA to bring a claim. *See Ical v. Neljosh Remodeling, Inc.*, 2024 U.S. Dist. LEXIS 95304, n. 9 (N.D. Fla. Feb. 5, 2024). However, the fact that evidence of the undocumented nature of a plaintiff is not relevant to his or her entitlement to bring an action under the FLSA, this does not mean that such evidence could not be relevant for another purpose.

"It is well-established that an employee who brings suit under the FLSA for unpaid overtime compensation and liquidated damages as the initial burden of proving that she performed work for

---

[2] In ground (a), the Plaintiff seeks to exclude any reference to the fact that she was undocumented at the relevant time. [DE77, p. 3-5].

7

which she was improperly compensated." *See McBridge v. T&A of Citrus Cnty, Inc.*, 2014 U.S. Dist. LEXIS 93214, *15 (M.D. Fla. Jun. 24, 2024). "When accurate records or precise evidence of the hours worked do not exist an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id.*

Here, Plaintiff apparently accepted wages from the Defendants for a period of years, but never reported any income while she was an undocumented alien. She later became a United States citizen, and continued to work there and never filed a tax return. The Plaintiff herself kept no records of her income and never reported any income which would serve to validate her claims. In this case, the fact of Plaintiff working the hours she alleges to have worked is highly contested. Furthermore, it is anticipated that the sole evidence of such facts will be the testimony of the Plaintiff.

Accordingly, her testimony must be highly scrutinized by the jury and her status as an undocumented worker, and her failure to file any tax related documents during her employment (even after she became a United States citizen) has relevance to that issue. With respect to ground (b)[3] in the Motion, it is well settled that evidence of whether a Plaintiff "paid taxes (or filed income tax returns) on their earnings [is admissible] . . . [if] it can be used to attack a plaintiff's credibility under Federal Rule of Evidence 608(b)." *See Espinoza v. Fly Low, Inc.*, 2018 U.S. Dist. LEXIS 229433 (S.D. Fla. Jun. 8, 2018).

---

[3] In ground (b), Plaintiff moves to exclude references to the fact of her unpaid income taxes and/or history of failing to pay taxes. [DE77, p. 5-6].

Additionally, numerous courts have expressly held that "[a] Plaintiff's failure to file tax returns and pay taxes is admissible pursuant to Federal Rule of Evidence 608(b) because it is probative of their truthfulness." *See Carey v. Kirk*, 2022 U.S. Dist. LEXIS 184617 (S.D. Fla. Sept. 7, 2022). *See also Barrera v. Weiss & Woolrich S. Enters.*, 2011 U.S. Dist. LEXIS 162328 (S.D. Fla. Jan. 26, 2011) (finding that "failure to file" tax returns, and "failure to pay federal income taxes is admissible" because both are probative of truthfulness); *Chamblee v. Harris & Harris, Inc.*, 154 F. Supp. 2d 670 (S.D. N.Y Jul. 18, 2001) ("Evidence that a witness has failed, for years, to file a tax return is a matter which affects the witness's credibility. . . . because the plaintiff's credibility [is] of such crucial importance, and because her failure to file tax returns [bears] directly on her credibility, the district court's decision to exclude testimony regarding that failure [is] an abuse of discretion.").

In this case, the Plaintiff did not file tax returns for *years*. This not only directly relates to her claims as to the hours she worked for the Defendants, and the wage she ultimately earned, but also has independent implications regarding her truthfulness under federal law. Because the failure to file tax returns (in and of itself) and within the context of this case bears on the credibility of the Plaintiff's allegations it is admissible, so long as Plaintiff becomes a witness in this case. The Motion must be denied, accordingly as to these grounds.

## CONCLUSION

WHEREFORE, the Defendants respectfully request this Honorable Court: (1) <u>deny</u> the Motion; and (2) <u>order</u> that the evidence at issue will be subject to proper objection, in context at trial; and (3) <u>award</u> all other relief deemed just and necessary under the circumstances.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading has been electronically filed and served via EM/ECF on this 14th day of August 2024.

> By: *Emmanuel Perez*
> Emmanuel Perez, Esq.
> Fla. Bar # 586552
>
> **LAW OFFICE OF EMMANUEL PEREZ & ASSOCIATES, P.A.**
> 901 Ponce De Leon Blvd., Suite 101
> Coral Gables, FL 33134
> Tel: (305) 442-7443
> Fax: (305) 441-9218
> E: perez@lawperez.com