UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-24299-Civ-MORENO/TORRES

MARIA ELENA CHAVEZ LETONA,

    *Plaintiff,*

vs.

AMOR DE JESUS CORP., et al.,

    *Defendants.*

_____/

## **ORDER ON MOTION FOR DISCOVERY HEARING**

This matter is before the Court on a motion for hearing and sanctions filed by Plaintiff [D.E. 68] that claimed that Defendants Amor De Jesus Corp., et al., violated the Court's last discovery Order and failed to comply with their obligations under the discovery rules. Upon review of the Motion, the Court ordered Defendants to respond, which they did on June 27, 2024 [D.E. 70]. No reply was filed challenging the response. The matter is thus ripe for disposition.

Following the Courts' review of the record and the briefing on the motion, it is undisputed that the Court's initial Scheduling Order [D.E. 21], set a deadline to complete all discovery by April 26, 2024. On April 16, 2024, Plaintiff's counsel commenced the Deposition of individual Defendant Aminta

1

Quinonez, which lasted from 1 pm to 5 pm. Two days later, Plaintiff began the Deposition of another Defendant Zelmira Quinonez, again starting at 1 pm and finishing at 5 pm. Plaintiff claimed, however, that he needed additional time for these depositions to conclude all the relevant questioning of the witnesses.

On April 23, 2024, Plaintiff's counsel filed a Motion to Continue Trial and Related Pretrial Deadlines [D.E. 51] requesting that the Discovery deadline be extended so they can continue the Depositions of Aminta Quinonez and Zelmira Quinonez, which Defendants' counsel agreed to. So on April 29, 2024, the Court entered an Order [D.E. 55] granting Plaintiff's Motion to Continue Trial and Related Pretrial Deadlines. The deadline to complete all Discovery including Depositions was then set for June 10, 2024, which was later extended for purposes of summary judgment briefing through June 20 2024. [D.E. 65].

On May 28, 2024, Plaintiff's counsel requested dates to schedule the remaining depositions for Aminta Quinonez and Zelmira Quinonez. Defendants' counsel represents that they complied with the request and provided possible dates within the available discovery period. The problem arose when on May 30, 2024, Plaintiff's counsel advised that those proposed dates and times would not work for Plaintiff, and further requested new proposed dates. Defense counsel responded with additional dates, two of which were within the remaining discovery period. But that response was

contingent on only three remaining hours for the two depositions as opposed to the seven hours demanded by Plaintiff's counsel. The lawyers were not able to resolve that dispute as Plaintiff insisted that a seven-hour period was contemplated and necessary. Defendant, however, insisted on proceeding with the available blocks of time to finish the depositions.

Counsel went back and forth on this dispute as the deadline for competition of discovery approached. By that date, and when no deposition was ever scheduled or agreed-upon, Defendants' counsel advised in writing that Plaintiff failed to schedule the deposition prior to the June 20, 2024 deadline, and thus no further deposition dates would be provided.

The pending motion was filed six days later. The motion claimed that Defendants' counsel had violated the letter and spirit of the Court's Orders by not providing available dates prior to the discovery cutoff and that only one three-hour window was provided before the cutoff for the completion of both depositions. The motion sought a further Court Order and another hearing to resolve the parties' dispute. The Court expedited briefing on the matter given the expiration of the discovery cutoff.

Plaintiff has not provided the Court with any additional materials in support of her position or in opposition to the materials submitted by Defendants' counsel. The current record shows, however, that in fact Defendants' counsel did in fact provide several possible dates for deposition prior the cutoff date. In fairness to Plaintiff, the proposed dates were very late

3

in the available time period and for shorter durations than Plaintiff wanted. But dates were provided, some of which Plaintiff's counsel could not schedule based on other commitments.

Given the Court's review of the record on the motion, the Court finds insufficient cause to grant the request for hearing after the discovery cutoff. Plaintiff was not satisfied with defense counsel's proposals, but the fact is that dates were in fact provided. So from the beginning of the dispute in mid-May, Plaintiff was aware of the possible problem that might require Court intervention. But in fairness Plaintiff may have been hoping to resolve it as the cutoff date approached. But clearly by the beginning of June, however, there did not seem to be any compromise coming counsel's way, so the time to schedule the matter for an expedited hearing was at the beginning of June. That did not happen, and the discovery cutoff date came and went. Only then did counsel file the present motion.

In short, at this point the two additional depositions have not been completed. But the briefing on summary judgment is already underway, and the cutoff period has now passed. At this point it is late in the day to schedule another hearing or otherwise enter any further discovery relief. Nor can the Court sanction defense counsel because the record shows that dates were in fact provided. By that point, counsel had the strategic decision to make and take the depositions or let the Court resolve the dispute. Counsel decided to let the Court resolve the dispute. But counsel forgot that the Court will not

4

entertain discovery disputes after the cutoff date has passed absent good cause and exceptional circumstances. No such cause has been shown in the case.

Accordingly, the parties shall have to proceed with the discovery they have at this point. No further hearings will be entertained and no further discovery relief will be entered.

**DONE AND ORDERED** in Chambers at Miami, Florida this 21st day of August, 2024.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge