UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-CV-24299-MORENO/TORRES

MARIA ELENA CHAVEZ LETONA,

    Plaintiff,

vs.

AMOR DE JESUS, CORP.,
SWEET LIVING FACILITY INC.,
JOSE MACHADO,
ZELMIRA QUINONEZ, and
AMINTA QUINONEZ,

    Defendants.
_____/

# REPLY SUPPORTING
# PLAINTIFF'S MOTION IN LIMINE AND/OR TO EXCLUDE

Plaintiff seeks to streamline this case by obtaining a pretrial ruling that would eliminate irrelevant, unfairly prejudicial, and confusing issues to avoid a protracted trial involving the sideshow issues which Defendants request for this Court and the jury to endure. Although, prior to Plaintiff's filing of her Motion in Limine [ECF No. 77], Defendants' counsel represented to the undersigned that Defendants disputed all issues raised therein, Defendants now agree to the Court granting Plaintiff's motion as to the issues of attorney's fees, liquidated damages, and documents they did not produce in discovery. *See* ECF No. 79 at 2. Defendants contend they should be able to raise Plaintiff's immigration status, income tax returns, prior/subsequent employment, and personal beliefs regarding her status as an employee or independent contractor at trial, but without providing a cogent reason.

## I.  ARGUMENT

### (A)   *Plaintiff's Immigration Status*

Defendants seek to improperly inject the issue of Plaintiff's immigration status into this case, purportedly to address her "credibility" for which they cite *Espinoza v. Fly Low, Inc.*, 2018 WL 9458195, at *2 (S.D. Fla. June 8, 2018). "In so far as the FLSA is concerned, Plaintiff's immigration status is irrelevant." *Avila v. Weiss & Woolrich, Contractors, Inc.*, 2011 WL 13174713, at *2 (S.D. Fla. Sept. 27, 2011) (citing *Patel v. Quality Inn South*, 846 F.2d 700, 703-04 (11th Cir. 1986)); *accord Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1308 (11th Cir. 2013) (Immigration status is irrelevant to recovery under the FLSA.) Even if the Defendants could show that the issue was somehow relevant, "… any relevance of her immigration status is outweighed by it being unfairly prejudicial." *Wendel v. Int'l Real Estate. News, LLC*, 19-21658-CIV, 2020 WL 13421523, at *5 (S.D. Fla. June 29, 2020).

The law makes Defendants responsible for ensuring they only engage persons legally available for work. *See* 8 U.S.C. § 1324a. Defendants now contend that despite their legal requirement to determine who can and cannot legally work, they should be able to capitalize on their failings by further exploiting the Plaintiff's immigration status after exploiting her through gross underpayments. Defendants offered no evidence that Plaintiff worked under a false or someone else's social security number. *Compare Bautista Hernandez v. Tadala's Nursery, Inc.*, 34 F. Supp. 3d 1229, 1237 (S.D. Fla. 2014) (citing *Lamonica*, 711 F.3d at 1308). Consequently, this case involves a run-of-the-mill credibility determination for the jury, which routinely precludes introduction of Plaintiff's immigration status at trial.

**(B)**     *Whether Plaintiff Filed/Paid Income Taxes*

Next, Defendants improperly seek to introduce evidence regarding the issue about Plaintiff's filing and/or payment of income taxes into this lawsuit. Defendants do not argue that Plaintiff falsified or was convicted of any crime involving federal income taxes. *Compare Puerto v. Moreno*, 2021 WL 2716201, at *2 (S.D. Fla. July 1, 2021) (excluding failure to pay income tax issue to attach plaintiff's credibility because, "Here, the Court is not faced with a plaintiff who falsified tax returns or was convicted of tax fraud or tax evasion.")

Defendants did not produce in discovery any IRS Form 1099s they either issued to Plaintiff or submitted to the IRS identifying any payments to her. Likewise, Defendants did not produce in discovery (and so cannot introduce) any evidence or argument that they provided Plaintiff with a W-9, which the IRS describes as the "first step" in paying a nonemployee. (https://www.irs.gov/businesses/small-businesses-self-employed/forms-and-associated-taxes-for-independent-contractors.) Although the businesses must report nonemployee compensation to the IRS and to the nonemployees who receive compensation on a Form 1099-NEC, Defendants did neither. Consequently, Defendants violated 26 U.S.C. §6041A. Having violated federal law by not issuing Plaintiff a 1099-NEC, Defendants improperly invite a sideshow about filing tax returns or paying income taxes. The Court properly avoids going down this convoluted, unfairly prejudicial, and unnecessary time drain by excluding the issue from the trial altogether.

