UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-CV-24299-MORENO/TORRES

MARIA ELENA CHAVEZ LETONA,

    Plaintiff,

vs.

AMOR DE JESUS, CORP.,
SWEET LIVING FACILITY INC.,
JOSE MACHADO,
ZELMIRA QUINONEZ, AND
AMINTA QUINONEZ,

    Defendants.
_____/

### PLAINTIFF'S MOTION FOR RECONSIDERATION OF MOTION FOR EXTENSION OF PRETRIAL DEADLINES

Plaintiff, Maria Elena Chavez Letona, through her undersigned counsel and pursuant to based upon Fed. R. Civ. P. 54(b), 59(e), 60(a) and (b), Local Rule 7.1, and other applicable Rules and laws, requests that the Court reconsider its Order denying her Motion for Extension of Pretrial Deadlines based on the following good cause:

### I. INTRODUCTION

The Court's Order entered earlier today denied the relief requested by Plaintiff, reasoning that the parties should proceed under "the assumption that all pending motions will be denied." [ECF No. 84.] The Court misunderstood the relief request and so denied it. Plaintiff asked the Court to modify the existing pre-trial deadlines to be commensurate with the new trial period. The proposed deadlines will have the parties submit their pre-trial materials on dates that would be,

relatively speaking, earlier than the prior deadlines. Accordingly, Ms. Chavez Letona asks the Court to reconsider its denial.

## II. THE LAW

Rule 54(b) of the Federal Rules of Civil Procedure provides in pertinent part that, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

A Fed. R. Civ. P 59(e) motion for reconsideration is appropriate when the Court has misunderstood a party. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185 (7th Cir. 1990). "Under Rule 59(e) the court may reconsider issues before it, and generally may examine the correctness of the judgment itself. However, while a Rule 59(e) motion is a proper procedure for bringing to the court's attention legal errors in the proceedings, relief is not appropriate if the issue was not properly raised during the proceedings." *U.S. ex rel. Bidani v. Lewis*, 97 C 6502, 2001 WL 747524, at *2 (N.D. Ill. 2001).

Under Fed. R. Civ. P. 60(a) on motion and just terms, "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Rule 60(b)(1) and (6), in turn, permits the Court to reconsider its prior Order if based upon "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief."

## III. BASIS FOR RECONSIDERATION

1. The Court misunderstood or failed to consider the nature of Plaintiff's request, thereby providing a basis for reconsideration under Fed. R. Civ. P. 54(b), 59(e), 60(a) and (b).

2. Plaintiff did not ask to extend the deadlines until after the Court ruled, only to make them

3. The initial Scheduling Order required the parties to submit the following in advance of the two-week trial period beginning August 26, 2024:

   a. Plaintiff's Witness and Exhibit Lists due August 7, 2024 (**19 days before**);

   b. Defendants' Witness and Exhibit Lists due August 9, 2024 (**17 days before**);; and

   c. Joint Pretrial Stipulation due August 13, 2024 (**13 days before**).

[ECF No. 21.]

4. In continuing the trial of this case to the two-week trial period commencing on October 7, 2024, the Court extended the pre-trial deadlines (by forty-five (45) days), resulting in the following pre-trial deadlines being imposed:

   a. Plaintiff's Witness and Exhibit Lists due September 21, 2024 (**16 days before**);

   b. Defendants' Witness and Exhibit Lists due September 23, 2024 (**14 days before**); and

   c. Joint Pretrial Stipulations due September 27, 2024 (**10 days before**).

[ECF No. 55.]

5. S*ua sponte*, the court entered its Order Continuing Trial to the two-week trial period beginning on January 13, 2025. [ECF No. 82]

6. Plaintiff requested the Court to modify the current pre-trial deadlines (as identified in ¶3) to be adjusted for the current trial period beginning January 13, 2025, as follows:

    a. Plaintiff's Witness and Exhibit Lists due December 18, 2024;

    b. Defendants' Witness and Exhibit Lists due December 20, 2024; and

    c. Joint Pretrial Stipulations due January 3, 2025.

[ECF No. 83.]

7. In denying the extension, the Court apparently misapprehended the nature of the request, by indicating that the parties should proceed under "the assumption that all pending motions will be denied." [ECF No. 84.]

8. But, Plaintiff did not ask for the Court to grant any relief *as if* it had granted any motion or other relief requested by a party – only to extend the deadlines so they would relate to the new trial period.

9. If the Court were to extend the deadlines for the parties to submit the pre-trial materials, as Plaintiff requested [ECF No. 83], the parties would file their pre-trial documents *earlier* than the deadlines imposed for prior trial periods:

    a. Plaintiff's Witness and Exhibit Lists due December 18, 2024 (**26 days before** as compared to 16 or 19 days before);

    b. Defendants' Witness and Exhibit Lists due December 20, 2024 (**24 days before** as compared to 14 or 17 days before); and

    c. Joint Pretrial Stipulations due January 3, 2025 (**10 days before** as compared to 13 or 10 days before).

10. Pursuant to Fed. R. Civ. P. 6(b)(1) "When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."

11. It follows that this Court has the power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *also see Clinton v. Jones*, 520 U.S. 681, 706-707 (1997).

### III. CONCLUSION

12. Accordingly, Plaintiff requests that the Court reconsider its denial and extend the Pretrial Deadlines as follows:

   a. Plaintiff's Witness and Exhibit Lists due December 18, 2024;

   b. Defendants' Witness and Exhibit Lists due December 20, 2024; and

   c. Pretrial Stipulations due January 3, 2024.

WHEREFORE, Plaintiff Maria Elena Chavez Letona respectfully requests that the Court reconsider its denial of the relief requested and to modify the pre-trial deadlines per the above.

## **LOCAL RULE 7.1 CERTIFICATION**

I HEREBY CERTIFY that, prior to filing this motion, the undersigned has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues raised herein, and that Defendants oppose the relief requested above.

Respectfully submitted this 24th day of September 2024.

                                                s/ Brian H. Pollock, Esq.
                                                Brian H. Pollock, Esq. (174742)
                                                brian@fairlawattorney.com
                                                Patrick Brooks LaRou, Esq. (1039018)
                                                brooks@fairlawattorney.com
                                                FAIRLAW FIRM
                                                135 San Lorenzo Avenue, Suite 770
                                                Coral Gables, Florida 33146
                                                Telephone: (305) 230-4884
                                                *Counsel for Plaintiff*