UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-CV-24299-MORENO/TORRES

MARIA ELENA CHAVEZ LETONA,

    Plaintiff,

vs.

AMOR DE JESUS CORP., SWEET
LIVING FACILITY, INC.,
JOSE MACHADO,
ZELMIRA QUINONEZ, and
AMINTA QUINONEZ,

    Defendants.
_____/

## JOINT PRETRIAL STIPULATION

Plaintiff, Maria Elena Chavez Letona, and Defendants, Amor De Jesus Corp., Sweet Living Facility, Inc., Jose Machado, Zelmira Quinonez, and Aminta Quinonez, through their respective counsel, file their Joint Pretrial Stipulation pursuant to Local Rule 16.1.E, as follows:

1.    STATEMENT OF THE CASE:

*Plaintiff's Statement of the Case*

Plaintiff, Maria Elena Chavez Letona ("Ms. Chavez Letona"), worked as a health assistant for Defendants in their Assisted Living Facilities located in Miami-Dade County, where she provided caretaking services for the facilities' sick, aged, and/or mentally ill residents. Ms. Chavez Letona's job duties included washing residents' clothing, bathing residents, cooking, and preparing food, and documenting their activities in a log book. Ms. Chavez Letona estimates that she typically worked about ninety (90) hours a week for the Defendants. Ms. Chavez Letona claims that Defendants misclassified her as an independent contractor instead of classifying and paying her as an employee. She further claims that as a result of their not classifying or paying her as an employee, Defendants

failed to pay her at least a minimum wage for the hours she worked for them or overtime wages for the hours she claims to have worked for them over forty (40) a week. Although Defendants scheduled Ms. Chavez Letona to work and told her what to do and in what order, including documenting the medications she provided, the date, and time of each given to those living at their assisted living facilities, Defendants did not retain those log books.

*Defendants' Statement of the Case*

Plaintiff, Maria Elena Chavez Letona ("Ms. Chavez Letona"), worked as a caretaker for Defendants in their Assisted Living Facilities, Amor de Jesus Corp and Sweet Living Facility, Inc., located in Miami-Dade County, where she provided caretaking services for the facilities' sick, aged, and/or mentally ill residents. The tasks performed by Ms. Chavez Letona included preparing and serving food, cleaning and picking up, and assisting residents with their hygiene needs. Defendants claim Ms. Chavez Letona worked approximately ten to twenty (10-20) hours a week for them and did not work a fixed schedule, only working on a needs and ability basis. Defendants do not have any records or documentation indicating the time and days Plaintiff worked. Defendants contend they determined her work hours by visually and with the clock and further contend that Ms. Chavez Letona was paid minimum wage and was paid for all hours worked.

2. <u>BASIS FOR FEDERAL JURISDICTION:</u>

Federal jurisdiction in this matter is premised on 29 U.S.C. § 216(b) and 28 U.S.C. §§1331 and 1367.

3. <u>PLEADINGS RAISING THE ISSUES:</u>

    a. Plaintiff's Complaint [ECF No. 1]; and

    b. Defendants' Answer and Defenses [ECF No. 19].

4. <u>UNDISPOSED OF MOTIONS AND OTHER MATTERS REQUIRING ACTION BY THE COURT:</u>

   a. Defendant Jose Machado's Motion for Summary Judgment [ECF No. 60];

   c. Plaintiff's Motion in Limine and/or to Exclude [ECF No. 77]; and

   d. Plaintiff's Motion for Sanctions Based on Defendants' Spoliation of Evidence [ECF No. 78].

5. <u>STATEMENT OF UNCONTESTED FACTS WHICH SHOULD REQUIRE NO PROOF AT TRIAL:</u>

   *Maria Elena Chavez Letona*

   a. Plaintiff performed work at the assisted living facilities owned by Amor de Jesus, Corp. and Sweet Living Facility, Inc.

   b. Plaintiff performed work for the persons residing at the assisted living facility owned by Sweet Living Facility, Inc.

