UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-CV-24299-MORENO/TORRES

MARIA ELENA CHAVEZ LETONA,

    Plaintiff,

vs.

AMOR DE JESUS, CORP.,
SWEET LIVING FACILITY INC.,
JOSE MACHADO,
ZELMIRA QUINONEZ, AND
AMINTA QUINONEZ,

    Defendants.
_____/

## JOINT MOTION FOR SETTLEMENT APPROVAL AND DISMISSAL WITH PREJUDICE

Plaintiff, Maria Elena Chavez Letona ("Plaintiff"), and Defendants, Amor De Jesus, Corp., Sweet Living Facility Inc., Jose Machado, Zelmira Quinonez, and Aminta Quinonez ("Defendants"), (collectively, the "Parties") hereby file this Joint Motion to Approve Settlement and Dismissal with Prejudice, and state as follows:

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed this lawsuit against the Defendants to recover unpaid minimum wages under the Fair Labor Standards Act ("FLSA") and Florida Minimum Wage Act ("FMWA") at Counts I and II of the Complaint, and unpaid overtime wages under the FLSA at Count III. The Parties have exchanged certain information regarding Plaintiff's alleged hours worked, Defendants' denial of the same, the corporate Defendants' lack of assets, and the individual Defendants' intent to declare bankruptcy.

The Parties have negotiated a settlement agreement with no admission of liability (the "Settlement Agreement"), a copy of which is attached hereto as Exhibit "A." The Parties respectfully request the Court's review and approval of the Settlement Agreement pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), and this Court's Order Requiring Parties to File Stipulation of Dismissal and Terms of Settlement Agreement for Court Approval [ECF No. 93].

Pursuant to the Parties' Settlement Agreement, the Parties agreed to a compromised resolution of this matter in order to avoid the uncertainties of continued litigation, and due to the possibility that Plaintiff may recover nothing from Defendants due to the corporate Defendants' lack of assets and the individual Defendants' purported declaration of bankruptcy, by Defendants paying $25,000.00 over 15 months. The Plaintiff will receive a gross total of $10,741.10, and her counsel will receive $14,258.90 for attorneys' fees and costs.

The Court's approval of the settlement is to determine whether the resolution of Plaintiff's claims against Defendant involves a compromise and, if so, whether it is fair and reasonable. Under the circumstances presented, given that Plaintiff may recover nothing from Defendants in light of Defendants' financial hardship, and based on the Parties' dispute as to the number of hours worked by Plaintiff, the Court properly determines that the settlement is reasonable and approves it as such.

## MEMORANDUM OF LAW

FLSA claims may be settled, compromised, or released by an employee upon judicial approval of disputed claims on terms that are fair and reasonable:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable

compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350, 1353-54 (11th Cir. 1982).

There are two types of FLSA settlements: those in which claims are compromised and those in which they are paid in full. Here, although the Plaintiff has agreed to a compromised settlement of her claims, this agreement is in her best interest so as to avoid the uncertainties of continued litigation—including the possibility that Plaintiff may recover nothing from Defendants if required to proceed with trial in this case.

### The Settlement Is Fair And Reasonable Under The Compromise Analysis.

Herein, the Parties stipulate that the agreed upon settlement constitutes a fair and reasonable settlement of Plaintiff's claims. She is receiving $25,000.00 over 15 months, inclusive of attorney's fees and costs. Plaintiff will receive the total net amount of $10,741.10, which includes $5,370.55 in unpaid wages, plus liquidated damages of $5,370.55. The attorney's fees include $14,258.90 in time and expenses attributable to her claims, although Plaintiff's counsel has expended approximately $83,636.80 of time in attorneys' fees and $4,258.90 in connection with prosecuting this case.

In determining whether a settlement is "fair, adequate and reasonable and is not the product of collusion between the parties," *Cotton v. Hinton*, 559 F.2d 1236, 1330 (5th Cir. 1977), Courts are to consider the following factors

(1) the existence of fraud or collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of the plaintiffs' success on the merits;
(5) the range of possible recovery; and
(6) the opinions of counsel.