**(F)**     *Defendants' Claimed Inability To Pay And/Or Being Small Businesses*

Defendants improperly assert that their inability to pay and/or the size of their business is relevant for purposes of determining whether they were, in fact, Plaintiff's employer under the FLSA. As justification, Defendants argue that these subjects somehow relate to the "economic

realities" test for determining whether an individual should be classified as an employee or an independent contractor. However, they cite no legal authority in support of the proposition that the size of Defendants' business, or whether they have the money to pay Plaintiff (or her attorneys) are factors to be considered in this analysis.

The Eleventh Circuit has well defined the contours of the FLSA's economic realities test, requiring the analysis of various factors rooted in the common law doctrine of agency:

> This test calls for application of general principles of the law of agency to undisputed or established facts. Consideration of all of the circumstances surrounding the work relationship is essential, and no one factor is determinative. Nevertheless, the extent of the employer's right to control the "means and manner" of the worker's performance is the most important factor to review here, as it is at common law …. If an employer has the right to control and direct the work of an individual, not only as to the result to be achieved, but also as to the details by which that result is achieved, an employer/employee relationship is likely to exist.

*Cobb v. Sun Papers, Inc.*, 673 F.2d 337, 340 (11th Cir. 1982) (quoting *Spirides v. Reinhardt*, 613 F.2d 826, 831-32 (D.C.Cir.1979). Factors to be analyzed in reaching a determination of whether an individual is an employee under the economic realities test may include the following:

> (1) the nature and degree of the alleged employer's control as to the manner in which the work is to be performed;
>
> (2) the alleged employee's opportunity for profit or loss depending upon his managerial skill;
>
> (3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers;
>
> (4) whether the service rendered requires a special skill;
>
> (5) the degree of permanency and duration of the working relationship;
>
> (6) the extent to which the service rendered is an integral part of the alleged employer's business.

*Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1312 (11th Cir. 2013).

Plaintiff agrees that the economic realities test should be applied by a jury in this case to determine that she was an employee of Defendants. However, the size of Defendants' business operations and their inability to pay Plaintiff's wages—although "economic" in nature—are not factors recognized in the Eleventh Circuit to be considered in determining whether Plaintiff was an employee or independent contractor.

Moreover, as mentioned in Plaintiff's Motion in Limine [ECF No. 77], the FLSA's $500,000 threshold is inapplicable given that Defendants operate "an institution primarily engaged in the care of the sick, the aged, the mentally ill or defective who reside on the premises of such institution," thereby establishing enterprise coverage under 29 U.S.C. § 203(s)(1)(B). *See* ECF No. 77 at 11. Therefore, there is no relevant purpose or probative value of introducing evidence of Defendants' size/financial status. Defendants' presentation of evidence that they are a small, family-owned business which cannot afford to pay Plaintiff will serve no purpose other than to unnecessarily elicit sympathy from a jury, causing undue prejudice to Plaintiff. Accordingly, the Court properly excludes any evidence, argument, inference, or reference to these issues at trial.

**(G)** ***Whether Plaintiff Worked As An Employee Or Independent Contractor In Prior And/Or Subsequent Employment***

Defendants erroneously argue that Plaintiff's work for prior and subsequent employers bears relevance to her employment status with Defendants. In an analogous situation, the Fourth Circuit found that private security guards were employees (and not independent contractors), by ignoring the employment classification of other employers: "[a]lthough control is an important part of the *Silk* test, the issue is not the degree of control that an alleged employer has over the manner in which the work is performed in comparison to that of *another employer*. Rather, it is the degree of control that the alleged employer has in comparison to the control exerted by the *worker*."

*Schultz v. Cap. Int'l Sec., Inc.*, 466 F.3d 298, 305 (4th Cir. 2006) (emphasis in original); *Buttita v. DIRECTV LLC*, 2017 WL 10456972, at *23 (N.D. Fla. Sept. 28, 2017) (citing *Schultz* for the same proposition). The *Schultz* Court makes clear that work performed for another employer is irrelevant to the analysis of whether the Plaintiff in this case operated as an employee or independent contractor for the Defendants.

In the Eleventh Circuit, courts focus on a number of factors, but none of those factors involve whether the plaintiff worked as an employee or independent contractor before or afterwards. *See Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308 (11th Cir. 2013) (discussing the "economic realities" test and the significance of the economic dependence factor); *Helm v. J.H. Gatewood Emergency Services, P.A.*, 2012 WL 2793134, at *3 (M.D. Fla. July 9, 2012) (setting forth twelve factors for distinguishing between employees and independent contractors, including, inter alia, "[t]he extent of the employer's right to control the 'means and manner" of the worker's performance") (*citing Cobb*, 673 F.2d at 340).