   *Amor de Jesus, Corp.*

   c. Jose Machado has been the director, president, secretary, and registered agent of Amor de Jesus, Corp. since 2012.

   d. Amor de Jesus, Corp. has been licensed by the State of Florida to operate an assisted living facility with limited mental health qualifications at all times material to this case.

   e. Amor de Jesus, Corp. operates an assisted living located at 14283 S.W. 177th Street, Miami, Florida 33177.

   f. Aminta Quinonez is the Administrator for Amor de Jesus, Corp.

   g. Jose Machado and Aminta Quinonez are husband and wife.

   h. Persons over 70 have resided at Amor de Jesus, Corp.'s assisted living facility since 2020.

i. Persons over 80 have resided at Amor de Jesus, Corp.'s assisted living facility since 2020.

j. Amor de Jesus, Corp. is an assisted living facility where elderly persons resided during the times relevant to this case.

k. Ms. Chavez Letona worked at Amor de Jesus, Corp.'s assisted living facility.

l. Amor de Jesus, Inc. has no records of the days Ms. Chavez Letona worked at its assisted living facility.

m. Amor de Jesus, Inc. has no records identifying the hours that Ms. Chavez Letona worked at its assisted living facility.

*Sweet Living Facility, Inc.*

n. Zelmira Quinonez is the mother of Aminta Quinonez.

o. Zelmira Quinonez is the incorporator and has been an officer and director of Defendant Sweet Living Facility, Inc. since 2004.

p. Zelmira Quinonez is the Administrator for Sweet Living Facility, Inc.

q. Zelmira Quinonez was responsible for hiring persons to work for Sweet Living Facility, Inc.

r. Zelmira Quinonez exercised managerial and/or supervisory control over Ms. Chavez Letona in her work at Sweet Living Facility, Inc.

s. Zelmira Quinonez signed the lease agreement, vendor agreement, and utilities (such as water and electric) agreements for Sweet Living Facilities, Inc.

t. Zelmira Quinonez was responsible for hiring, firing, and paying Ms. Chavez Letona.

u. Sweet Living Facility Inc. has been licensed by the State of Florida to operate an assisted living facility with limited mental health qualifications at all times material to this case.

    v.    Sweet Living Facility, Inc. operates an assisted living facility at 15505 S.W. 16th Lane, Miami, Florida 33185.

    w.    Persons over 70 have resided at Sweet Living Facility, Inc.'s assisted living facility since 2020.

    x.    Persons over 80 have resided at Sweet Living Facility, Inc.'s assisted living facility since 2020.

    y.    Sweet Living Facility, Inc. is an assisted living facility where elderly persons resided during the times relevant to this case

    z.    Sweet Living Facility, Inc. has no records of the days Ms. Chavez Letona worked at its assisted living facility.

    aa.    Sweet Living Facility, Inc. has no records identifying the hours Ms. Chavez Letona worked at its assisted living facility.

    bb.    Throughout the time that Ms. Chavez Letona performed work for Amor De Jesus Corp. and Sweet Living Facility, Inc. between 2020 and August 8, 2023, she was paid at least $80.00 per day.

*Florida Minimum Wage*

    cc.    Under the Florida Minimum Wage Act and Article X, §24 of the Florida Constitution, the applicable minimum wage for eligible employees was:

        i.    $8.56 per hour from January 1, 2020 to December 31, 2020;

        ii.    $8.65 per hour from January 1, 2021 to September 29, 2021;

        iii.    $10.00 per hour from September 30, 2021 to September 29, 2022; and

        iv.    $11.00 per hour from September 30, 2022 to September 29, 2023.

6.    <u>STATEMENT OF THE ISSUES OF FACT TO BE LITIGATED AT TRIAL:</u>

    a.    Whether Amor De Jesus Corp. was Plaintiff's "employer" under the FLSA.

    b.    Whether Sweet Living Facility, Inc. was Plaintiff's "employer" under the FLSA.

    c.    Whether Jose Machado was Plaintiff's "employer" under the FLSA.

    d.    Whether Aminta Quinonez Plaintiff's "employer" under the FLSA.

    e.    Whether Zelmira Quinonez was Plaintiff's "employer" under the FLSA.

    f.    Whether Amor de Jesus Corp., Sweet Living Facility, Inc., Jose Machado, Aminta Quinonez, and Zelmira Quinonez were "joint employers" or "co-employers" under the FLSA.

    g.    The days that Plaintiff worked for Defendants.