*Morgan v. Public Storage*, 301 F.Supp.3d 1237 (11th Cir. 2016).

    (1)    *There Was No Fraud or Collusion.*

In this case, there was no fraud or collusion, as all Parties were represented by counsel experienced in FLSA claims.

(2) *The Complexity, Expense, and Length of Litigation Support Early Resolution.*

The complexity, expense, and length of litigation weigh heavily in favor of settlement in this case. The cost of protracted litigation, which would be required for both sides to pursue their claims and defenses and obtain a final judgment on the merits, would be exceedingly high and exceed any damages Plaintiff could hope to recover in this action. Plus, protracted litigation would have likely resulted in Defendants not having the resources or means to satisfy Plaintiff's claims. The proposed settlement minimizes these expenses, preserving the Court's and each Party's resources.

(3) *The Parties Resolved this Case at the Appropriate Stage.*

Before resolving this case, the Parties exchanged sufficient information to consult with their counsel and decide whether to continue litigating or resolve it. Counsel for the Parties discussed the merits of this case several times, and based on those discussions and consultations with their respective clients, the Parties decided to resolve this matter.

(4) *The Probability of Success on the Merits Supports Settlement.*

The Parties disagree about the merits of the Plaintiff's claim(s) and the applicable defenses, making protracted litigation inevitable if the settlement is not approved. Accordingly, the Plaintiff's probability of success on the merits and the uncertainty that he would be any amount—let alone an amount greater than what the settlement provides—further support the validity, reasonableness, and fairness of the settlement at issue.

(5) *The Range of Possible Recovery Supports Approval.*

The Parties' settlement takes into account the validity of the Plaintiff's claims, the Defendants' defenses, and the length of time it would take for the Plaintiff to actually recover a final judgment against the Defendants. The Parties considered that the individual Defendants intend to

declare bankruptcy, which would result in a stay of proceedings as to those Defendants, and that the corporate Defendants lack sufficient assets to fully satisfy the damages claimed in this lawsuit.

(6) *Counsel Agree That The Settlement Is Fair.*

Considering the facts of this case, including the time worked, the amount claimed, what the records reflect, as well as the potential defenses involved, the Parties agree that their proposed settlement reflected in Exhibit "A" represents a fair and reasonable compromise of Plaintiff's claims. Plaintiff's counsel's fees are reasonable given the time expended, the rates of Plaintiff's counsel, and the potential for protracted litigation. Plaintiff's counsel actually compromised the attorneys' fees incurred in order to resolve this case at this juncture.

Given that the settlement is fair and reasonable on its face, the Parties respectfully request that the Court approve the Settlement Agreement and dismiss Plaintiff's action with prejudice, with each party to bear his/her/its own costs, fees and expenses (except as otherwise set forth in the Parties' Settlement Agreement). The Parties further stipulate to the dismissal with prejudice of this action upon approval by the Court of the Settlement Agreement and upon further condition that the Court retain jurisdiction over this matter for a period of 16 months to enforce the Parties' Settlement Agreement based on the installment payment plan to which the Parties agreed.

Respectfully submitted this 13th day of January, 2025.

| | |
|---|---|
| s/ Patrick Brooks LaRou | s/ |
| Brian H. Pollock, Esq. (174742) | Emmanuel Perez, Esq. (949329) |
| brian@fairlawattorney.com | perez@lawperez.com |
| Patrick Brooks LaRou, Esq. (1039018) | EMMANUEL PEREZ & ASSOCIATES, P.A. |
| brooks@fairlawattorney.com | 901 Ponce De Leon Boulevard, Suite 101 |
| FAIRLAW FIRM | Coral Gables, Florida 33134 |
| 135 San Lorenzo Avenue, Suite 770 | Telephone: (305) 442-7443 |

Coral Gables, Florida 33146  
Telephone: (305) 230-4884  
*Counsel for Plaintiff*

*Counsel for Defendants*