None of the factors to be considered in the "economic realities" test nor any of the considerations identified in Eleventh Circuit Pattern Jury Instruction 4.24 involve whether Plaintiff previously or subsequently was classified/paid as an independent contractor or as an employee. Thus, evidence of prior or subsequent employment classification is irrelevant and is properly excluded on this basis. Rule 403 of the Federal Rules of Evidence dictates that the Court should exclude relevant evidence (argument, inference, or reference) when the potential probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Defendants seek to introduce evidence of Plaintiff's prior and subsequent work history to improperly argue that she knew that she was an independent contractor while working with them, which would mislead the jury into thinking that Plaintiff performed work in the same manner at her prior and subsequent places of employment as she did for Defendants. This misleading evidence would then require an extensive analysis of the economic realities not just for her work with the Defendants but also for Plaintiff's prior and subsequent employment, which would inevitably lead to undue delay at trial (by requiring mini-trials to determine if the Plaintiff was an independent contractor or employee at her prior and subsequent places of employment).

Ultimately, if Defendants were permitted to introduce this evidence, Plaintiff would suffer considerable prejudice, as she would have to litigate the "economic realities" test not only for her work relationship with the Defendants but also for each of her work relationships with other (prior and subsequent) employers—only to prove that these work relationships involved distinct facts, separate considerations, did not play a role in the economic realities test, and lacked the probative value that the Defendants improperly and incorrectly suggest they do. *See Cont'l Ins. Co. v. Roberts*, 2008 WL 11336252, at *3; *In Hart v. RCI Hosp. Holdings, Inc.*, 90 F. Supp. 3d 250, 279–81 (S.D.N.Y. 2015) (where in the face of a strong argument as to the evidentiary value of these other contracts as to the question of whether the plaintiff dancers were, in fact, employees, the court prohibited the admission of the other employment contracts because they were not the actual agreements at issue in the lawsuit and involved other employment relationships decidedly outside its ambit).

Evidence of prior or subsequent work agreements will mislead the jury to place weight on these unrelated working arrangements should the jury be charged with evaluating Plaintiff's independent contractor status. *See Daughtrey v. Honeywell, Inc.*, 3 F.3d 1488, 1492 (11th Cir. 1993)

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

("[w]hile the characterization of the hired party as an independent contractor or employee may be probative of the parties' intent, 'all of the incidents of the relationship must be assessed and weighed with no one factor being decisive'") (citation omitted).

Allowing Defendants to elicit testimony about or otherwise make specific references to Plaintiff's status as an independent contractor in positions that she held before or after she worked for Defendants will unfairly deflect the jury's attention away from the fact-intensive questions it must resolve about Plaintiff's work relationship with Defendants, and it will also prejudice Plaintiff by forcing her to litigate not only to the character of her work relationship with the Defendants but also the character of the other work relationships that Plaintiff has had before and after. The Court should exclude this evidence and avoid forcing Plaintiff to conduct a trial within the trial about the nature of her pre- and post-termination jobs, and grant Plaintiff's motion in limine accordingly. *See Cont'l Ins. Co. v. Roberts*, 2008 WL 11336252, at *3 (granting a motion in limine because the court would otherwise have to admit "considerable and collateral evidence" and doing so would result "in a trial within a trial on matters wholly unrelated to the true issues before the jury").

In light of the above, Plaintiff requests that the Court enter an Order *in limine* to prevent any evidence, argument, or inferences at trial regarding the nature/classification of her work as an independent contractor or employee before or after she worked for the Defendants as irrelevant, more prejudicial than probative, and confusing to the jury.

### (H)   *Whether Plaintiff Thought She Was An Employee Or Independent Contractor*

For evidence to be admissible at trial, it must be relevant. *See* Fed. R. Evid. 401, 402. Plaintiff anticipates that Defendants will attempt to elicit testimony during trial as to Plaintiff's subjective belief whether she was classified as an employee or independent contractor. Defendants

should be precluded from asking these questions at trial or eliciting any testimony that asks Plaintiff her mental impressions about whether (she thought) she was an independent contractor. *Stevenson v. Great Am. Dream, Inc.*, 2013 WL 6880921, at *5 (N.D. Ga. Dec. 31, 2013) ("the Plaintiffs' subjective belief is not a relevant consideration.")

> Whether the parties intended to create an employment relationship is irrelevant to whether Plaintiff was dependent on Wacko's. *See Donovan v. New Floridian Hotel, Inc.*, 676 F.2d 468, 470-71 (11th Cir. 1982). Likewise, "[w]here the work done, in its essence, follows the usual path of an employee, putting on an 'independent contractor' label does not take the worker from the protection of the [FLSA]." *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 729 (1947).

*Santeiro v. Wacko's Too, Inc.*, 2019 WL 12524552, at *3 (M.D. Fla. Aug. 22, 2019).