    h.    The number of hours that Plaintiff worked for Defendants.

    i.    The hours per week that Plaintiff worked for Defendants.

    j.    If Plaintiff was an "employee" of one or more Defendants, whether each knew or reasonably should have known of the hours that Plaintiff worked.

    k.    If Plaintiff was an "employee" of one or more Defendants, the minimum wages owed to her from each.

    l.    Whether Plaintiff worked more than 40 hours for one or more workweeks for Defendants.

    m.    If Plaintiff was an "employee" of one or more Defendants, the overtime wages owed to by each.

    n.    If Plaintiff was an employee of one or more of the Defendants, whether each such employer willfully violated the FLSA so as to impose a three-year limitations period.

7.    <u>STATEMENT OF THE ISSUES OF LAW ON WHICH THERE IS AGREEMENT:</u>

    a.    There will be no evidence, argument, or inferences at trial to attorneys' fees.

    b.    There will be no evidence, argument, or inferences at trial to liquidated damages.

  c. There will be no evidence, argument, or inferences at trial about documents not timely disclosed/produced in discovery.

  d. Plaintiff engaged in interstate commerce by working as a "Home Health Aide" as defined by 29 U.S.C. §202 and 29 C.F.R. §552.3 for Amor de Jesus, Corp. and Sweet Living Facility, Inc. (but Defendants do not admit that they "employed" her).

  e. The overtime wage required under the FLSA is one and one-half the applicable Florida minimum wage.

8. <u>ISSUES OF LAW REMAINING FOR DETERMINATION BY THE COURT:</u>

  a. The disputed issues identified in Defendant Jose Machado's Motion for Summary Judgment [ECF No. 60].

  b. The disputed issues identified in Plaintiffs' Motion in Limine [ECF No. 77].

  c. The disputed issues identified in Plaintiff's Motion for Sanctions Based on Defendants' Spoliation of Evidence [ECF No. 78].

  d. If Plaintiff prevails at trial on her FLSA minimum wage and/or overtime claim(s), whether the Court should award her liquidated damages and the amount.

9. <u>TRIAL EXHIBITS AND WITNESSES:</u>

  a. <u>For Plaintiff</u>.

   Plaintiff's Witness List is appended hereto as "Exhibit A".

   Plaintiff's Exhibit List is appended hereto as "Exhibit B".

  b. <u>For Defendants</u>.

   Defendants' Witness List is appended hereto as "Exhibit C".

   Defendants' Exhibit List is appended hereto as "Exhibit D".

10. <u>PRETRIAL STIPULATION</u>:

    a.    The parties stipulate that during the trial of the case, including during voir dire, there will be no evidence or argument regarding:

        i.    Attorneys' fees;

        ii.    Liquidated damages; and

        iii.    Documents not timely disclosed/produced in discovery.

    b.    The parties stipulate that Defendants paid Plaintiff a daily rate of at least $80.00 for the work she performed between 2020 and August 8, 2023.

11. **ESTIMATED TRIAL TIME**:

The parties estimate that trial may take 3-4 days.

12. **EXPERT WITNESSES**:

Neither party disclosed any expert witnesses.

13. **ATTORNEY'S FEES**:

    A.    *Plaintiff.*

Plaintiff anticipates incurring over $100,000 in attorneys' fees and costs through trial and pre-trial motions.

Respectfully submitted this 30th day of October 2024.

| | |
|---|---|
| s/ Patrick Brooks LaRou | s/ Emmanuel Perez |
| Brian H. Pollock, Esq. (174742) | Emmanuel Perez, Esq. (586552) |
| brian@fairlawattorney.com | perez@lawperez.com |
| Patrick Brooks LaRou, Esq. (1039018) | LAW OFFICE OF EMMANUEL PEREZ |
| brooks@fairlawattorney.com | & ASSOCIATES, P.A. |
| FAIRLAW FIRM | 901 Ponce De Leon Boulevard, Suite 101 |
| 135 San Lorenzo Avenue, Suite 770 | Coral Gables, Florida 33134 |
| Coral Gables, Florida 33156 | Telephone: (305) 442-7443 |
| Telephone: (305) 230-4884 | *Counsel for Defendants* |
| *Counsel for Plaintiff* | |