Plaintiff's testimony about her state of mind (as an independent contractor or employee) would be irrelevant because it does not tend to prove or disprove employment if the Plaintiff thought she was an independent contractor, whether she requested benefits typically afforded to employees, whether she filed taxes as an independent contractor based on the 1099s issued to her by Defendants, or whether she claimed deductions as a 1099 worker. *See Harrell v. Diamond A Ent., Inc.*, 992 F. Supp. 1343, 1353 (M.D. Fla. 1997) (court declined to consider the "intent of the parties," the "way in which the parties characterize themselves for tax purposes," or "the extent to which the putative employer provided employment benefits" when ruling on Defendant's motion for partial summary judgment to determine whether Plaintiff was an independent contractor or employee because the label attached to the employment relationship is not dispositive of the economic reality of the relationship); *Gordilis v. Ocean Drive Limousines, Inc.*, No. 12-cv-24358-JLK, 2014 U.S. Dist. LEXIS 72483, at *8 (S.D. Fla. May 28, 2014) ("District courts have found that the label workers used with respect to the IRS is irrelevant in considering whether the person was an independent contractor."); *Clincy v. Galardi S. Enterprises, Inc.*, 808 F. Supp. 2d 1326, 1349 (N.D. Ga.

2011) (finding Plaintiffs to be employees even though they elected to be treated as independent contractors and held themselves out to the IRS as independent contractors); *Baker v. Barnard Const. Co. Inc.*, 860 F. Supp. 766, 772 (D.N.M. 1994), aff'd sub nom. *Baker v. Flint Eng'g & Const. Co.*, 137 F.3d 1436 (10th Cir. 1998) ("The Court also finds the fact that the Plaintiffs knew they were treated as independent contractors, and the fact they listed themselves as such on their tax forms, to be of little, if any, relevance.").

The cases cited in the preceding paragraph confirm that an employee's mental state or whether they thought or considered herself as an independent contractor, or even taking actions in furtherance of being an independent contractor would not tend to prove or disprove her status as an employee under the FLSA. The only relevant analysis is "whether the individual is or is not, as a matter of economic fact, in business for himself." *Donovan v. Tehco, Inc.*, 642 F.2d 141, 143 (5th Cir. 1981).

As discussed above, Eleventh Circuit courts weigh several factors in determining the "economic reality" of an employment relationship. *Scantland*, 721 F.3d at 1311-12. Many courts within the Circuit have already determined that factors relating to an individual's mental state of being an independent contractor are not relevant to the economic dependence analysis. *See Gordilis* 2014 U.S. Dist. LEXIS 72483, at *9 ("The factors governing 'economically dependent' do not ponder personal tax returns. Moreover, it is entirely possible Plaintiffs were simply wrong in their preparation of their tax returns. Accordingly, Plaintiffs' tax returns do not create a genuine issue of material fact and Defendants did not meet their burden of showing a such a dispute. Thus, summary judgment must be entered to find that Defendants were Plaintiffs' FLSA employers.); *Harrell v. Diamond A Ent., Inc.* at 1353 ("Defendant cites no case which considers [characterization

for tax purposes and the provisions of employee benefits] in the context of the broad 'suffer or permit to work' definition of employment contained in the FLSA.").

The Plaintiff comes before this Court, represented by counsel, because she (personally) lacks the legal foundation to provide an opinion on whether she was an "independent contractor" or an employee of the Defendants. There is no evidence in the record that she has any legal training or that she knew any of the factors that go into the Court's determination that she is was an employee of the Defendants. Furthermore, Rule 403 of the Federal Rules of Evidence dictates that the Court should exclude relevant evidence (argument, inference, or reference) when the potential probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

If this Court finds evidence of whether the Plaintiff thought she was an independent contractor relevant, whether she asked questions of Defendants' owner or supervisory personnel to gauge her employment status, or whether she filed tax returns to be relevant in any way, then that evidence would still run afoul of Rule 403. Any evidence related to these issues would confuse the issues in this case and mislead the jury about the factors relevant to the economic realities test, since the main considerations for the fact finder involve whether the Plaintiff was economically dependent on the Defendants, not her understanding of an independent contractor relationship.

In light of the above, Plaintiff requests that the Court enter an Order *in limine* to prevent any evidence, argument, or inferences at trial regarding her mental state (whether she thought she was) as an independent contractor as irrelevant, unduly prejudicial, confusing to the jury, and lacking the appropriate foundation.

WHEREFORE Plaintiff, Maria Elena Chavez Letona, requests that the Court enter an Order *in limine* in accordance with the foregoing motion.

Respectfully submitted this 21st day of August 2024.

s/ Patrick Brooks LaRou, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Patrick Brooks LaRou, Esq. (1039018)
brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiff*
